**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

SOUTHERN DISTRICT OF TEXAS

Case number *(if known)* _____   Chapter ___11___

☐ Check if this an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

02/20

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | Permico Midstream Partners Holdings, LLC |
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 20-6966374 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 9301 Southwest Freeway, Suite 308 Houston, TX 77074 | |
| Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| Harris | **Location of principal assets, if different from principal place of business** |
| County | |
| | Number, Street, City, State & ZIP Code |

5. **Debtor's website** (URL)   https://www.permicoenergia.com/

6. **Type of debtor**

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor   Permico Midstream Partners Holdings, LLC                           Case number (*if known*) _____
        Name

**7.** **Describe debtor's business**   A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.
    2111

**8.** **Under which chapter of the Bankruptcy Code is the debtor filing?**   *Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check all that apply:*

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.** **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

■ No.

☐ Yes.

If more than 2 cases, attach a separate list.

District _____ When _____ Case number _____

District _____ When _____ Case number _____

**10.** **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No

■ Yes.

List all cases. If more than 1, attach a separate list

Debtor   Permico Midstream Partners LLC                    Relationship   Subsidiary

District   Southern District of Texas          When _____   Case number, if known _____

Debtor   Permico Midstream Partners Holdings, LLC
_____
Name

Case number (*if known*) _____

---

**11. Why is the case filed in this district?**

*Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.   Insurance agency _____

Contact name _____

Phone _____

---

**■ Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☑ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☑ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☑ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

Debtor  Permico Midstream Partners Holdings, LLC _____  Case number (*if known*) _____
      Name

| | Request for Relief, Declaration, and Signatures |
|---|---|

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   05/04/2020 _____
           MM / DD / YYYY

**X**   /s/ Bryan M. Gaston _____    Bryan M. Gaston _____
    Signature of authorized representative of debtor    Printed name

    Title   Chief Restructuring Officer _____

**18. Signature of attorney**

**X**   /s/ Timothy A. ("Tad") Davidson II _____    Date   05/04/2020 _____
    Signature of attorney for debtor             MM / DD / YYYY

    Timothy A. ("Tad") Davidson II _____
    Printed name

    Hunton Andrews Kurth LLP _____
    Firm name

    600 Travis Street, Suite 4200
    Houston, TX 77002 _____
    Number, Street, City, State & ZIP Code

    Contact phone   (713) 220-4200 _____    Email address   taddavidson@HuntonAK.com _____

    24012503 TX _____
    Bar number and State

**PERMICO MIDSTREAM PARTNERS HOLDINGS, LLC**
(a Texas Limited Liability Company)

## Joint Written Consent of the Board of Directors, Manager and Series A Member

The undersigned, being (i) all members of the Board of Directors of Permico Midstream Partners Holdings, LLC, a Texas limited liability company (the "***Company***"), (ii) the Manager of the Company, and (iii) the Series A Member of the Company, acting pursuant to the Amended and Restated Limited Liability Company Agreement of Permico Midstream Partners Holdings, LLC dated as of April 30, 2019 (the "***Company Agreement***") and the Texas Limited Liability Company Law hereby approve and adopt the following recitals and resolutions and the actions therein authorized by this joint written consent. Capitalized terms used in this joint written consent but not expressly defined herein have the meanings given them in the Company Agreement.

WHEREAS, that in the judgment of the undersigned, it is desirable and in the best interests of the Company, its creditors, employees, members and other interested parties that a petition be filed by the Company seeking relief under the provisions of Chapter 11 of Title 11 of the United States Code (the "***Bankruptcy Code***");

WHEREAS, the Company is the sole member of Permico Midstream Partners, LLC, a Texas limited liability company ("***PMP***");

WHEREAS, the Company is the governing authority of PMP pursuant to the First Amended and Restated Limited Liability Company Agreement of Permico Midstream Partners, LLC and the Texas Limited Liability Company Law; and

WHEREAS, that in the judgment of the undersigned, it is also desirable and in the best interests of the Company, and PMP and PMP's creditors, employees, members and other interested parties that the Company cause PMP to also file a petition seeking relief under Chapter 11 of the Bankruptcy Code.

