IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re:<br><br>PERMICO MIDSTREAM PARTNERS HOLDINGS, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 20-6966374 | § § § § § § § § § § § | Chapter 11<br><br>Case No. 20-32437 |
| In re:<br><br>PERMICO MIDSTREAM PARTNERS LLC,<br><br>Debtor.<br><br>Tax I.D. No. 82-3197902 | § § § § § § § § § § § | Chapter 11<br><br>Case No. 20-32438 |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER DIRECTING
JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES**

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state the following in support of this motion (this "Motion"):

**RELIEF REQUESTED**

1.  The Debtors seek entry of an order, substantially in the form attached hereto (the "Order"): (a) directing procedural consolidation and joint administration of the Debtors' chapter 11 cases, and (b) granting related relief. The Debtors request that one file and one docket be maintained for all of the jointly-administered cases under the case of Permico Midstream Partners Holdings, LLC, and that the cases be administered under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: <br><br> PERMICO MIDSTREAM PARTNERS HOLDINGS, LLC, *et al.*, <br><br> Debtors.[1] | § Chapter 11 <br> § <br> § Case No. 20-32437 (MI) <br> § <br> § (Jointly Administered) <br> § <br> § |

[1] The Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers are as follows: Permico Midstream Partners Holdings, LLC (6374) and Permico Midstream Partners LLC (7902). The location of the Debtors' corporate headquarters and service address is 9301 Southwest Freeway, Suite 308, Houston, TX 77074.

2.  The Debtors further request that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

3.  The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors, other than Permico Midstream Partners Holdings, LLC, to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of Texas directing joint administration of the chapter 11 cases of: Permico Midstream Partners Holdings, LLC, Case No. 20-32437; and Permico Midstream Partners LLC, Case No. 20-32438. **All further pleadings and other papers**

2

**shall be filed in, and all further docket entries shall be made in, Case No. 20-32437 (MI).**

4.  The Debtors further request authority to file any monthly operating reports and post-effective date quarterly operating reports on a consolidated basis for the jointly-administered Debtors, provided that income and disbursements are tracked and broken out on a Debtor-by-Debtor basis.

## JURISDICTION AND VENUE

5.  The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court may enter a final order consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6.  The bases for the relief requested herein are sections 105(a) and 342(c) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 1005, 1015 and 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rule 1015-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules"), and the Procedures for Complex Chapter 11 Cases in the Southern District of Texas (the "Complex Case Procedures").

## BACKGROUND

7.  On the date hereof (the "Petition Date"), the Debtors filed voluntary petitions in this Court commencing these chapter 11 cases. The factual background regarding the Debtors and the events leading to the filing of these chapter 11 cases is set forth in detail in the *Debtors' Motion for Entry of an Order Compelling the Turnover of Books and Records Documents from*

*Permico Energia LLC and its Directors and Officers* (the "Turnover Motion"), filed contemporaneously herewith and which is fully incorporated herein by reference.

8.  The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108. As of the date hereof, no trustee or examiner has been requested in these chapter 11 cases, and no committees have been appointed or designated.

### BASIS FOR RELIEF

9.  Bankruptcy Rule 1015(b) provides that "if . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order joint administration of the estates" of the debtor and such affiliates. *See* Fed. R. Bankr. P. 1015(b). The Debtor entities that commenced these chapter 11 cases include Permico Midstream Partners Holdings, LLC and its subsidiary, Permico Midstream Partners LLC.

10. Section 101(2)(A) of the Bankruptcy Code provides that an "affiliate" is an "entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . ." 11 U.S.C. § 101(2)(A). Permico Midstream Partners Holdings, LLC, as sole member of Permico Midstream Partners LLC, holds directly 20 percent or more of the outstanding equity interests of Permico Midstream Partners LLC. As such, the Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code and as used in Bankruptcy Rule 1015(b). Accordingly, the Bankruptcy Code and the Bankruptcy Rules authorize the Court to grant the relief requested herein. Bankruptcy Local Rule 1015-1 further provides for the joint administration of related chapter 11 cases.

11. Joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many

4

of the motions, hearings, and orders in these chapter 11 cases will affect each Debtor entity. The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the United States Trustee and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

12. The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights. Each creditor and party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right. In addition, all creditors will benefit from the reduction in costs that will result from joint administration.

13. The Debtors submit that use of this simplified caption, without reference to their respective tax identification numbers and other detail specified by section 342(c) of the Bankruptcy Code and Bankruptcy Rule 2002(n), will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification. Further, such case-specific information will be listed in the petitions for each Debtor, which are publicly available to parties in interest or will be provided by the Debtors upon request; and this information will be included in key notices to parties in interest, such as the notices required under Bankruptcy Rules 2002(a)(1), 2002(a)(7), and 2002(b), as made applicable to these chapter 11 cases. Therefore, the Debtors submit that the policies behind the requirements of Bankruptcy Code section 342(c) and Bankruptcy Rules 1005, 1015, and 2002(n) have been satisfied.

14. The Debtors submit that use of the simplified captioned proposed herein will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading

identification. The names of each Debtor and their tax identification number will be set forth in the footnote to the caption. Therefore, the Debtors submit that the policies behind the requirements of section 342 of the Bankruptcy Code and Bankruptcy Rules 1005, 1015, and 2002(n) have been satisfied.

## **NOTICE**

15. Notice of this Motion will be given to: (a) the Office of the United States Trustee for the Southern District of Texas; (b) counsel to HGC Midstream INV LLC; (c) the United States Attorney's Office for the Southern District of Texas; (d) the Internal Revenue Service; (e) the state attorneys general for states in which the Debtors conduct business; (f) the parties identified on the master service list; and (g) all parties that have requested or that are required to receive notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, under the circumstances, no other or further notice is required.

[*Remainder of Page Intentionally Left Blank*]

The Debtors respectfully request entry of the Order, substantially in the form attached to this Motion, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: May 4, 2020

Respectfully submitted,

**HUNTON ANDREWS KURTH LLP**

/s/ *Joseph P. Rovira*
Timothy A. ("Tad") Davidson II (TX Bar No. 24012503)
Joseph P. Rovira (TX Bar No. 24066008)
Ashley L. Harper (TX Bar No. 24065272)
Catherine A. Diktaban (TX Bar No. 24109810)
600 Travis Street, Suite 4200
Houston, Texas 77002
Tel:   (713) 220-4200
Fax:  (713) 220-4285
Email: taddavidson@huntonak.com
          josephrovira@huntonak.com
          ashleyharper@huntonak.com
          cdiktaban@huntonak.com

*Proposed Counsel for the Debtors and Debtors in Possession*

**CERTIFICATE OF SERVICE**

I certify that on May 4, 2020, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Joseph P. Rovira*
Joseph P. Rovira