**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re:<br><br>PERMICO MIDSTREAM PARTNERS HOLDINGS, LLC, *et al.*,<br><br>Debtors.[1] | § § § § § § § § | Chapter 11<br><br>Case No. 20-23437 (MI)<br><br>(Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER EXTENDING TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES, SCHEDULES OF CURRENT INCOME AND EXPENDITURES, SCHEDULES OF EXECUTORY CONTRACTS AND <u>UNEXPIRED  LEASES, AND STATEMENTS OF FINANCIAL AFFAIRS</u>**

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") respectfully state as follows in support of this motion (this "<u>Motion</u>"):

---

[1] The Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers are as follows: Permico Midstream Partners Holdings, LLC (6374) and Permico Midstream Partners LLC (7902). The location of the Debtors' corporate headquarters and service address is 9301 Southwest Freeway, Suite 308, Houston, TX 77074.

1

**RELIEF REQUESTED**

1. The Debtors seek entry of an order, substantially in the form attached hereto (the "Order") granting the Debtors an additional 31 days (for a total of 45 days after the Petition Date), through and including June 18, 2020, without prejudice to the Debtors' ability to request additional extensions, to file their schedules of assets and liabilities, schedules of current income and current expenditures, schedules of executory contracts and unexpired leases, and statements of financial affairs (collectively, the "Schedules and Statements").

**JURISDICTION**

2. The United States Bankruptcy Court for the Southern District of Texas has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157, and this Court may enter a final order consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are sections 105(a) and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 1007(c), and 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules"), and the Procedures for Complex Chapter 11 Cases in the Southern District of Texas (the "Complex Case Procedures").

**BACKGROUND**

4. On the date hereof (the "Petition Date"), the Debtors filed voluntary petitions in this Court commencing these chapter 11 cases. The factual background regarding the Debtors and the events leading to the filing of these chapter 11 cases is set forth in detail in the *Debtors' Motion for Entry of an Order Compelling the Turnover of Books and Records Documents from Permico*

*Energia LLC and its Directors and Officers* (the "Turnover Motion"), filed contemporaneously herewith and which is fully incorporated herein by reference.

5.     The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108. As of the date hereof, no trustee or examiner has been requested in these chapter 11 cases, and no committees have been appointed or designated.

**BASIS FOR RELIEF**

**A.     Causes Exists to Extend the Time to File the Schedules and Statements**

6.     The requirements of section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(c) ordinarily require a debtor to file its Schedules and Statements within 14 days after the petition date. Pursuant to Bankruptcy Rules 1007(c) and 9006(b), the Court has authority to extend the time required for filing of the Schedules and Statements "for cause." Fed. R. Bankr. P. 1007(c) and 9006(b).

7.     The Debtors submit that ample cause exists to grant the relief requested herein. To prepare their Schedules and Statements, the Debtors will have to compile information from books, records, and documents relating to claims, assets, and contracts. The Chief Restructuring Officer does not currently have access to these books, records, and documents. The Debtors have filed a motion seeking turnover of the books and records contemporaneously with the filing of this Motion.

8.     As a result, the Debtors were not in a position to complete the Schedules and Statements as of the Petition Date. Moreover, an extension will not harm creditors or other parties in interest because, even under the extended deadline, the Debtors will file the Schedules and Statements in advance of any deadline for filing proofs of claim in these chapter 11 cases. Accordingly, the Debtors submit that their request for a 31-day extension of time to file the

Schedules and Statements, without prejudice to the Debtors' ability to request additional extensions for cause shown, is appropriate and warranted under the circumstances.[2]

## RESERVATION OF RIGHTS

9. Nothing contained herein is intended or shall be construed as: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any claim; (c) an assumption, adoption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code; (d) an admission as to the validity, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estate; or (e) a waiver of any claims or causes of action which may exist against any entity.

## NOTICE

10. Notice of this Motion will be given to: (a) the Office of the United States Trustee for the Southern District of Texas; (b) counsel to HGC Midstream INV LLC; (c) the United States Attorney's Office for the Southern District of Texas; (d) the Internal Revenue Service; (e) the state attorneys general for states in which the Debtors conduct business; (f) the parties identified on the master service list; and (g) all parties that have requested or that are required to receive notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, under the circumstances, no other or further notice is required.

*[Remainder of Page Left Blank Intentionally]*

---

[2] The Debtors' are not requesting emergency consideration of this Motion because the Complex Case Procedures allow for an automatic bridge order for extensions of time.  *See* Complex Case Procedures, ¶ 14.

The Debtors respectfully request entry of the Order, substantially in the form attached hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: May 4, 2020

Respectfully submitted,

**HUNTON ANDREWS KURTH LLP**

/s/  *Timothy A. ("Tad") Davidson II*
Timothy A. ("Tad") Davidson II (TX Bar No. 24012503)
Joseph P. Rovira (TX Bar No. 24066008)
Ashley L. Harper (TX Bar No. 24065272)
Catherine A. Diktaban (TX Bar No. 24109810)
600 Travis Street, Suite 4200
Houston, Texas  77002
Tel:   (713) 220-4200
Fax:  (713) 220-4285
Email: taddavidson@huntonak.com
       josephrovira@huntonak.com
       ashleyharper@huntonak.com
       cdiktaban@huntonak.com

*Proposed Counsel for the Debtors and Debtors in Possession*

## CERTIFICATE OF SERVICE

I certify that on May 4, 2020, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/  *Timothy A. ("Tad") Davidson II*
Timothy A. ("Tad") Davidson II