**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| PERMICO MIDSTREAM PARTNERS | § | Case No. 20-32437 (MI) |
| HOLDINGS, LLC, *et al.*, | § | |
| | § | (Jointly Administered) |
| Debtors.[1] | § | |

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND
DISCLAIMER REGARDING DEBTORS' SCHEDULES AND STATEMENTS**

The Schedules of Assets and Liabilities (collectively with attachments, the "Schedules") and the Statements of Financial Affairs (collectively with attachments, the "Statements," and together with the Schedules, the "Schedules and Statements") filed by William R. Greendyke, the chapter 11 trustee (the "Trustee") for the above-captioned debtors (the "Debtors"), were prepared pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") by management of the Debtor, with the assistance of the Debtors' advisors, and are unaudited.

These Global Notes and Statement of Limitations, Methodologies, and Disclaimers Regarding the Debtors' Schedules and Statements (the "Global Notes") are incorporated by reference in, and comprise an integral part of the Schedules and Statements, and should be referred to and considered in connection with any review of the Schedules and Statements.

While reasonable efforts have been made to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances, based on information that was available at the time of preparation, the Debtors' business is complex and  inadvertent errors, inaccuracies, or omissions may have occurred and the Trustee or the Debtors' management may discover subsequent information that requires material changes to the Schedules and Statements. Because the Schedules and Statements contain unaudited information, which is subject to further review, verification, and potential adjustment, there can be no assurance that the Schedules and Statements are complete.  All claims are subject to further review and the failure to list a claim at present as unliquidated, contingent, disputed, or subject to setoff, does not mean that such designation may not change in the future.

The Schedules and Statements have been signed by Jeffrey Beicker, the CEO of the Debtors as of the Petition Date (defined below). Accordingly, in reviewing and signing the Schedules and Statements, Mr. Beicker necessarily relied upon the efforts, statements, and representations of the Debtors' other personnel and advisors. Mr. Beicker has not (and could not have) personally

---

[1] The Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers are as follows: Permico Midstream Partners Holdings, LLC (6374) and Permico Midstream Partners LLC (7902). The location of the Debtors' corporate headquarters and service address is 9301 Southwest Freeway, Suite 308, Houston, TX 77074.

verified the accuracy of each such statement and representation, including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and respective creditor addresses.

The Global Notes supplement and are in addition to any specific notes contained in the Schedules or Statements.

1.      **Description of Cases.** On May 4, 2020 (the "Petition Date"), each of the Debtors filed a voluntary petition for chapter 11 relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"). On May 22, 2020, this Court entered its *Order Approving Appointment of Chapter 11 Trustee in the Jointly Administered Permico Midstream Partners Holdings, LLC Cases*, appointing William R. Greendyke to serve as the chapter 11 trustee for the Debtors.

2.      **"As Of" Information Date.** To the best of the Debtors' knowledge, the asset information provided herein, except as expressly noted otherwise, represents the asset data of the Debtors as of the Petition Date. Amounts ultimately realized may vary from net book value (or whatever value was ascribed) and such variance may be material. Accordingly, the Trustee reserves all rights to amend or adjust the value of each asset set forth herein. In addition, the amounts shown for total liabilities exclude items identified as "unknown," "disputed," "contingent," "unliquidated," or "undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.

3.      **General Reservation of Rights.** Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist. The Trustee reserves all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including the right to amend the Schedules and Statements with respect to any claim ("Claim") description or designation; dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority, or avoidability of any Claim. Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such Claim or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim does not constitute an admission of (a) liability, or (b) amounts due or owed, if any, by the Debtors against which the Claim is listed or against the Debtors. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to this chapter 11 case, including issues involving Claims, defenses, equitable subordination, or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant nonbankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

4.      **GAAP.** Given the difference between the information requested in the Schedules and Statements, and the financial information utilized under generally accepted accounting principles in the United States ("GAAP") the aggregate asset values and claim amounts set forth in the

Schedules and Statements do not necessarily reflect the amounts that would be set forth in a balance sheet prepared in accordance with GAAP.

