**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| PERMICO MIDSTREAM PARTNERS | § | Case No. 20-32437 (MI) |
| HOLDINGS, LLC, *et al.*, | § | |
| | § | (Jointly Administered) |
| Debtors.[1] | § | |

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND
DISCLAIMER REGARDING DEBTORS' SCHEDULES AND STATEMENTS**

The Schedules of Assets and Liabilities (collectively with attachments, the "Schedules") and the Statements of Financial Affairs (collectively with attachments, the "Statements," and together with the Schedules, the "Schedules and Statements") filed by William R. Greendyke, the chapter 11 trustee (the "Trustee") for the above-captioned debtors (the "Debtors"), were prepared pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") by management of the Debtor, with the assistance of the Debtors' advisors, and are unaudited.

These Global Notes and Statement of Limitations, Methodologies, and Disclaimers Regarding the Debtors' Schedules and Statements (the "Global Notes") are incorporated by reference in, and comprise an integral part of the Schedules and Statements, and should be referred to and considered in connection with any review of the Schedules and Statements.

While reasonable efforts have been made to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances, based on information that was available at the time of preparation, the Debtors' business is complex and  inadvertent errors, inaccuracies, or omissions may have occurred and the Trustee or the Debtors' management may discover subsequent information that requires material changes to the Schedules and Statements. Because the Schedules and Statements contain unaudited information, which is subject to further review, verification, and potential adjustment, there can be no assurance that the Schedules and Statements are complete.  All claims are subject to further review and the failure to list a claim at present as unliquidated, contingent, disputed, or subject to setoff, does not mean that such designation may not change in the future.

The Schedules and Statements have been signed by Jeffrey Beicker, the CEO of the Debtors as of the Petition Date (defined below). Accordingly, in reviewing and signing the Schedules and Statements, Mr. Beicker necessarily relied upon the efforts, statements, and representations of the Debtors' other personnel and advisors. Mr. Beicker has not (and could not have) personally

---

[1] The Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers are as follows: Permico Midstream Partners Holdings, LLC (6374) and Permico Midstream Partners LLC (7902). The location of the Debtors' corporate headquarters and service address is 9301 Southwest Freeway, Suite 308, Houston, TX 77074.

verified the accuracy of each such statement and representation, including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and respective creditor addresses.

The Global Notes supplement and are in addition to any specific notes contained in the Schedules or Statements.

1.    **Description of Cases.** On May 4, 2020 (the "Petition Date"), each of the Debtors filed a voluntary petition for chapter 11 relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"). On May 22, 2020, this Court entered its *Order Approving Appointment of Chapter 11 Trustee in the Jointly Administered Permico Midstream Partners Holdings, LLC Cases*, appointing William R. Greendyke to serve as the chapter 11 trustee for the Debtors.

2.    **"As Of" Information Date.** To the best of the Debtors' knowledge, the asset information provided herein, except as expressly noted otherwise, represents the asset data of the Debtors as of the Petition Date. Amounts ultimately realized may vary from net book value (or whatever value was ascribed) and such variance may be material. Accordingly, the Trustee reserves all rights to amend or adjust the value of each asset set forth herein. In addition, the amounts shown for total liabilities exclude items identified as "unknown," "disputed," "contingent," "unliquidated," or "undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.

3.    **General Reservation of Rights.** Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist. The Trustee reserves all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including the right to amend the Schedules and Statements with respect to any claim ("Claim") description or designation; dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority, or avoidability of any Claim. Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such Claim or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim does not constitute an admission of (a) liability, or (b) amounts due or owed, if any, by the Debtors against which the Claim is listed or against the Debtors. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to this chapter 11 case, including issues involving Claims, defenses, equitable subordination, or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant nonbankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

4.    **GAAP.** Given the difference between the information requested in the Schedules and Statements, and the financial information utilized under generally accepted accounting principles in the United States ("GAAP") the aggregate asset values and claim amounts set forth in the

Schedules and Statements do not necessarily reflect the amounts that would be set forth in a balance sheet prepared in accordance with GAAP.

**5.** *Confidential or Sensitive Information.* There may be instances in which certain information in the Schedules and Statements intentionally has been redacted due to concerns about the confidential or commercially sensitive nature of certain information or concerns for the privacy of an individual. The alterations or redactions are limited only to what is necessary to protect the Debtor or the applicable third-party.

