**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| PERMICO MIDSTREAM PARTNERS | § | Case No. 20-32437 (MI) |
| HOLDINGS, LLC, *et al.*, | § | |
| | § | (Jointly Administered) |
| Debtors.[1] | § | |

**AGREED EXPEDITED MOTION TO ABATE PERMICO ENERGIA, LLC'S**
**EMERGENCY MOTION TO DISMISS BANKRUPTCY CASE**
**PURSUANT TO 11 U.S.C. § 1112(b)**
[Relates to Doc. No. 22]

---

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

**Expedited relief has been requested. If the Court considers the motion on an expedited basis, then you will have less than 21 days to answer. If you object to the requested relief or if you believe that the expedited consideration is not warranted, you should file an immediate response.**

---

To the Hon. Marvin Isgur,
U.S. Bankruptcy Judge:

---

[1] The Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers are as follows: Permico Midstream Partners Holdings, LLC (6374) and Permico Midstream Partners LLC (7902). The location of the Debtors' corporate headquarters and service address is 9301 Southwest Freeway, Suite 308, Houston, TX 77074.

Permico Energia, LLC ("Energia"), the Manager and a Member of Debtor Permico Midstream Partners Holdings, LLC ("Debtor Holdings"), which is the sole member of Debtor Permico Midstream Partners, LLC ("Debtor PMP"), as a party-of-interest in the above-styled bankruptcy cases (the "Cases"), files this *Agreed Expedited Motion to Abate Permico Energia, LLC's Emergency Motion to Dismiss Bankruptcy Case Pursuant to 11 U.S.C. § 1112(b)* (the "Agreed Motion"), and respectfully submits the following:

## I.   JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). The venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.   BACKGROUND

*A.     The Bankruptcy Cases.*

1.      On May 4, 2020 (the "Petition Date"), HGC Midstream INV, LLC ("Hanwha") took certain steps, as more specifically described in the Motion to Dismiss (as hereinafter defined), to cause Debtor PMP and Debtor Holdings (collectively, the "Debtors") to file petitions for relief under Chapter 11 of the Bankruptcy Code, thereby initiating these Cases [Doc. No. 1].

2.      On May 8, 2020, Energia filed an *Emergency Motion to Dismiss Bankruptcy Case Pursuant to 11 U.S.C. § 1112(b)* ("Motion to Dismiss") [Doc. No. 22].[2]  As more specifically argued in the Motion to Dismiss, Energia asserts that: (i) Hanwha lacked authority to cause the Debtors to initiate these Cases; and (ii) the Court lacks subject matter jurisdiction to adjudicate these Cases because they were initiated without proper corporate authority under Texas law.

---

[2] Energia expressly incorporates by reference the Motion to Dismiss as if expressly set forth herein.  All capitalized but undefined terms shall have the same meaning as described therein.

3.      A preliminary hearing was held on the Motion to Dismiss on May 12, 2020 at 4:45 pm CT.  For reasons stated on the record, the Court ordered the U.S. Trustee to appoint a Chapter 11 Trustee to oversee the Cases.  [*See* Doc. No. 33].

4.      On May 18, 2020, the U.S. Trustee filed a *Notice of Appointment of Chapter 11 Trustee* [Doc. No. 36] and a corresponding *Application for Order Approving Appointment of Chapter 11 Trustee* [Doc. No. 37], seeking the approval of Mr. William R. Greendyke to serve as the Chapter 11 Trustee in these Cases.

5.      On May 22, 2020, the Court entered an *Order Approving the Appointment of Chapter 11 Trustee in the Jointly Administered Permico Midstream Partners Holdings, LLC Cases* ("Trustee Order") [Doc. No. 44].  Accordingly, Mr. William R. Greendyke (the "Ch. 11 Trustee") is the duly-appointed Chapter 11 Trustee for these Cases.

6.      On May 28, 2020, Energia and the Ch. 11 Trustee entered into a stipulation for an extension of the Trustee's deadline to respond to the Motion to Dismiss until and through June 12, 2020 [Doc. No. 50], and subsequently, agreed to a further extension until and through June 19, 2020 [Doc. No. 56].

7.      On May 29, 2020, Hanwha filed an *Objection* [Doc. No. 51] to Energia's Motion to Dismiss.

8.      As of the date hereof, the trial on Energia's Motion to Dismiss is currently scheduled for July 6, 2020, commencing at 9:00 am (CT) (the "Trial").