NOW, THEREFORE, BE IT:

**Filing of Bankruptcy Petition**

RESOLVED, that the Company shall be, and hereby is, authorized, empowered and directed to: (i) file a voluntary petition (the "***Petition***") for relief under Chapter 11 of the Bankruptcy Code, in the United States Bankruptcy Court for the Southern District of Texas or such other court as the Designated Officer (as defined below) shall determine to be appropriate (the "***Bankruptcy Court***"); (ii) execute, verify and file all petitions, schedules, lists, and other papers or documents, and (iii) take and perform any and all further actions and steps that any such Designated Officer deems reasonable, advisable, expedient, convenient, necessary, desirable and proper in connection with the Company's Chapter 11 case, with a view to the successful prosecution of such case;

FURTHER RESOLVED, that the Company as the sole member and governing authority of PMP be, and hereby is, authorized, empowered and directed to cause PMP to (i) adopt recitals

1

and resolutions consistent with this Joint Written Consent, (ii) file a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, in the Bankruptcy Court; (iii) execute, verify and file all petitions, schedules, lists, and other papers or documents, and (iv) take and perform any and all further actions and steps that any such Designated Officer deems reasonable, advisable, expedient, convenient, necessary, desirable and proper in connection with PMP's Chapter 11 case, with a view to the successful prosecution of such case;

**Retention of Professionals**

FURTHER RESOLVED, that Bryan M. Gaston, a Senior Managing Director of Ankura (as defined below) be, and hereby is, appointed as the Company's Chief Restructuring Officer;

FURTHER RESOLVED, that Bryan M. Gaston in his capacity as the Chief Restructuring Officer of the Company (the "***Designated Officer***") be, and hereby is authorized, empowered and directed on behalf of and in the name of the Company to execute and verify the Petition as well as all other ancillary documents and cause the Petition to be filed with the Bankruptcy Court and make or cause to be made prior to execution thereof any modifications to the Petition or ancillary documents as the Designated Officer, in such officer's discretion, deems necessary or desirable to carry out the intent and accomplish the purposes of these resolutions (such approval to be conclusively established by the execution thereof by such Designated Officer);

FURTHER RESOLVED, that the Designated Officer, on behalf of the Company, is authorized, empowered and directed to retain the law firm of Hunton Andrews Kurth LLP ("***Debtor's Counsel***") as bankruptcy counsel to represent and assist the Company in carrying out its duties under Chapter 11 of the Bankruptcy Code, and to take any and all actions to advance the Company's rights in connection therewith, and the Designated Officer is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Petition, and to cause to be filed an appropriate application for authority to retain the services of Debtor's Counsel;

FURTHER RESOLVED, that the Designated Officer, on behalf of the Company, be and hereby is, authorized, empowered and directed to retain the services of Ankura Consulting Group, LLC ("***Ankura***") and its affiliates as the Company's financial advisor, and in connection therewith, the Designated Officer is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Petition, and to cause to be filed an appropriate application for authority to retain the services of Ankura;

FURTHER RESOLVED, that the Designated Officer be, and hereby is, authorized, empowered and directed to employ any other professionals necessary to assist the Company in carrying out its duties under the Bankruptcy Code and with respect to its Chapter 11 case; and in connection therewith, the Designated Officer is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the Petition and cause to be filed appropriate applications with the Bankruptcy Court for authority to retain the services of any other professionals, as necessary, and on such terms as are deemed necessary, desirable and proper;

**Financial Transactions**

FURTHER RESOLVED, that the Company, as debtor and debtor-in-possession under Chapter 11 of the Bankruptcy Code, be, and hereby is, authorized and empowered to obtain post-Petition financing under terms which may be negotiated by the Designated Officer, including under debtor-in-possession credit facilities or the use of cash collateral, and to undertake related financing transactions (collectively, "*Financial Transactions*"), from such lenders (including the Series A Member of the Company and its affiliates) and on such terms as may be approved by the Designated Officer, as reasonably necessary for the continuing conduct of the affairs of the Company, and to grant security interests in and liens upon all or substantially all of the Company's assets as may be deemed necessary by the Designated Officer in connection with such Financial Transactions;