**5.**     *Confidential or Sensitive Information.* There may be instances in which certain information in the Schedules and Statements intentionally has been redacted due to concerns about the confidential or commercially sensitive nature of certain information or concerns for the privacy of an individual. The alterations or redactions are limited only to what is necessary to protect the Debtor or the applicable third-party.

**6.**     *Causes of Action.* Despite reasonable efforts to identify all known assets, all causes of action or potential causes of action of the Debtors against third-parties may not be listed as assets in the Schedules and Statements. The Trustee reserves all rights with respect to any Claims or causes of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") the Debtors or Trustee may have, and neither the Global Notes nor the Schedules and Statements shall be deemed a waiver of any Claims or Causes of Action or in any way prejudice or impair the assertion of such Claims or Causes of Action.

**7.**     *Recharacterization.* The Debtors have made reasonable efforts to correctly characterize, classify, categorize, and designate the Claims, assets, executory contracts, unexpired leases, interests, and other items reported in the Schedules and Statements. Nevertheless, the Debtors may not have accurately characterized, classified, categorized, or designated certain items. The Trustee therefore reserves the right to recharacterize, reclassify, re-categorize, or re-designate items reported in the Schedules and Statements at a later time as necessary or appropriate.

**8.**     *Liabilities*. The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change. The Trustee reserves the right to amend the Schedules and Statements as he deems appropriate in this regard.

**9.**     *Excluded Assets and Liabilities.* Certain categories of assets and liabilities have been excluded from the Schedules and Statements. The Debtors also have excluded rejection damage Claims of counterparties to executory contracts and unexpired leases that may be rejected (if any), to the extent such damage Claims exist. In addition, certain immaterial or de minimis assets and liabilities may have been excluded.

**10.**     *Property and Equipment.* Unless otherwise indicated, owned property (including real property) and equipment are stated at net book value. The Debtors may lease furniture, fixtures,

and equipment from certain third-party lessors. Any such leases are set forth in the Schedules and Statements. Nothing in the Schedules and Statements is or shall be construed as an admission as to the determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Trustee reserves all rights with respect thereto.

11.     *Inventory.* As referenced above, it would be prohibitively expensive, unduly burdensome, and time consuming to physically inspect all inventory held by the Debtors. Further, the last inventory information available to the Debtors was generated in the ordinary course of business on or about the Petition Date.  Accordingly, to the extent inventory is disclosed, referenced, and/or described in the Schedules and Statements, such disclosures are based on information reasonably available to the Debtors as of May 2020.

12.     *Estimates.* To prepare and file the Schedules and Statements in accordance with the requests of the U.S. Trustee, the Debtors were required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities. The Trustee reserves all rights to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

13.     *Fiscal Year.* The Debtors' fiscal year ends on December 31.

14.     *Currency.* All amounts are reflected in U.S. dollars.

15.     *Executory Contracts.* Although diligent attempts have been made to properly identify the counterparty(ies) to each executory contract on Schedule G, it is possible that more executory contracts than listed on Schedule G. The Trustee reserves all rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G. In addition, although the Debtor made diligent attempts to properly identify executory contracts and unexpired leases, the inclusion of a contract or lease on Schedule G does not constitute an admission as to the executory or unexpired nature (or non-executory or expired nature) of the contract or lease, or an admission as to the existence or validity of any Claims held by the any counterparty to such contract or lease. Furthermore, while the Debtors made diligent attempts to properly identify all executory contracts and unexpired leases, inadvertent errors, omissions, or over inclusion may have occurred.

16.     *Leases.* Future obligations of any capital or operating leases have not been included in the Schedules and Statements. To the extent that there was an amount outstanding as of the Petition Date, the creditor has been included on Schedule E/F of the Schedules.

17.     *Insiders.* The Debtors have attempted to include all payments made on or within 12 months before the Petition Date to any individual or entity deemed an "insider." An individual or entity is designated as an "insider" if such individual or entity, based on the totality of the circumstances, had at least a controlling interest in, or exercises sufficient authority over, the Debtors so as to unqualifiably dictate corporate policy and the disposition of corporate assets.