**6.** *Causes of Action.* Despite reasonable efforts to identify all known assets, all causes of action or potential causes of action of the Debtors against third-parties may not be listed as assets in the Schedules and Statements. The Trustee reserves all rights with respect to any Claims or causes of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") the Debtors or Trustee may have, and neither the Global Notes nor the Schedules and Statements shall be deemed a waiver of any Claims or Causes of Action or in any way prejudice or impair the assertion of such Claims or Causes of Action.

**7.** *Recharacterization.* The Debtors have made reasonable efforts to correctly characterize, classify, categorize, and designate the Claims, assets, executory contracts, unexpired leases, interests, and other items reported in the Schedules and Statements. Nevertheless, the Debtors may not have accurately characterized, classified, categorized, or designated certain items. The Trustee therefore reserves the right to recharacterize, reclassify, re-categorize, or re-designate items reported in the Schedules and Statements at a later time as necessary or appropriate.

**8.** *Liabilities*. The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change. The Trustee reserves the right to amend the Schedules and Statements as he deems appropriate in this regard.

**9.** *Excluded Assets and Liabilities.* Certain categories of assets and liabilities have been excluded from the Schedules and Statements. The Debtors also have excluded rejection damage Claims of counterparties to executory contracts and unexpired leases that may be rejected (if any), to the extent such damage Claims exist. In addition, certain immaterial or de minimis assets and liabilities may have been excluded.

**10.** *Property and Equipment.* Unless otherwise indicated, owned property (including real property) and equipment are stated at net book value. The Debtors may lease furniture, fixtures,

and equipment from certain third-party lessors. Any such leases are set forth in the Schedules and Statements. Nothing in the Schedules and Statements is or shall be construed as an admission as to the determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Trustee reserves all rights with respect thereto.

*11.*     *Inventory.*  As referenced above, it would be prohibitively expensive, unduly burdensome, and time consuming to physically inspect all inventory held by the Debtors. Further, the last inventory information available to the Debtors was generated in the ordinary course of business on or about the Petition Date.  Accordingly, to the extent inventory is disclosed, referenced, and/or described in the Schedules and Statements, such disclosures are based on information reasonably available to the Debtors as of May 2020.

*12.*     *Estimates.*  To prepare and file the Schedules and Statements in accordance with the requests of the U.S. Trustee, the Debtors were required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities. The Trustee reserves all rights to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

*13.*     *Fiscal Year.*  The Debtors' fiscal year ends on December 31.

*14.*     *Currency.*  All amounts are reflected in U.S. dollars.

*15.*     *Executory Contracts.*  Although diligent attempts have been made to properly identify the counterparty(ies) to each executory contract on Schedule G, it is possible that more executory contracts than listed on Schedule G. The Trustee reserves all rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G. In addition, although the Debtor made diligent attempts to properly identify executory contracts and unexpired leases, the inclusion of a contract or lease on Schedule G does not constitute an admission as to the executory or unexpired nature (or non-executory or expired nature) of the contract or lease, or an admission as to the existence or validity of any Claims held by the any counterparty to such contract or lease. Furthermore, while the Debtors made diligent attempts to properly identify all executory contracts and unexpired leases, inadvertent errors, omissions, or over inclusion may have occurred.

*16.*     *Leases.*  Future obligations of any capital or operating leases have not been included in the Schedules and Statements. To the extent that there was an amount outstanding as of the Petition Date, the creditor has been included on Schedule E/F of the Schedules.

*17.*     *Insiders.*  The Debtors have attempted to include all payments made on or within 12 months before the Petition Date to any individual or entity deemed an "insider." An individual or entity is designated as an "insider" if such individual or entity, based on the totality of the circumstances, had at least a controlling interest in, or exercises sufficient authority over, the Debtors so as to unqualifiably dictate corporate policy and the disposition of corporate assets.

The listing of a party as an "insider" is not intended to be nor should be construed as a legal characterization of such party as an insider and does not act as an admission of any fact, Claim, right, or defense, and all such rights, Claims, and defenses are hereby expressly reserved.

**18.     *Totals.*** All totals that are included in the Schedules and Statements represent totals of all known amounts included in the Schedules and Statements. To the extent there are unknown, disputed, contingent, unliquidated, or otherwise undetermined amounts, the actual total may be different than the listed total.

**19.     *Setoffs.*** The Debtors may incur certain offsets and other similar rights during the ordinary course of business. Offsets in the ordinary course can result from various items, including, but not limited to, intercompany transactions, pricing discrepancies, returns, warranties, and other disputes between the Debtors and their customers or vendors and setoffs or netting permitted under common obligations of a single joint operating agreement. These offsets and other similar rights are consistent with the ordinary course of business and are not tracked separately. Therefore, although the impact of such offsets and other similar rights may have been accounted for when certain net amounts were included in the Schedules, offsets are not independently accounted for, and as such, are not included separately in the Debtors' Schedules and Statements.