**B.      *The Adversary Proceedings.***

9.      Since the inception of these Cases, two adversary proceedings have been initiated against Debtor PMP and Hanwha (collectively the "Adversary Proceedings"):

    i.    On May 12, 2020, Corpac Steel Products Corp. ("Corpac") initiated an adversary against Debtor PMP and Hanwha (Adv. No. 20-03126); and

    ii.    On June 2, 2020, Edgen Murray Corporation ("Edgen Murray") initiated an adversary against Debtor PMP and Hanwha (Adv. No. 20-03173).

10.    As set forth in each respective Adversary Proceeding, both plaintiffs are seeking, among other things, a determination that title to the pipe at issue did not pass to the Debtors, and as a result, that Hanwha's alleged liens did not attach to certain pipes manufactured for Debtor PMP.

11.    For the reasons stated below, Energia respectfully moves to abate the Motion to Dismiss under the terms set forth below pending the resolution of the Adversary Proceedings.  The Ch. 11 Trustee agrees with the relief sought herein.

### III.    <u>REQUESTED RELIEF</u>

12.    Since the Ch. 11 Trustee's appointment, Energia and the Ch. 11 Trustee have been working constructively to investigate potential financing alternatives that could bring about a prompt and agreed upon resolution of these cases and related Adversary Proceedings.  Several third-parties parties have in fact expressed interest in financing alternatives to Energia and/or the Trustee and discussions remain ongoing.  Accordingly, Energia and the Trustee submit continued pursuit of the Motion to Dismiss at this time would be an unnecessary distraction to the Debtors' reorganization efforts.

13.    At the same time, Energia and the Trustee understand that the title issues raised in the Adversary Proceeding are important to all parties and the parties wish to proceed with the Adversary Proceedings unless and until there is a consensual resolution of these cases.

14.    Accordingly, Energia respectfully requests that the Court abate the Motion to Dismiss until the Adversary Proceedings are fully and finally adjudicated.  To the extent a consensual resolution is not reached, final resolution of the issues pending in the Adversary

Proceedings will largely determine the extent of Hanwha's rights in these Cases, and will assist the Ch. 11 Trustee in formulating a strategy for the Debtors to exit bankruptcy.  Moreover, because the Ch. 11 Trustee is an independent fiduciary for the Debtors' estates, the need to obtain the relief requested in the Motion to Dismiss is no longer as pressing as when the Motion to Dismiss was filed.  Accordingly, the Motion to Dismiss should be abated in order to allow the Trustee and Energia to work collectively to achieve the Debtors' exit from these Cases.

15.     As part of the abatement, Energia requests that the Trial, along with any and all discovery and deposition requests (which have or may be requested), be abated until the final adjudication of the Adversary Proceedings.  Upon the entry of final orders in both Adversary Proceedings, any party shall have the right to petition the Court for the termination of this abatement and for entry of appropriate deadlines to govern discovery related to the Motion to Dismiss and/or to set a new trial date.  During the abatement, these Cases will continue as usual.

16.     Energia further requests that any such abatement will not operate as a waiver of any rights of any party.

17.     Energia has conferred with the Ch. 11 Trustee, who agrees with the relief requested herein.

## IV.     BASIS FOR EXPEDITED CONSIDERATION

18.     Expedited consideration is requested in light of the pending trial date on the Motion to Dismiss currently set for July 6, 2020.

*[Remainder of Page Left Blank Intentionally.]*

## V.    CONCLUSION

Accordingly, Energia requests that the Court abate the Motion to Dismiss pursuant to the terms outlined above, and for any and other such all relief to which they may be justly entitled.

Dated:  June 18, 2020                            Respectfully submitted,

                                                 **REED SMITH LLP**

                            By:      */s/ Lloyd A. Lim*
                                     Lloyd A. Lim
                                     Texas State Bar No. 24056871
                                     Rachel I. Thompson
                                     Texas State Bar No. 24093258
                                     REED SMITH LLP
                                     811 Main Street, Suite 1700
                                     Houston, Texas  77002-6110
                                     Telephone:  (713) 469-3800
                                     Facsimile: (713) 469-3899
                                     E-mail:  llim@reedsmith.com
                                     E-mail:  rithompson@reedsmith.com

                                     COUNSEL TO PERMICO ENERGIA, LLC

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on June 18, 2020, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on those parties registered to receive electronic notices.

*/s/ Rachel I. Thompson*
Rachel I. Thompson