FURTHER RESOLVED, (i) that the Designated Officer shall be, and hereby is, authorized, directed, and empowered in the name of and on behalf of the Company, as debtor and debtor-in-possession, to take such actions and to prepare, negotiate, execute, deliver and perform such agreements, certificates, instruments, guaranties, notices, and any and all other documents as the Designated Officer may deem necessary or appropriate to facilitate the Financial Transactions (collectively, the "*Financing Documents*"); (ii) that Financing Documents containing such provisions, terms, conditions, covenants, warranties, and representations as may be deemed necessary or appropriate by the Designated Officer are approved; (iii) that the actions of the Designated Officer taken pursuant to this resolution, including the execution and delivery of all agreements, certificates, instruments, guaranties, notices, and other documents, shall be conclusive evidence of the approval thereof by such officer and by the Company; and (iv) that upon such execution and delivery of all of the foregoing documents, instruments and agreements, and the execution and delivery thereof by all other parties or signatories thereto, the Company shall be bound by the terms and conditions set forth therein;

**General Authority**

FURTHER RESOLVED, that the Designated Officer be, and hereby is, authorized on behalf of the Company to take any and all actions, to execute, deliver, certify, file and/or record and perform any and all documents, agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities or certificates and to take any and all actions and steps deemed by such Designated Officer to be necessary or desirable to carry out the purpose and intent of each of the foregoing resolutions and to effectuate a successful Chapter 11 case, including, but not limited to the development, filing and prosecution to confirmation of a Chapter 11 plan and related disclosure statement;

FURTHER RESOLVED, that in addition to the specific authorizations and powers heretofore conferred upon the Designated Officer, the Designated Officer, shall be, and hereby is, authorized, empowered and directed, in the name of and on behalf of the Company, to take or cause to be taken any and all such further actions, to execute and deliver any and all such agreements, certificates, instruments, and other documents, and to pay all expenses, including filing fees, in each case as in such officer's judgment shall be necessary or desirable in order fully to carry out the intent and accomplish the purposes of the resolutions adopted herein; and

FURTHER RESOLVED, that all acts lawfully done or actions lawfully taken or to be taken by the Designated Officer and Manager in connection with the implementation of these resolutions are hereby in all respects ratified, confirmed, and approved.

*[Signature page follows]*

This Joint Written Consent of the Board of Directors, Manager and Series A Member of Permico Midstream Partners Holdings, LLC is executed and effective on May 4, 2020.

**BOARD OF DIRECTORS:**

Sehwan Park

Howoo Shin

Haeyoung Lee

Taewon Jun

**MANAGER:**

**Bryan M. Gaston**

Signature

**SERIES A MEMBER:**

**HGC Midstream INV LLC**

By:

Signature

Haeyoung Lee

Name

President

Title

[Signature Page to Joint Written Consent of the Board of Directors, Manager and Series A Member of Permico Midstream Partners Holdings, LLC]

This Joint Written Consent of the Board of Directors, Manager and Series A Member of Permico Midstream Partners Holdings, LLC is executed and effective on May 4, 2020.

### BOARD OF DIRECTORS:

_____
Sehwan Park

_____
Howoo Shin

_____
Haeyoung Lee

_____
Taewon Jun

**MANAGER:**

**Bryan M. Gaston**

_____
Signature

**SERIES A MEMBER:**

**HGC Midstream INV LLC**

By:_____
Signature

_____
Name

_____
Title

[Signature Page to Joint Written Consent of the Board of Directors, Manager and Series A Member of Permico Midstream Partners Holdings, LLC]

This Joint Written Consent of the Board of Directors, Manager and Series A Member of Permico Midstream Partners Holdings, LLC is executed and effective on May 4, 2020.

**BOARD OF DIRECTORS:**

_____
Sehwan Park

_____
Howoo Shin

_____
Haeyoung Lee

_____
Taewon Jun

**MANAGER:**

**Bryan M. Gaston**

_____
Signature

**SERIES A MEMBER:**

**HGC Midstream INV LLC**

By:_____
Signature

_____
Name

_____
Title

[Signature Page to Joint Written Consent of the Board of Directors, Manager and Series A Member of Permico Midstream Partners Holdings, LLC]

| Fill in this information to identify the case: |
|---|

Debtor name   Permico Midstream Partners Holdings, LLC, et al.