The listing of a party as an "insider" is not intended to be nor should be construed as a legal characterization of such party as an insider and does not act as an admission of any fact, Claim, right, or defense, and all such rights, Claims, and defenses are hereby expressly reserved.

**18.    Totals.** All totals that are included in the Schedules and Statements represent totals of all known amounts included in the Schedules and Statements. To the extent there are unknown, disputed, contingent, unliquidated, or otherwise undetermined amounts, the actual total may be different than the listed total.

**19.    Setoffs.** The Debtors may incur certain offsets and other similar rights during the ordinary course of business. Offsets in the ordinary course can result from various items, including, but not limited to, intercompany transactions, pricing discrepancies, returns, warranties, and other disputes between the Debtors and their customers or vendors and setoffs or netting permitted under common obligations of a single joint operating agreement. These offsets and other similar rights are consistent with the ordinary course of business and are not tracked separately. Therefore, although the impact of such offsets and other similar rights may have been accounted for when certain net amounts were included in the Schedules, offsets are not independently accounted for, and as such, are not included separately in the Debtors' Schedules and Statements.

**20.    Credits and Adjustments.** The claims of individual creditors for, among other things, goods, products, or services are listed as amounts entered on the Debtors' books and records and may not reflect credits, allowances or other adjustments due from such creditors to the Debtors. The Trustee reserve all rights respecting such credits, allowances, and other adjustments.

**21.    Guaranties and Other Secondary Liability Claims.** Reasonable best efforts have been used to locate and identify guaranties and other secondary liability claims (collectively, the "Guaranties") in the Debtors' executory contracts, unexpired leases, debt instruments, and other such agreements; however, a review of these agreements, specifically the Debtors' leases and contracts, is ongoing.

**22.    Mechanics Liens.** The property and equipment listed in the Schedules are presented without consideration of any mechanics', materialman's or other similar statutory liens. Such liens may apply, and the Trustee reserves the right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be perfected by a creditor.

**23.    Global Notes Control.** In the event that the Schedules and Statements differ from the Global Notes, the Global Notes shall control.

<u>**Specific Disclosures with Respect to the Debtors' Schedules**</u>

**1.    Schedule A/B.** Real property is reported at book value. Certain assets may be listed as real property when such assets are in fact personal property, or certain assets may be listed as personal property when such assets are in fact real property.  Additionally, certain assets, including pipe subject to purchase orders by and between the Debtor and Corpac Steel Products Corp. and by and between the Debtor and Edgen Murray Corporation are subject to determination of the title disputes in Adversary Proceeding Nos. 20-03126 and 20-03173.  As of

the date of the filing of these Schedules, the Trustee has not yet answered the Adversary Proceeding complaints, discovery has not commenced, and the Trustee does not have sufficient information to take a position as to the estate's rights, interests, and liabilities associated with the pipe.  The Trustee reserves all rights to re-categorize or recharacterize any asset holdings to the extent the Trustee determines that such holdings were listed incorrectly.

The failure to list any rights in real property on Schedule A/B should not be construed as a waiver of any such rights that may exist, whether known or unknown at this time.

Despite reasonable best efforts to identify all known assets, all of the Debtors' Causes of Action or potential Causes of Action against third parties may not be listed as assets in the Schedules and Statements. The Trustee reserve all rights with respect to any Causes of Action that the Debtor may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims, causes of action, or avoidance actions or in any way prejudice or impair the assertion of such claims.

**2.      *Schedule D.*** Except as otherwise agreed pursuant to a stipulation, or agreed order, or general order entered by the Bankruptcy Court that is or becomes final, the Trustee reserves the right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D. Moreover, although various creditor claims may be scheduled as secured claims, the Trustee reserves all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim.