**20.     *Credits and Adjustments.*** The claims of individual creditors for, among other things, goods, products, or services are listed as amounts entered on the Debtors' books and records and may not reflect credits, allowances or other adjustments due from such creditors to the Debtors. The Trustee reserve all rights respecting such credits, allowances, and other adjustments.

**21.     *Guaranties and Other Secondary Liability Claims.*** Reasonable best efforts have been used to locate and identify guaranties and other secondary liability claims (collectively, the "Guaranties") in the Debtors' executory contracts, unexpired leases, debt instruments, and other such agreements; however, a review of these agreements, specifically the Debtors' leases and contracts, is ongoing.

**22.     *Mechanics Liens.*** The property and equipment listed in the Schedules are presented without consideration of any mechanics', materialman's or other similar statutory liens. Such liens may apply, and the Trustee reserves the right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be perfected by a creditor.

**23.     *Global Notes Control.*** In the event that the Schedules and Statements differ from the Global Notes, the Global Notes shall control.

<u>**Specific Disclosures with Respect to the Debtors' Schedules**</u>

**1.     *Schedule A/B.*** Real property is reported at book value. Certain assets may be listed as real property when such assets are in fact personal property, or certain assets may be listed as personal property when such assets are in fact real property.  Additionally, certain assets, including pipe subject to purchase orders by and between the Debtor and Corpac Steel Products Corp. and by and between the Debtor and Edgen Murray Corporation are subject to determination of the title disputes in Adversary Proceeding Nos. 20-03126 and 20-03173.  As of

the date of the filing of these Schedules, the Trustee has not yet answered the Adversary Proceeding complaints, discovery has not commenced, and the Trustee does not have sufficient information to take a position as to the estate's rights, interests, and liabilities associated with the pipe. The Trustee reserves all rights to re-categorize or recharacterize any asset holdings to the extent the Trustee determines that such holdings were listed incorrectly.

The failure to list any rights in real property on Schedule A/B should not be construed as a waiver of any such rights that may exist, whether known or unknown at this time.

Despite reasonable best efforts to identify all known assets, all of the Debtors' Causes of Action or potential Causes of Action against third parties may not be listed as assets in the Schedules and Statements. The Trustee reserve all rights with respect to any Causes of Action that the Debtor may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims, causes of action, or avoidance actions or in any way prejudice or impair the assertion of such claims.

**2.     Schedule D.** Except as otherwise agreed pursuant to a stipulation, or agreed order, or general order entered by the Bankruptcy Court that is or becomes final, the Trustee reserves the right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D. Moreover, although various creditor claims may be scheduled as secured claims, the Trustee reserves all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim.

**3.     _Schedule E/F, Part 1: Creditors Holding Priority Unsecured Claims._** The listing of any claim on Schedule E/F does not constitute an admission that such claim is entitled to priority treatment under section 507 of the Bankruptcy Code. The Trustee reserves all rights to dispute the amount and the priority status of any claim on any basis at any time.

**4.     _Schedule E/F, Part 2: Creditors Holding Non-Priority Unsecured Claims._** Reasonable best efforts have been used to list all general unsecured claims against the Debtor on Schedule E/F based upon the Debtors' existing books and records as of the date of the Order for Relief.

Certain creditors listed on Schedule E/F may owe amounts to the Debtor and, as such, the Debtor may have valid setoff or recoupment rights with respect to such amounts. The amounts listed on Schedule E/F do not reflect any such right of setoff or recoupment and the Trustee reserves all rights to assert any such setoff or recoupment rights. Additionally, certain creditors may assert mechanics', materialman's, or other similar liens against the Debtors for amounts listed on Schedule E/F. The Trustee reserves the right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be perfected by a creditor listed on Schedule E/F.

Schedule E/F does not include certain deferred credits, deferred charges, deferred liabilities, accruals, or general reserves. Such amounts are general estimates of liabilities and do not represent specific claims as of the Petition Date; however, such amounts are reflected on the

Debtors' books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date.

The claims listed in Schedule E/F arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact. Determining the date upon which each claim in Schedule E/F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, Schedule E/F does not list a date for each listed claim.

Schedule E/F reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in whole or in part in connection with the assumption, or assumption and assignment, of an executory contract or unexpired lease. In addition, Schedule E/F does not include rejection damage claims of the counterparties to the executory contracts and unexpired leases that have been or may be rejected, to the extent such damage claims exist.