United States Bankruptcy Court for the:   Southern   District of   Texas
                                                     (State)

Case number (If known):   _____

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders*   (*See Rider A)       12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Corpac Steel Products Corp.<br>20803 Biscayne Blvd, Suite 502<br>Miami, FL 33180 | Jorge Woldenberg<br>(305) 918-0540 | Trade | | | | $95,782,042.84 |
| 2 | Edgen Murray Corporation<br>10370 Richmond Ave, Suite 900<br>Houston, TX 77042 | Dan O'Leary, Greg Baker<br>(713) 268-7200 | Trade | | | | $81,657,931.70 |
| 3 | Contract Land Staff<br>2245 Texas Drive, Suite 200<br>Sugar Land, TX 77479 | President, General Counsel<br>(281) 240-3370<br>Info@contractlandstaff.com | Trade | | | | $2,251,922.00 |
| 4 | Topographic Land Surveyors<br>1400 Everman Pkwy, Ste 146<br>Fort Worth, TX 76140 | President, General Counsel<br>(817) 744-7512 | Trade | | | | $693,355.00 |
| 5 | Tarsco Construction Corporation<br>25000 Pitkin Rd.<br>Spring, TX 77386 | Marienna Medina<br>(832) 299-3200 | Trade | | | | $690,912.00 |
| 6 | Oso Developmental Partners<br>10300 Town Park Dr. SE 1000<br>Houston, TX 77072 | President, General Counsel and Jason Holland<br>jason.holland@osopartners.com<br>info@osopartners.com | Trade | | | | $671,586.00 |
| 7 | Universal Pegasus International<br>4848 Loop Central Dr., Suite 137<br>Houston, TX 77081 | President, General Counsel<br>(713) 425-6000 | Trade | | | | $603,832.00 |
| 8 | Prime | | Trade | | | | $483,152.00 |

Debtor    Permico Midstream Partners Holdings, LLC, et al.
          _____
          Name

                                                    Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | King & Spalding LLP 1100 Louisiana St., #4000 Houston, TX 77002 | General Counsel and Tracie J. Renfroe (713) 751-3200 | Legal | | | | $189,452.00 |
| 10 | Whitenton Group 3413 Hunter Road San Marcos, TX 78666 | President, General Counsel (512) 353-3344 | Trade | | | | $175,868.00 |
| 11 | Wood Mackenzie 5847 San Felipe 10th Floor, Suite 100 Houston, TX 77057 | Anthea Pitt (713) 470-1600 | Trade | | | | $175,000.00 |
| 12 | Percheron 1904 W. Grand Parkway N, Ste 200 Katy, TX 77449 | Sidney Armer (888) 232-3149 | Trade | | | | $92,968.00 |
| 13 | Spearow Land LLC P.O. Box 17867 Sugar Land, TX 77496 | Clint Spearow (832) 844-1613 sales@spearowland.com | Trade | | | | $48,000.00 |
| 14 | Hillco Partners 823 Congress Ave., #900 Austin, TX 78701 | President, General Counsel (512) 480-8962 | Consulting | | | | $21,000.00 |
| 15 | Dickinson & Wheelock, P.C. 7660 Woodway Dr., Suite 460 Houston, TX 77063 | Thomas A. Dickinson Jeffrey W. Wheelock (713) 722-8118 tdickinson@dwlegal.com jwheelock@dwlegal.com | Professional Services | | | | $13,475.00 |
| 16 | DrillingInfo / Enverus 2901 Via Fortuna #200 Austin, TX 78746 | Jeff Hughes (800) 282-4245 drillinginfosupport@enverus.com | Trade | | | | $12,952.00 |
| 17 | Hyde Regulatory Consulting LLC 1561 Ruby Ranch Road Buda, TX 78610 | Richard Hyde (512) 312-4012 | Consulting | | | | $6,000.00 |
| 18 | Horizon Environmental Services, Inc. 1507 S. Interstate 35 Austin, TX 78741-2502 | Russ Brownlow (512) 328-2430 info@horizing-esi.com | Trade | | | | $2,495.00 |
| 19 | | | | | | | |
| 20 | | | | | | | |

Debtor    Permico Midstream Partners Holdings, LLC, et al.           Case number *(if known)*_____
<br>          Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 | | | | | | | |
| 22 | | | | | | | |
| 23 | | | | | | | |
| 24 | | | | | | | |
| 25 | | | | | | | |
| 26 | | | | | | | |
| 27 | | | | | | | |
| 28 | | | | | | | |
| 29 | | | | | | | |
| 30 | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | § Chapter 11 |
| | § |
| | § Case No. 20-[_____] (___) |
| PERMICO MIDSTREAM PARTNERS | § |
| HOLDINGS, LLC, *et al.*, | § (Joint Administration Requested) |
| | § |
| Debtors.[1] | § |
| | § |