**3.      *Schedule E/F, Part 1: Creditors Holding Priority Unsecured Claims.*** The listing of any claim on Schedule E/F does not constitute an admission that such claim is entitled to priority treatment under section 507 of the Bankruptcy Code. The Trustee reserves all rights to dispute the amount and the priority status of any claim on any basis at any time.

**4.      *Schedule E/F, Part 2: Creditors Holding Non-Priority Unsecured Claims.*** Reasonable best efforts have been used to list all general unsecured claims against the Debtor on Schedule E/F based upon the Debtors' existing books and records as of the date of the Order for Relief.

Certain creditors listed on Schedule E/F may owe amounts to the Debtor and, as such, the Debtor may have valid setoff or recoupment rights with respect to such amounts. The amounts listed on Schedule E/F do not reflect any such right of setoff or recoupment and the Trustee reserves all rights to assert any such setoff or recoupment rights. Additionally, certain creditors may assert mechanics', materialman's, or other similar liens against the Debtors for amounts listed on Schedule E/F. The Trustee reserves the right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be perfected by a creditor listed on Schedule E/F.

Schedule E/F does not include certain deferred credits, deferred charges, deferred liabilities, accruals, or general reserves. Such amounts are general estimates of liabilities and do not represent specific claims as of the Petition Date; however, such amounts are reflected on the

Debtors' books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date.

The claims listed in Schedule E/F arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact. Determining the date upon which each claim in Schedule E/F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, Schedule E/F does not list a date for each listed claim.

Schedule E/F reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in whole or in part in connection with the assumption, or assumption and assignment, of an executory contract or unexpired lease. In addition, Schedule E/F does not include rejection damage claims of the counterparties to the executory contracts and unexpired leases that have been or may be rejected, to the extent such damage claims exist.

Reasonable efforts have been made to locate and identify guaranties and other secondary liability claims (collectively, the "Guaranties") in each of the executory contracts, unexpired leases, secured financings, debt instruments and other such agreements to which any Debtor is a party. Where Guaranties have been identified, they have been included in the relevant Schedules. It is possible that certain Guaranties embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements may have been inadvertently omitted. The Trustee reserves the rights to amend the Schedules to the extent additional Guaranties are identified or such Guaranties are discovered to have expired or be unenforceable. Additionally, failure to list any Guaranties in the Schedules and Statements, including in any future amendments to the Schedules and Statements, shall not affect the enforceability of any Guaranties not listed.

**5.** *Schedule G.* Certain of the executory contracts and unexpired leases listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, right to lease additional space, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G.

The Trustee hereby reserves all rights, claims, and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument related to a creditor's claim, to dispute the validity, status, or enforceability of any contract, agreement, or lease set forth in Schedule G, and to amend or supplement Schedule G as necessary. The inclusion of a contract or lease on Schedule G does not constitute an admission as to the executory or unexpired nature (or non-executory or expired nature) of the contract or lease, or an admission as to the existence or validity of any Claims held by the counterparty to such contract or lease, and the Trustee reserves all rights in that regard, including, without limitation, that any agreement is not executory, has expired pursuant to its terms, or was terminated prepetition.

In addition, Schedule G does not include rejection damage claims of the counterparties to the executory contracts and unexpired leases that have been or may be rejected, to the extent such damage claims exist.

**Fill in this information to identify the case:**

Debtor name    Permico Midstream Partners, LLC

United States Bankruptcy Court for the:   Southern    District of   Texas
                                                   (State)

Case number (If known):   20-32438

☐ Check if this is an amended filing

## Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy   04/19

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

| Part 1: | Income |
|---|---|

**1. Gross revenue from business**

☒ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From ___ to Filing date<br>MM / DD / YYYY | ☐ Operating a business<br>☐ Other _____ | $_____ |
| **For prior year:** | From ___ to ___<br>MM / DD / YYYY   MM / DD / YYYY | ☐ Operating a business<br>☐ Other _____ | $_____ |
| **For the year before that:** | From ___ to ___<br>MM / DD / YYYY   MM / DD / YYYY | ☐ Operating a business<br>☐ Other _____ | $0 |