Reasonable efforts have been made to locate and identify guaranties and other secondary liability claims (collectively, the "Guaranties") in each of the executory contracts, unexpired leases, secured financings, debt instruments and other such agreements to which any Debtor is a party. Where Guaranties have been identified, they have been included in the relevant Schedules. It is possible that certain Guaranties embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements may have been inadvertently omitted. The Trustee reserves the rights to amend the Schedules to the extent additional Guaranties are identified or such Guaranties are discovered to have expired or be unenforceable. Additionally, failure to list any Guaranties in the Schedules and Statements, including in any future amendments to the Schedules and Statements, shall not affect the enforceability of any Guaranties not listed.

*5.* **Schedule G.** Certain of the executory contracts and unexpired leases listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, right to lease additional space, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G.

The Trustee hereby reserves all rights, claims, and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument related to a creditor's claim, to dispute the validity, status, or enforceability of any contract, agreement, or lease set forth in Schedule G, and to amend or supplement Schedule G as necessary. The inclusion of a contract or lease on Schedule G does not constitute an admission as to the executory or unexpired nature (or non-executory or expired nature) of the contract or lease, or an admission as to the existence or validity of any Claims held by the counterparty to such contract or lease, and the Trustee reserves all rights in that regard, including, without limitation, that any agreement is not executory, has expired pursuant to its terms, or was terminated prepetition.

In addition, Schedule G does not include rejection damage claims of the counterparties to the executory contracts and unexpired leases that have been or may be rejected, to the extent such damage claims exist.

**Fill in this information to identify the case:**

Debtor name  Permico Midstream Partners Holdings, LLC

United States Bankruptcy Court for the: Southern    District of Texas
_(State)_

Case number (If known): 20-32437

☐ Check if this is an
amended filing

Official Form 206Sum

## Summary of Assets and Liabilities for Non-Individuals

**12/15**

---

**Part 1:**   **Summary of Assets**

1. *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

   1a. **Real property:**
   Copy line 88 from *Schedule A/B*..............................................................

   $ 0.00

   1b. **Total personal property:**
   Copy line 91A from *Schedule A/B*..............................................................

   $ 0.00

   1c. **Total of all property:**
   Copy line 92 from *Schedule A/B*..............................................................

   $ 0.00

---

**Part 2:**   **Summary of Liabilities**

2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*...........................................

   $ 31,136,301.00

3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

   3a. **Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 5a of *Schedule E/F*...........................................

   $ 0.00

   3b. **Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*...........................................

   + $ 0.00

4. **Total liabilities**...........................................................................................
   Lines 2 + 3a + 3b

   $ 31,136,301.00

---

**Fill in this information to identify the case:**

Debtor name  Permico Midstream Partners Holdings, LLC

United States Bankruptcy Court for the: Southern _____ District of Texas _____
                                                                                                                    (State)

Case number (If known):  20-32437 _____

☐ Check if this is an amended filing

Official Form 206A/B

# Schedule A/B: Assets — Real and Personal Property       12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

## Part 1:   Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**

   ☑ No. Go to Part 2.
   ☐ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|

2. **Cash on hand**                                                                                                    $_____

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

   | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
   |---|---|---|---|
   | 3.1. _____ | _____ | ____ ____ ____ ____ | $_____ |
   | 3.2. _____ | _____ | ____ ____ ____ ____ | $_____ |

4. **Other cash equivalents** *(Identify all)*

   4.1. _____                                  $_____
   4.2. _____                                  $_____

5. **Total of Part 1**                                                                                                    $_____

   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

## Part 2:   Deposits and prepayments

6. **Does the debtor have any deposits or prepayments?**

   ☑ No. Go to Part 3.
   ☐ Yes. Fill in the information below.

                                                                                                              Current value of debtor's interest

7. **Deposits, including security deposits and utility deposits**

   Description, including name of holder of deposit

   7.1. _____                                  $_____
   7.2. _____                                  $_____

Debtor   Permico Midstream Partners Holdings, LLC
         _____     Case number (*if known*) 20-32437
         Name

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

   Description, including name of holder of prepayment

   8.1._____   $_____

   8.2._____   $_____

9. **Total of Part 2.**

   Add lines 7 through 8. Copy the total to line 81.                $_____

## Part 3:   Accounts receivable

10. **Does the debtor have any accounts receivable?**

    ☑ No. Go to Part 4.

    ☐ Yes. Fill in the information below.