## CORPORATE OWNERSHIP STATEMENT*

      To the best of the declarant's knowledge, the following is a list of entities that directly or indirectly own 10% or more of any class of debtor Permico Midstream Partners Holdings, LLC's equity interests.  This list is prepared in accordance with Fed. R. Bankr. P. 1007(a)(1) and Fed. R. Bank. P. 7007.1 in this chapter 11 case.

| Entity | Percentage of Ownership |
|---|---|
| Permico Energia LLC | 90% |
| Conquista Energy Services LLC | 10% |

## LIST OF EQUITY SECURITY HOLDERS*

      To the best of the declarant's knowledge, the following is a list of debtor Permico Midstream Partners Holdings, LLC's equity security holders.  This list has been prepared in accordance with Fed. R. Bankr. P. 1007(a)(3) for filing in this chapter 11 case.

| Entity | Percentage of Ownership | Last Known Address of Holder |
|---|---|---|
| Permico Energia LLC | 90% | 9301 Southwest Freeway, Suite 308 Houston, TX 77074 |
| Conquista Energy Services LLC | 10% | 9301 Southwest Freeway, Suite 308 Houston, TX 77074 |

*See Rider A.

---

[1]  The Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers are as follows: Permico Midstream Partners Holdings, LLC (6374) and Permico Midstream Partners LLC (7902). The location of the Debtors' corporate headquarters and service address is 9301 Southwest Freeway, Suite 308, Houston, TX 77074.

**Fill in this information to identify the case and this filing:**

Debtor Name __Permico Midstream Partners Holdings, LLC__

United States Bankruptcy Court for the: __Southern__   District of __Texas__
(State)

Case number (If known): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors
12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| | Declaration and signature |
|---|---|

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐  *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐  *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐  *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐  *Schedule H: Codebtors* (Official Form 206H)

☐  *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐  Amended *Schedule* _____

■  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204) *

■  Other document that requires a declaration __Corporate Ownership Statement pursuant to Fed. R. Bankr. P. 70007.1; and__
__List of Equity Security Holders pursuant to Fed. R. Bankr. P. 1007(a)(3).*__

I declare under penalty of perjury that the foregoing is true and correct.   ***See Rider A.***

Executed on   __05/04/2020__        ✗ /s/ Bryan M. Gaston
MM / DD / YYYY                              Signature of individual signing on behalf of debtor

Bryan M. Gaston
Printed name

Chief Restructuring Officer
Position or relationship to debtor

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>PERMICO MIDSTREAM PARTNERS<br>HOLDINGS, LLC, *et al.*,<br><br>Debtors.[1] | § Chapter 11<br>§<br>§ Case No. 20-[_____] (___)<br>§<br>§ (Joint Administration Requested)<br>§<br>§ |

**<u>Rider A</u>**

**Statement Regarding the Debtors' (I) Consolidated List of 30 Largest Unsecured Creditors,**
**<u>(II) Corporate Ownership Statement, and (III) List of Equity Security Holders</u>**

Simultaneously with the filing of the Debtors' petitions, the Debtors are filing a motion requesting entry of an order compelling Permico Energia LLC ("<u>Energia</u>"), the former Manager of Permico Midstream Partners Holdings, LLC ("<u>Holdings</u>"), and Energia's directors and officers (together with Energia, the "<u>Former Manager</u>"), to turn over the Debtors' books and records, including electronic data (collectively, the "<u>Documents</u>"), that the Former Manager possesses and/or created as it relates to the Debtors' operations, property, assets, liabilities and/or financial affairs.  As of the Petition Date, the Chief Restructuring Officer does not have access to the Documents.

The Debtors' petitions, the consolidated list of thirty (30) largest unsecured creditors (the "<u>Unsecured Creditors' List</u>"), the Corporate Ownership Statement, and the List of Equity Security Holders are true and correct to the best of the Chief Restructuring Officer's information and belief based upon information available as of the Petition Date.  Therefore, the information contained in such filings is subject to revision in all respects.  Further, the information contained in the Unsecured Creditors' List, including the omission of any claim or the failure to list any claim as contingent, unliquidated, or disputed, does not constitute a waiver of the Debtors' right to contest the validity, priority, or amount of any claim.

---

[1]  The Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers are as follows: Permico Midstream Partners Holdings, LLC (6374) and Permico Midstream Partners LLC (7902). The location of the Debtors' corporate headquarters and service address is 9301 Southwest Freeway, Suite 308, Houston, TX 77074.