**2. Non-business revenue**

Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☐ None

| | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From 01/01/2020 to Filing date<br>MM / DD / YYYY | Interest Income, COVID 19 Stimulus | $ 5,017.77 |
| **For prior year:** | From 01/01/2019 to 12/31/2019<br>MM / DD / YYYY   MM / DD / YYYY | Interest Income, Farming Income | $ 77,954.01 |
| **For the year before that:** | From 01/01/2018 to 12/31/2018<br>MM / DD / YYYY   MM / DD / YYYY | n/a | $ 0.00 |

Debtor   Permico Midstream Partners, LLC
_____
Name
Case number (*if known*) 20-32438

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |

**3.  Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| | Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|---|
| 3.1. | Merlyn Holdings, Inc<br>Creditor's name<br><br>Street<br>9301 SW Freeway, Suite 308<br>Houston, TX 77074<br>City          State      ZIP Code | 4/30, 3/31<br><br>2/4, 2/28 | $ 31,236.81 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☑ Other  Rent |
| 3.2. | Creditor's name<br><br>Street<br><br>City          State      ZIP Code | | $ | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other |

**4.  Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None

| | Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|---|
| 4.1. | Jeffrey Beicker<br>Insider's name<br>105 Big Trail Circle<br>Street<br><br>Missouri City, TX 77459<br>City          State      ZIP Code<br><br>**Relationship to debtor**<br>Majority Owner / BOD | 5/4/19-5/4/20 | $ 17,096.23 | Monthly business expense reimbursement - insider used personal funds to pay business bills (i.e. phone, technology, other overhead) |
| 4.2. | Charles Craig Janies<br>Insider's name<br>718 Wilken St<br>Street<br><br>Houston, TX 77008<br>City          State      ZIP Code<br><br>**Relationship to debtor**<br>Minority Owner / BOD | 5/4/19-5/4/20 | $ 10,311.23 | Monthly business expense reimbursement including commercial and marketing expenses on behalf of the company, reimbursed overhead and other |

Debtor _____Permico Midstream Partners, LLC_____     Case number (*if known*) 20-32438 _____
       Name

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☒ None

| Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|
| 5.1. | | | |
| Creditor's name | | | $ _ |
| Street | | | |
| | | | |
| City                State        ZIP Code | | | |
| 5.2. | | | |
| Creditor's name | | | $ _ |
| Street | | | |
| | | | |
| City                State        ZIP Code | | | |

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☒ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| Creditor's name | | | $_____ |
| Street | | | |
| City                State        ZIP Code | Last 4 digits of account number: XXXX– __ __ __ __ | | |

## Part 3:   Legal Actions or Assignments

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None

| | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1. | Edgen Murray Corp. v. Permico Midstream Partners, LLC and HGC Midstream INV, LLC | Fraudulent Inducement<br>Breach of Contract<br>Declaratory Judgment | 234th Judicial District Court<br>Name<br>201 Caroline St 13th floor<br>Street<br>Houston          TX          77002<br>City          State          ZIP Code | ☒ Pending<br>☐ On appeal<br>☐ Concluded |
| | **Case number**<br>No. 2020-16509 | | | |
| 7.2. | **Case title**<br>_____ | _____ | **Court or agency's name and address**<br>Name<br>Street<br>City          State          ZIP Code | ☐ Pending<br>☐ On appeal<br>☐ Concluded |
| | **Case number**<br>_____ | | | |

Debtor   Permico Midstream Partners, LLC _____    Case number *(if known)* 20-32438 _____
Name

---

**8.  Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☒ None

| Custodian's name and address | Description of the property | Value |
|---|---|---|
| | _____ | $_____ |
| Custodian's name | **Case title** | **Court name and address** |
| Street | _____ | Name |
| City          State      ZIP Code | **Case number** | Street |
| | _____ | City        State       ZIP Code |
| | **Date of order or assignment** | |
| | _____ | |