                                                                   Current value of debtor's
                                                                   interest

11. **Accounts receivable**

    11a. 90 days old or less:   _____ – _____ = ....➔   $_____
                                face amount       doubtful or uncollectible accounts

    11b. Over 90 days old:      _____ – _____ = ....➔   $_____
                                face amount       doubtful or uncollectible accounts

12. **Total of Part 3**

    Current value on lines 11a + 11b = line 12. Copy the total to line 82.   $_____

## Part 4:   Investments

13. **Does the debtor own any investments?**

    ☐ No. Go to Part 5.

    ☑ Yes. Fill in the information below.

                                                      Valuation method         Current value of debtor's
                                                      used for current value   interest

14. **Mutual funds or publicly traded stocks not included in Part 1**

    Name of fund or stock:

    14.1._____     _____     $_____

    14.2._____     _____     $_____

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

    Name of entity:                              % of ownership:

    15.1. Permico Midstream Partners, LLC        100     %     _____     $ Unknown

    15.2._____     _____%     _____     $_____

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

    Describe:

    16.1._____     _____     $_____

    16.2._____     _____     $_____

17. **Total of Part 4**

    Add lines 14 through 16. Copy the total to line 83.              $_____

Debtor **Permico Midstream Partners Holdings, LLC**                    Case number (*if known*) **20-32437**
         Name

---

| Part 5: | Inventory, excluding agriculture assets |
|---|---|

18. **Does the debtor own any inventory (excluding agriculture assets)?**

☑ No. Go to Part 6.

☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 19. **Raw materials** | _____ MM / DD / YYYY | $_____ | _____ | $_____ |
| 20. **Work in progress** | _____ MM / DD / YYYY | $_____ | _____ | $_____ |
| 21. **Finished goods, including goods held for resale** | _____ MM / DD / YYYY | $_____ | _____ | $_____ |
| 22. **Other inventory or supplies** | _____ MM / DD / YYYY | $_____ | _____ | $_____ |

23. **Total of Part 5**

Add lines 19 through 22. Copy the total to line 84.                                                    $_____

24. **Is any of the property listed in Part 5 perishable?**

☐ No
☐ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☐ No
☐ Yes. Book value _____ Valuation method _____ Current value _____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☐ No
☐ Yes

---

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |
|---|---|

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28. **Crops—either planted or harvested** | $_____ | _____ | $_____ |
| 29. **Farm animals** *Examples*: Livestock, poultry, farm-raised fish | $_____ | _____ | $_____ |
| 30. **Farm machinery and equipment** (Other than titled motor vehicles) | $_____ | _____ | $_____ |
| 31. **Farm and fishing supplies, chemicals, and feed** | $_____ | _____ | $_____ |
| 32. **Other farming and fishing-related property not already listed in Part 6** | $_____ | _____ | $_____ |

Debtor   Permico Midstream Partners Holdings, LLC
_____
Name

Case number *(if known)* 20-32437
_____

33. **Total of Part 6.**

Add lines 28 through 32. Copy the total to line 85.

$_____

34. **Is the debtor a member of an agricultural cooperative?**

☐ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

☐ No

☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes. Book value $_____   Valuation method _____   Current value $_____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No

☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No

☐ Yes

| **Part 7:** | Office furniture, fixtures, and equipment; and collectibles |
|---|---|

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** | $_____ | _____ | $_____ |
| 40. **Office fixtures** | $_____ | _____ | $_____ |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** | $_____ | _____ | $_____ |
| 42. **Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1_____ | $_____ | _____ | $_____ |
| 42.2_____ | $_____ | _____ | $_____ |
| 42.3_____ | $_____ | _____ | $_____ |

43. **Total of Part 7.**

Add lines 39 through 42. Copy the total to line 86.

$_____

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No

☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No

☐ Yes

Debtor    Permico Midstream Partners Holdings, LLC
          _____          Case number (if known)  20-32437
          Name

---

| Part 8: | Machinery, equipment, and vehicles |
|---|---|

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General description<br><br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br><br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

47. **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles**

| 47.1 _____ | $_____ | _____ | $_____ |
| 47.2 _____ | $_____ | _____ | $_____ |
| 47.3 _____ | $_____ | _____ | $_____ |
| 47.4 _____ | $_____ | _____ | $_____ |

48. **Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels

| 48.1 _____ | $_____ | _____ | $_____ |
| 48.2 _____ | $_____ | _____ | $_____ |

49. **Aircraft and accessories**

| 49.1 _____ | $_____ | _____ | $_____ |
| 49.2 _____ | $_____ | _____ | $_____ |

50. **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

| _____ | $_____ | _____ | $_____ |

51. **Total of Part 8.**
    Add lines 47 through 50. Copy the total to line 87.