---

## Part 4:   Certain Gifts and Charitable Contributions

**9.  List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☒ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
| 9.1.  Recipient's name | _____ | _____ | $_____ |
| Street | _____ | | |
| City          State      ZIP Code | | | |
| **Recipient's relationship to debtor** | | | |
| _____ | | | |
| 9.2.  Recipient's name | _____ | _____ | $_____ |
| Street | _____ | | |
| City          State      ZIP Code | | | |
| **Recipient's relationship to debtor** | | | |
| _____ | | | |

---

## Part 5:   Certain Losses

**10.  All losses from fire, theft, or other casualty within 1 year before filing this case.**

☒ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss | Date of loss | Value of property lost |
|---|---|---|---|
| | If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received. | | |
| | List unpaid claims on Official Form 106A/B (*Schedule A/B: Assets – Real and Personal Property*). | | |
| _____ | _____ | _____ | $_____ |

---

Debtor   Permico Midstream Partners, LLC
         _____
         Name

Case number (if known) 20-32438
                        _____

---

| **Part 6:** | **Certain Payments or Transfers** |
|---|---|

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | Dickinson & Wheelock, PC | Legal expenses | 12/27/2019 - 4/30/2020 | $ 46,000 |
| | **Address** | | | |
| | 7600 Woodway Drive | | | |
| | Street | | | |
| | Suite 460 | | | |
| | Houston, TX 77063 | | | |
| | City          State          ZIP Code | | | |
| | **Email or website address** | | | |
| | | | | |
| | **Who made the payment, if not debtor?** | | | |
| | Jeffrey Beicker | | | |

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.2. | | | | $ |
| | **Address** | | | |
| | Street | | | |
| | | | | |
| | City          State          ZIP Code | | | |
| | **Email or website address** | | | |
| | | | | |
| | **Who made the payment, if not debtor?** | | | |
| | | | | |

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☒ None

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| | | | $ |
| **Trustee** | | | |
| | | | |

---

Debtor     Permico Midstream Partners, LLC
_____
           Name

Case number (*if known*) 20-32438
_____

**13. Transfers not already listed on this statement**

List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☒ None

| Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|

13.1. _____    _____    _____    $_____

      **Address**                  _____

      _____
      Street

      _____
      City          State    ZIP Code

      **Relationship to debtor**

      _____


      **Who received transfer?**                                                     $_____

13.2. _____    _____    _____    $_____

                                   _____

      **Address**

      _____
      Street

      _____
      City          State    ZIP Code

      **Relationship to debtor**

      _____


## Part 7:    Previous Locations

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☒ Does not apply

| Address | Dates of occupancy |
|---|---|

14.1. _____    From _____    To _____
      Street

      _____
      City                State    ZIP Code

14.2. _____    From _____    To _____
      Street

      _____
      City                State    ZIP Code

| Debtor | Permico Midstream Partners, LLC | Case number (if known) | 20-32438 |
|---|---|---|---|
| | Name | | |

---

| Part 8: | Health Care Bankruptcies |
|---|---|

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:

— diagnosing or treating injury, deformity, or disease, or

— providing any surgical, psychiatric, drug treatment, or obstetric care?

☒ No. Go to Part 9.

☐ Yes. Fill in the information below.

| | Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|---|
| 15.1. | | | |
| | Facility name | | |
| | Street | Location where patient records are maintained (if different from facility address). If electronic, identify any service provider. | How are records kept? |
| | | | Check all that apply: |
| | City          State          ZIP Code | | ☐ Electronically |
| | | | ☐ Paper |
| | **Facility name and address** | **Nature of the business operation, including type of services the debtor provides** | **If debtor provides meals and housing, number of patients in debtor's care** |
| 15.2. | | | |
| | Facility name | | |
| | Street | Location where patient records are maintained (if different from facility address). If electronic, identify any service provider. | How are records kept? |
| | | | Check all that apply: |
| | City          State          ZIP Code | | ☐ Electronically |
| | | | ☐ Paper |

---

| Part 9: | Personally Identifiable Information |
|---|---|

**16. Does the debtor collect and retain personally identifiable information of customers?**

☒ No.