    $_____

52. **Is a depreciation schedule available for any of the property listed in Part 8?**
    ☐ No
    ☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**
    ☐ No
    ☐ Yes

---

Debtor   Permico Midstream Partners Holdings, LLC
_____
Name

Case number *(if known)*   20-32437
_____

---

### Part 9:   Real property

54. **Does the debtor own or lease any real property?**

☑ No. Go to Part 10.

☐ Yes. Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as<br>Assessor Parcel Number (APN), and type of property<br>(for example, acreage, factory, warehouse, apartment<br>or office building), if available. | Nature and extent<br>of debtor's interest<br>in property | Net book value of<br>debtor's interest<br>(Where available) | Valuation method used<br>for current value | Current value of<br>debtor's interest |
|---|---|---|---|---|
| 55.1 _____ | _____ | $_____ | _____ | $_____ |
| 55.2 _____ | _____ | $_____ | _____ | $_____ |
| 55.3 _____ | _____ | $_____ | _____ | $_____ |
| 55.4 _____ | _____ | $_____ | _____ | $_____ |
| 55.5 _____ | _____ | $_____ | _____ | $_____ |
| 55.6 _____ | _____ | $_____ | _____ | $_____ |

56. **Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

$_____

57. **Is a depreciation schedule available for any of the property listed in Part 9?**

☐ No

☐ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☐ No

☐ Yes

---

### Part 10:   Intangibles and intellectual property

59. **Does the debtor have any interests in intangibles or intellectual property?**

☑ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General description | Net book value of<br>debtor's interest<br>(Where available) | Valuation method<br>used for current value | Current value of<br>debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets**<br>_____ | $_____ | _____ | $_____ |
| 61. **Internet domain names and websites**<br>_____ | $_____ | _____ | $_____ |
| 62. **Licenses, franchises, and royalties**<br>_____ | $_____ | _____ | $_____ |
| 63. **Customer lists, mailing lists, or other compilations**<br>_____ | $_____ | _____ | $_____ |
| 64. **Other intangibles, or intellectual property**<br>_____ | $_____ | _____ | $_____ |
| 65. **Goodwill**<br>_____ | $_____ | _____ | $_____ |

66. **Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

$_____

Debtor   Permico Midstream Partners Holdings, LLC

Name

Case number *(if known)* 20-32437

---

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)**?**

❑ No

❑ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

❑ No

❑ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

❑ No

❑ Yes

## Part 11:   All other assets

70. **Does the debtor own any other assets that have not yet been reported on this form?**

Include all interests in executory contracts and unexpired leases not previously reported on this form.

◼ No. Go to Part 12.

❑ Yes. Fill in the information below.

|  |  | Current value of debtor's interest |
|---|---|---|

71. **Notes receivable**

Description (include name of obligor)

_____     _____ − _____ = ➡   $_____

Total face amount    doubtful or uncollectible amount

72. **Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

| | Tax year _____ | $_____ |
| | Tax year _____ | $_____ |
| | Tax year _____ | $_____ |

73. **Interests in insurance policies or annuities**

_____     $_____

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

_____     $_____

Nature of claim   _____

Amount requested   $_____

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

_____     $_____

Nature of claim   _____

Amount requested   $_____

76. **Trusts, equitable or future interests in property**

_____     $_____

77. **Other property of any kind not already listed**   *Examples:* Season tickets, country club membership

_____     $_____

_____     $_____

78. **Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.     $_____

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

❑ No

❑ Yes

---

Debtor  **Permico Midstream Partners Holdings, LLC**                              Case number *(if known)*  20-32437
        ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
        Name

| **Part 12:** | **Summary** |

**In Part 12 copy all of the totals from the earlier parts of the form.**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $_____ | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $_____ | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $_____ | |
| 83. **Investments.** *Copy line 17, Part 4.* | $_____ | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $_____ | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $_____ | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $_____ | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $_____ | |
| 88. **Real property.** *Copy line 56, Part 9.* . ...................................... ➔ | | $_____ |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $_____ | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $_____ | |
| 91. **Total.** Add lines 80 through 90 for each column. ............................ 91a. | $_____ | + 91b. $_____ |

92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. ............................................................... $ 0.00

Official Form 206A/B                    **Schedule A/B: Assets — Real and Personal Property**                    page 8

**Fill in this information to identify the case:**

Debtor name ___Permico Midstream Partners Holdings, LLC___

United States Bankruptcy Court for the: ___Southern___ District of ___Texas___
                                                                    (State)

Case number (If known): ___20-32437___

☐ Check if this is an amended filing

## Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property       12/15

Be as complete and accurate as possible.