☐ Yes. State the nature of the information collected and retained. _____

Does the debtor have a privacy policy about that information?

☐ No

☐ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☒ No. Go to Part 10.

Yes. Does the debtor serve as plan administrator?

☐ No. Go to Part 10.

☐ Yes. Fill in below:

| Name of plan | Employer identification number of the plan |
|---|---|
| | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___ |

Has the plan been terminated?

☐ No

☐ Yes

---

| Debtor | Permico Midstream Partners, LLC | Case number *(if known)* 20-32438 |
|---|---|---|
| | Name | |

| Part 10: | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |
|---|---|

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?

Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☒ None

| | Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| 18.1. | _____<br>Name<br>_____<br>Street<br>_____<br>_____<br>City          State          ZIP Code | XXXX–___ ___ ___ ___ | ☐ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other_____ | _____ | $_____ |
| 18.2. | _____<br>Name<br>_____<br>Street<br>_____<br>_____<br>City          State          ZIP Code | XXXX–___ ___ ___ ___ | ☐ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other_____ | _____ | $_____ |

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☒ None

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| _____<br>Name<br>_____<br>Street<br>_____<br>City          State          ZIP Code | _____<br>_____<br>_____<br><br>Address<br>_____<br>_____ | _____<br>_____<br>_____ | ☐ No<br>☐ Yes |

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☒ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| _____<br>Name<br>_____<br>Street<br>_____<br>City          State          ZIP Code | _____<br>_____<br>_____<br><br>Address<br>_____<br>_____ | _____<br>_____<br>_____ | ☐ No<br>☐ Yes |

Debtor  Permico Midstream Partners, LLC
_____
Name

Case number *(if known)* 20-32438
_____

| Part 11: | Property the Debtor Holds or Controls That the Debtor Does Not Own |
| --- | --- |

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☒ None

| Owner's name and address | Location of the property | Description of the property | Value |
| --- | --- | --- | --- |
| | | | $_____ |
| Name | | | |
| Street | | | |
| City          State          ZIP Code | | | |

| Part 12: | Details About Environmental Information |
| --- | --- |

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☒ No
☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
| --- | --- | --- | --- |
| | Name | | ☐ Pending |
| Case number | Street | | ☐ On appeal |
| | | | ☐ Concluded |
| | City          State          ZIP Code | | |

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☒ No
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
| --- | --- | --- | --- |
| | | | _____ |
| Name | Name | | |
| Street | Street | | |
| City          State          ZIP Code | City          State          ZIP Code | | |

Official Form 207     **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**     page **9**

Debtor    Permico Midstream Partners, LLC                                   Case number *(if known)* 20-32438
          _____
          Name

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☒ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| Name | Name | _____ | _____ |
| Street | Street | _____ | |
| City          State          ZIP Code | City          State          ZIP Code | | |

---

| **Part 13:** | **Details About the Debtor's Business or Connections to Any Business** |
|---|---|

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☒ None

| | Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|---|
| 25.1. | Name<br>Street<br>City          State          ZIP Code | _____<br>_____<br>_____ | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___<br>**Dates business existed**<br><br>From _____   To _____ |
| 25.2. | Name<br>Street<br>City          State          ZIP Code | _____<br>_____<br>_____ | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___<br>**Dates business existed**<br><br>From _____   To _____ |
| 25.3. | Name<br>Street<br>City          State          ZIP Code | _____<br>_____<br>_____ | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___<br>**Dates business existed**<br><br>From _____   To _____ |

Debtor    Permico Midstream Partners, LLC _____    Case number *(if known)* 20-32438 _____
          Name