1. **Do any creditors have claims secured by debtor's property?**
   ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
   ☐ Yes. Fill in all of the information below.

### Part 1: List Creditors Who Have Secured Claims

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | *Column A* **Amount of claim** Do not deduct the value of collateral. | *Column B* **Value of collateral that supports this claim** |
|---|---|---|---|

**2.1**

| **Creditor's name** | **Describe debtor's property that is subject to a lien** | |
|---|---|---|
| HGC Midstream INV LLC | | $ 31,136,301.00    $ _____ |

**Creditor's mailing address**

300 Frank W. Burr Blvd. STE 52
Teaneck, NJ 07666

**Describe the lien**
_____

**Creditor's email address, if known**
_____

**Is the creditor an insider or related party?**
☐ No
☐ Yes

**Date debt was incurred** _____

**Is anyone else liable on this claim?**
☐ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

**Last 4 digits of account number** ___ ___ ___ ___

**Do multiple creditors have an interest in the same property?**
☐ No
☐ Yes. Specify each creditor, including this creditor, and its relative priority.
_____
_____

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**2.2**

| **Creditor's name** | **Describe debtor's property that is subject to a lien** | |
|---|---|---|
| | | $ _____    $ _____ |

**Creditor's mailing address**
_____
_____

**Describe the lien**
_____

**Creditor's email address, if known**
_____

**Is the creditor an insider or related party?**
☐ No
☐ Yes

**Date debt was incurred** _____

**Is anyone else liable on this claim?**
☐ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

**Last 4 digits of account number** ___ ___ ___ ___

**Do multiple creditors have an interest in the same property?**
☐ No
☐ Yes. Have you already specified the relative priority?
   ☐ No. Specify each creditor, including this creditor, and its relative priority.
   _____
   ☐ Yes. The relative priority of creditors is specified on lines _____

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**          $ 31,136,301.00

**Fill in this information to identify the case:**

Debtor    Permico Midstream Partners Holdings, LLC

United States Bankruptcy Court for the:   Southern    District of   Texas
                                                              (State)

Case number   20-32437
(If known)

☐ Check if this is an amended filing

Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B*)* and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

## Part 1:   List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).
   - ☑ No. Go to Part 2.
   - ☐ Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | Total claim | Priority amount |
|---|---|---|---|

**2.1** | **Priority creditor's name and mailing address**

      **As of the petition filing date, the claim is:**   $ _____    $ _____
      *Check all that apply.*
      ☐ Contingent
      ☐ Unliquidated
      ☐ Disputed

**Date or dates debt was incurred**        **Basis for the claim:**

**Last 4 digits of account number** ___ ___ ___ ___        **Is the claim subject to offset?**
      ☐ No
      ☐ Yes

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (_____)

**2.2** | **Priority creditor's name and mailing address**

      **As of the petition filing date, the claim is:**   $ _____    $ _____
      *Check all that apply.*
      ☐ Contingent
      ☐ Unliquidated
      ☐ Disputed

**Date or dates debt was incurred**        **Basis for the claim:**

**Last 4 digits of account number** ___ ___ ___ ___        **Is the claim subject to offset?**
      ☐ No
      ☐ Yes

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (_____)

**2.3** | **Priority creditor's name and mailing address**

      **As of the petition filing date, the claim is:**   $ _____    $ _____
      *Check all that apply.*
      ☐ Contingent
      ☐ Unliquidated
      ☐ Disputed

**Date or dates debt was incurred**        **Basis for the claim:**

**Last 4 digits of account number** ___ ___ ___ ___        **Is the claim subject to offset?**
      ☐ No
      ☐ Yes

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (_____)

| Debtor | Permico Midstream Partners Holdings, LLC | Case number (if known) | 20-32437 |
|---|---|---|---|
| | Name | | |