---

### 26. Books, records, and financial statements

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26a.1. Jordan Fickessen, CPA<br>Name<br>9301 Southwest Freeway, Suite 308<br>Street<br><br>Houston, TX 77074<br>City · State · ZIP Code | From 10/2015 To 05/2020 |

| Name and address | Dates of service |
|---|---|
| 26a.2. <br>Name<br><br>Street<br><br>City · State · ZIP Code | From _____ To _____ |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26b.1. ABIP, PC<br>Name<br>1717 St James Place<br>Street<br>Suite 500<br>Houston, TX 77056<br>City · State · ZIP Code | From 09/2018 To 05/2020 |

| Name and address | Dates of service |
|---|---|
| 26b.2. <br>Name<br><br>Street<br><br>City · State · ZIP Code | From _____ To _____ |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☒ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1. <br>Name<br><br>Street<br><br>City · State · ZIP Code | |

Debtor  Permico Midstream Partners, LLC
_____
Name

Case number (if known) 20-32438
_____

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.2. | |
| Name | _____ |
| Street | _____ |
| | _____ |
| City                        State              ZIP Code | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and address |
|---|
| 26d.1.  HGC Midstream INV, LLC |
| Name |
| 300 Frank W. Burr Blvd., STE 52 |
| Street |
| Teaneck                    New Jersey         07666 |
| City                        State              ZIP Code |

| Name and address |
|---|
| 26d.2. |
| Name |
| Street |
| City                        State              ZIP Code |

27. **Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☒ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| _____ | _____ | $_____ |

| Name and address of the person who has possession of inventory records |
|---|
| 27.1. |
| Name |
| Street |
| City                        State              ZIP Code |

Debtor  Permico Midstream Partners, LLC
_____
Name

Case number (*if known*)  20-32438
_____

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| _____ | _____ | $ _____ |

| Name and address of the person who has possession of inventory records |
|---|

27.2.  _____
Name

_____
Street

_____
City                                State          ZIP Code

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Jeffrey F Beicker | 105 Big Trail Cir, Missouri City, TX 77459 | Managing Member, Controlling Shareholder, BOD | _____51.66%__ |
| Charles Craig Janies | 718 Wilken St, Houston, TX 77008 | Shareholder, BOD | _____3.33%____ |
| Jeffrey Sykes | 3967 NW 82nd Way, Cooper City, FL 33024 | Shareholder, BOD | _____15.00%__ |
| Taewon Jun | 300 Frank W. Burr Blvd., STE 52, Teaneck, NJ 07666 | BOD | _____0.01%__ |

Note: At the time of the filing, HGC had made the contested assertion that the first three members above were removed and replaced with Sehwan Park, Howoo Shin, and Haeyoung Lee as replacement BOD members.

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☒ No
☐ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| _____ | _____ | _____ | From _____ To _____ |
| _____ | _____ | _____ | From _____ To _____ |
| _____ | _____ | _____ | From _____ To _____ |
| _____ | _____ | _____ | From _____ To _____ |

30. **Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ No
☒ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1.  Jeffrey Beicker | 270,000 | 5/1/2019 - 5/4/2020 | CEO compensation |
| Name | | | |
| 105 Big Trail Cir | | _____ | |
| Street | | | |
| Missouri City, TX 77459 | | _____ | |
| City            State        ZIP Code | | | |
| Relationship to debtor | | _____ | |
| Majority Shareholder | | | |

Debtor  **Permico Midstream Partners, LLC**
Name

Case number (if known) 20-32438

| | | | | |
|---|---|---|---|---|
| | Name and address of recipient | 250,000 | 5/1/2019 - 5/4/2020 | COO/ CCO Compensation |
| 30.2 | Charles Craig Janies | | | |
| | Name | | | |
| | 718 Wilken St | | | |
| | Street | | | |
| | Houston, TX 77008 | | | |
| | City          State          ZIP Code | | | |
| | Relationship to debtor | | | |
| | Minority Shareholder | | | |

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☒ No

☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| | EIN: __ __ - __ __ __ __ __ __ __ |

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☒ No

☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| | EIN: __ __ - __ __ __ __ __ __ __ |

**Part 14:**   **Signature and Declaration**

WARNING — Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  06/18/2020
                MM  / DD  / YYYY

X _____                    Printed name  Jeffrey F. Beicker
Signature of individual signing on behalf of the debtor

Position or relationship to debtor   Chief Executive Officer

Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?

☒ No

☐ Yes