## Part 2: List All Creditors with NONPRIORITY Unsecured Claims

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

**Amount of claim**

**3.1** Nonpriority creditor's name and mailing address

_____

_____

_____

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _____

$ _____

Date or dates debt was incurred _____

Last 4 digits of account number __ __ __ __

Is the claim subject to offset?
☐ No
☐ Yes

**3.2** Nonpriority creditor's name and mailing address

_____

_____

_____

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _____

$ _____

Date or dates debt was incurred _____

Last 4 digits of account number __ __ __ __

Is the claim subject to offset?
☐ No
☐ Yes

**3.3** Nonpriority creditor's name and mailing address

_____

_____

_____

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _____

$ _____

Date or dates debt was incurred _____

Last 4 digits of account number __ __ __ __

Is the claim subject to offset?
☐ No
☐ Yes

**3.4** Nonpriority creditor's name and mailing address

_____

_____

_____

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _____

$ _____

Date or dates debt was incurred _____

Last 4 digits of account number __ __ __ __

Is the claim subject to offset?
☐ No
☐ Yes

**3.5** Nonpriority creditor's name and mailing address

_____

_____

_____

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _____

$ _____

Date or dates debt was incurred _____

Last 4 digits of account number __ __ __ __

Is the claim subject to offset?
☐ No
☐ Yes

**3.6** Nonpriority creditor's name and mailing address

_____

_____

_____

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _____

$ _____

Date or dates debt was incurred _____

Last 4 digits of account number __ __ __ __

Is the claim subject to offset?
☐ No
☐ Yes

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---------|----------------------------------------------------------------|

5. **Add the amounts of priority and nonpriority unsecured claims.**

|  |  | **Total of claim amounts** |
|--|--|----------------------------|
| 5a. **Total claims from Part 1** | 5a. | $ 0.00 |
| 5b. **Total claims from Part 2** | 5b. **+** | $ 0.00 |
| 5c. **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $ 0.00 |

**Fill in this information to identify the case:**

Debtor name ___Permico Midstream Partners Holdings, LLC___

United States Bankruptcy Court for the: ___Southern___   District of ___Texas___
(State)

Case number (If known): ___20-32437___   Chapter ___

☐ Check if this is an amended filing

Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases

12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

1. **Does the debtor have any executory contracts or unexpired leases?**

   ☑ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

   ☐ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| **2.1** State what the contract or lease is for and the nature of the debtor's interest | |
| State the term remaining | |
| List the contract number of any government contract | |
| **2.2** State what the contract or lease is for and the nature of the debtor's interest | |
| State the term remaining | |
| List the contract number of any government contract | |
| **2.3** State what the contract or lease is for and the nature of the debtor's interest | |
| State the term remaining | |
| List the contract number of any government contract | |
| **2.4** State what the contract or lease is for and the nature of the debtor's interest | |
| State the term remaining | |
| List the contract number of any government contract | |
| **2.5** State what the contract or lease is for and the nature of the debtor's interest | |
| State the term remaining | |
| List the contract number of any government contract | |

| Fill in this information to identify the case: |
|---|

Debtor name ___Permico Midstream Partners Holdings, LLC___

United States Bankruptcy Court for the: ___Southern___  District of ___Texas___
                                                  (State)

Case number (If known): ___20-32437___

☐ Check if this is an amended filing

## Official Form 206H

## Schedule H: Codebtors
                                                        12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Does the debtor have any codebtors?**

  ☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

  ☑ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, _Schedules D-G._** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing address** | **Name** | *Check all schedules that apply:* |
| 2.1 Permico Midstream Partners LLC | Street _____<br>_____<br>City    State    ZIP Code | HGC Midstream INV LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.2 _____ | Street _____<br>_____<br>City    State    ZIP Code | _____ | ☐ D<br>☐ E/F<br>☐ G |
| 2.3 _____ | Street _____<br>_____<br>City    State    ZIP Code | _____ | ☐ D<br>☐ E/F<br>☐ G |
| 2.4 _____ | Street _____<br>_____<br>City    State    ZIP Code | _____ | ☐ D<br>☐ E/F<br>☐ G |
| 2.5 _____ | Street _____<br>_____<br>City    State    ZIP Code | _____ | ☐ D<br>☐ E/F<br>☐ G |
| 2.6 _____ | Street _____<br>_____<br>City    State    ZIP Code | _____ | ☐ D<br>☐ E/F<br>☐ G |

Fill in this information to identify the case and this filing:

Debtor Name  Permico Midstream Partners Holdings, LLC

United States Bankruptcy Court for the:  Southern   District of  Texas
                                                                              (State)

Case number (if known):  20-32437

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING — Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☒ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)
- ☒ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- ☒ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- ☒ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
- ☒ Schedule H: Codebtors (Official Form 206H)
- ☒ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- ☐ Amended Schedule ____
- ☐ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
- ☐ Other document that requires a declaration_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  06/18/2020          ✗ _____
           MM / DD / YYYY              Signature of individual signing on behalf of debtor

                                   JEFFREY F. BEICKER
                                   Printed name

                                   CHIEF EXECUTIVE OFFICER
                                   Position or relationship to debtor