IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| PERMICO MIDSTREAM PARTNERS HOLDINGS, LLC, *et al.*, | § § § | Case No. 20-32437 (MI) |
| | § | (Jointly Administered) |
| Debtors.[1] | § | |

### DECLARATION OF JASON L. BOLAND IN SUPPORT OF TRUSTEE'S APPLICATION TO EMPLOY NORTON ROSE FULBRIGHT US LLP AS COUNSEL TO THE CHAPTER 11 TRUSTEE *NUNC PRO TUNC* TO MAY 22, 2020

I, Jason L. Boland, do hereby declare as follows:

1. I am over twenty-one (21) years of age, of sound mind, and capable of making this Declaration.

2. I am a partner at the law firm of Norton Rose Fulbright US LLP ("NRF") and am duly authorized to make this declaration (the "Declaration") on behalf of NRF. I am an attorney admitted to practice law in the courts of the State of Texas and before the United States Bankruptcy Court for the Southern District of Texas.

3. I make this Declaration in support of the *Application of William R. Greendyke, Chapter 11 Trustee, for Entry of an Order Authorizing Retention and Employment of Norton Rose Fulbright US LLP as Counsel to the Chapter 11 Trustee Nunc Pro Tunc to May 22, 2020* (the "Application").

4. Except as otherwise noted, I have personal knowledge of all of the facts set forth herein and am fully competent to testify concerning these matters. All factual assertions and

---

[1] The Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers are as follows: Permico Midstream Partners Holdings, LLC (6374) and Permico Midstream Partners LLC (7902). The location of the Debtors' corporate headquarters and service address is 9301 Southwest Freeway, Suite 308, Houston, TX 77074.

100583538.1

1

opinions set forth in the Application are true and correct, to the best of my information and belief, and I adopt them as my own for purposes of this Declaration.

5. Pursuant to 28 U.S.C. § 1746, section 327 of the Bankruptcy Code, and Rules 2014(a) and 2016(b) of the Federal and Local Bankruptcy Rules, NRF will provide this Court with any supplemental information regarding NRF's connections with the parties-in-interest in the case, as that information becomes known and available.

6. Neither NRF nor any of its attorneys have ever been a creditor or an insider of the Debtors or any creditor of the Debtors.

7. Neither NRF nor any of its attorneys have ever been, a director, officer, or employee of the Debtors.

8. In accordance with Bankruptcy Rule 5002, NRF employs one litigation partner, Seth Isgur, who is a first cousin once removed of the United States Bankruptcy Judge assigned to these chapter 11 cases. Mr. Isgur will not work on this matter or otherwise appear in these chapter 11 cases while NRF is retained as the Trustee's counsel. Further, NRF does not have a connection with the United States Bankruptcy Judge that would render the Firm's retention in the chapter 11 cases improper.

9. Based on a list of all employees of the UST's offices in Region 7, neither NRF nor any of its attorneys have any connections with the UST for Region 7, or with any person employed in the Office of the UST for Region 7.

10. Based on the conflicts search described in paragraphs 14–18, *infra*, neither NRF nor any of its attorneys has any connection with any person identified on Exhibit A, except as is disclosed in Exhibit B.

11. During NRF's representation of the Trustee in these chapter 11 cases, neither NRF nor any of its attorneys will advise or represent persons with connections to the Debtors or the Trustee or whose interests are adverse to the Debtors or the Trustee on any matter related to these chapter 11 cases.

12. NRF is a full-service law firm with experience and expertise in all facets of legal practice, including bankruptcy, corporate reorganizations, corporate finance, securities, complex litigation, labor, ERISA, real estate, and intellectual property. NRF regularly handles major bankruptcy and creditors' rights representations for a wide range of national institutional and other clients in federal and state courts across the United States. Chapter 11 bankruptcy work is the mainstay of NRF's bankruptcy and creditors' rights practice. NRF has represented debtors, creditors, committees and trustees in many chapter 11 cases across diverse industry sectors including software, retail, telecommunications, manufacturing, environmental, commercial real estate, and textile. As counsel for several debtors-in-possession, committees and chapter 11 trustees, NRF has prepared and confirmed both contested and uncontested plans of reorganization. NRF has also negotiated and closed numerous section 363 sales of assets and equity security interests. NRF, and the attorneys identified in the Application, including myself, Bob B. Bruner and Julie Goodrich Harrison, are uniquely positioned to advise the Trustee in these cases for the reasons set forth herein and in the Application and, after considering all the facts and circumstances of these cases and alternative counsel, NRF submits that its retention is in the best interest of the estates.

13. **General Statement.** Insofar as I have been able to ascertain after due diligence, neither I, NRF, nor any partner, associate, or counsel of NRF represent any party in interest or any other entity other than the Debtors in connection with this chapter 11 case. Thus, NRF is a

"disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code. NRF's due diligence has revealed that NRF:

(a) does not hold or represent any interest adverse to these estates with respect to the matter on which NRF may be employed under sections 327, 328(a), 329, 330, 504 and 1104 of the Bankruptcy Code;

(b) is a disinterested person so as to render NRF eligible to serve as counsel for the Trustee under sections 327, 328(a), 329, 330, 504 and 1104 of the Bankruptcy Code;

(c) is not a creditor, equity security holder or insider of the Debtors or any of their affiliates;

(d) is not, and has never been, an investment banker for any outstanding security of the Debtors or their affiliates, and is not, and has never been, an attorney for any such investment banker in connection with the offer, sale or issuance of any security of the Debtors or their affiliates;

(e) is not, and was not within the past two years, a director, officer or employee of the Debtors, their affiliates or of any such investment banker as described above;

(f) has no interest materially adverse to the interest of the estates of the Debtors or of any class of creditors or equity security holders of the Debtors, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, their affiliates, or any investment banker for the Debtors or their affiliates; and

(g) has no connections with the Debtors, their affiliates or their creditors, equity interest holders or any other party in interest herein, or with the respective attorneys or accountants of the foregoing, or with the United States Trustee or any person employed in the office of the United States Trustee listed on Exhibit A (collectively "Parties in Interest"), except as set forth below and in Exhibit B attached hereto.

14. With respect to NRF's representation of the Trustee, I utilized NRF's master client database and conflicts database system to assess potential conflicts (the "Conflicts Check"). NRF's master client database contains the names of entities for which NRF has provided services or has otherwise billed for services for approximately the past seven years, and three years for other members of the Norton Rose Fulbright Verein (the "Client Database"). In

100583538.1

4

conjunction with the Client Database, NRF maintains a computer software system that enables a user to input the name of an entity and search the Client Database for any related entities that NRF currently represents or has represented in the past (the "Conflict Search System").

15. With respect to the Conflicts Check, I caused to be performed the following actions to identify potential conflicts:

    a. Through consultations between management of the Debtors and NRF attorneys who have provided services to the Trustee, I compiled a list of the names of any entities that may be parties in interest in the Debtors' chapter 11 cases ("Potential Parties in Interest"). A list of the Potential Parties in Interest is attached hereto as Exhibit A, and includes:

        (1) known prepetition secured lenders and lienholders;

        (2) the Debtors;

        (3) the Debtors' landlords;

        (4) current and former directors and officers of the Debtors for the past two (2) years;

        (5) parties with whom the Debtors are engaged in current litigation;

        (6) the Debtors' insurance providers;

        (7) the Debtors' top 18 general unsecured creditors;

        (8) relevant taxing authorities and other governmental entities;

        (9) the Office of the United States Trustee for the Southern District of Texas;

        (10) the Bankruptcy Judge presiding over this case; and

        (11) holders of more than 5% of the Debtors' equity interests.

    b. Entered the names of each of the Potential Parties in Interest into the Conflict Search System to pull information on NRF's relationship with entities in the Client Database that are or may be related to the Potential Parties in Interest (the "Conflict Search Results").[2]

---

[2] The Conflict Search Results list was compiled after reviewing the results generated for all Potential Parties in Interest in NRF's conflicts database. NRF, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP, Norton Rose Fulbright South Africa (incorporated as Deneys Reitz, Inc.), each of

      c.      Reviewed the Conflict Search Results to delete obvious name coincidences and to delete those entities that were adverse to NRF's clients in the matter.

      d.      Using information in the Client Database concerning entities on the Conflict Search Results, verified that NRF does not represent and has not represented any entity on the Conflict Search Results in connection with the Debtors or these chapter 11 cases, except as disclosed herein.

16.      In addition to utilizing the Conflict Search System, a general inquiry was sent to all NRF attorneys by electronic mail to determine whether any NRF attorney has any personal or professional connection to any name on the Potential Parties in Interest list.

17.      **Summary of Conflicts Analysis**. The Conflict Search Results revealed that various attorneys at NRF may now or hereafter counsel or represent, or may have previously counseled or represented, certain creditors of the Debtors or other Potential Parties in Interest in matter unrelated to these cases. Accordingly, NRF attorneys divided the entities listed on the Conflict Search Results into two categories: (a) Potential Parties in Interest that are currently represented by NRF in other unrelated matters ("Current Clients"); and (b) Potential Parties in Interest that have been represented in the past by NRF in other unrelated matters ("Former Clients"). A list of the Current Clients and Former Clients are identified in Exhibit B.[3] Although NRF may be adverse to various parties-in-interest in unrelated matters, no such connections are disclosed herein; only connections to current and former NRF clients are disclosed herein.

---

which is a separate legal entity, are members of Norton Rose Fulbright Verein, a Swiss Verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Out of an abundance of caution and for purposes of full disclosure, certain of the current clients identified herein, and/or affiliates/potential affiliates thereof which are included herein as well, may include those of other member firms.

[3] The parties reflected on Exhibit B attached hereto relate only to Current Clients and Former Clients of NRF, and do not include current clients or former clients of other Norton Rose Fulbright Verein members.

100583538.1

6

18. NRF has reviewed each of the client connections listed on the attached Exhibit B. As a result of NRF's review, and as more fully described below, I have determined that NRF does not hold or represent an interest that is adverse to the Debtors' estates. Further, to assure that no attorney at NRF will inadvertently commence representation of any creditor or other party adverse to the Debtors or their estates, the Conflict Search System has now been programmed with a "block" to require that no such representation or relationship may commence without first obtaining specific clearance; accordingly, no such clearance shall be given during NRF's representation of the Trustee in these chapter 11 cases.

19. **Creditors**. Various NRF attorneys may now counsel or represent, or may have previously counseled and represented, or may hereafter counsel or represent (subject to the limitations set forth herein), certain creditors of the Debtors and/or Parties in Interest in legal and transactional matters *wholly unrelated* to these cases and not adverse to the Debtors, their affiliates or any committee or materially involving the Debtors, their affiliates, any committee, its members or its constituency. Further, NRF attorneys may now be adverse, or may have previously been adverse, or may hereafter become adverse (subject to the limitations set forth herein), to certain creditors of the Debtors and/or Parties in Interest in legal and transactional matters *wholly unrelated* to these cases and not adverse to the Debtors or any committee or materially involving the Debtors, any committee, its members or its constituency. NRF has not, and will not, represent the particular interests of any creditors of the Debtors, nor the personal interests of any creditors, unless NRF receives specific authority to do so from the Trustee, any committee, and this Court.

20. **Connections To Law Firms**. NRF represents a number of law firms as clients in litigation. Accordingly, it is possible that any Party in Interest to the Debtors' bankruptcy cases

may be represented or counseled by one or more of such client law firms, either in connection with the specific matter or in other matters unrelated to the Debtors.  Because of the confidentiality of such attorney-client relationships between our client law firms and their own clients, NRF has no practical way of knowing which of its client law firms, if any, have been contacted by Parties in Interest to the Debtors' bankruptcy.  Since such potential connections would, in our judgment, pose no conflict of interest in this matter, we do not propose to undertake any such investigation absent instructions to do so from the United States Trustee or the Court.  NRF has never represented any law firm in connection with the Debtors.

21.    **Connections To Accounting Firms**.  Similarly, NRF has represented in the past, and currently represents, a number of international, national, regional and local accounting firms, and, therefore, it is possible that any Party in Interest to the Debtors' bankruptcy cases may be served by one or more of such client accounting firms, either in connection with the specific matter or in other matters unrelated to the Debtors.

22.    **Connections To The United States Trustee**.  NRF has no direct connection to the Office of the United States Trustee, nor to any employee thereof.  Individual attorneys within NRF have in the past served as bankruptcy trustees appointed by the United States Trustee, and have been compensated for such services in accordance with orders of the respective bankruptcy courts presiding over those cases according to law.  None of the trusteeships were concerned with, or affected, the Debtors in any way.  In addition, individual attorneys may have been employed by the United States Trustee Program.  No NRF personnel were employed by the United States Trustee Program at any time relevant to this case.

23.    **Supplemental Disclosures**.  Despite the efforts described above to identify and disclose NRF's connections with parties in interest in these chapter 11 cases, because NRF is an

international law firm with approximately 1,000 attorneys, and approximately 3,000 attorneys spread across the other members of the Norton Rose Fulbright Verein, NRF is unable to state with absolute certainty that every client representation or other connection has been disclosed. In this regard, if NRF discovers additional information that requires disclosure, NRF will file a supplemental disclosure with the Court.

24. **Compensation Issues.** The statements contained in the Application regarding compensation for NRF and reimbursement of expenses are correct and are accordingly incorporated herein. NRF had no claim against the Debtors or their affiliates on the date of the filing of the Debtors' bankruptcy petitions. Further, neither NRF nor any partners of NRF have divided, paid over, or shared or agreed to divide, pay over, or share, (a) any compensation it or they has or have received or may receive for services rendered or expenses incurred in connection with these cases with another party or person (except as among the partners, counsel, and associates of NRF, as described in the Application), or (b) any compensation another party or person has received or may receive for services rendered or expenses incurred in connection with these chapter 11 cases.

25. **Benefit to the Estates**. The engagement of NRF is beneficial to the estates because of NRF's knowledge and expertise in bankruptcy and related matters and for the additional reasons set forth in the Application.

26. **Conclusion**. In view of the foregoing, I believe that NRF (i) does not hold or represent an interest adverse to the estates and (ii) is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code, and is thus fully qualified to serve as attorneys for the Trustee under sections 327, 330, 504 and 1107 of the Bankruptcy Code. NRF recognizes and takes very seriously its continuing responsibility to be aware of and further

100583538.1

9

disclose any relationship or connection between it and other Parties in Interest as they appear or become recognized during these cases. Accordingly, I will supplement or amend this disclosure if, as and when such information becomes available to us.

    I declare under penalty of perjury that the foregoing is true and correct.

    June 22, 2020

    */s/ Jason L. Boland*
    Jason L. Boland, Partner
    Norton Rose Fulbright US LLP

# Exhibit A

### Debtors

Permico Midstream Partners Holdings, LLC
Permico Midstream Partners LLC

### Secured Creditors

HGC Midstream Inv LLC

### Top Unsecured Creditors

Corpac Steel Products Corp.
Edgen Murray Corporation
Contract Land Staff
Topographic Land Surveyors
Tarsco Construction Corporation
Oso Developmental Partners
Universal Pegasus International
Prime Energy Services
King & Spalding LLP
Whitenton Group
Wood Mackenzie
Percheron
Spearow Land LLC
Hilco Partners
Dickinson & Wheelock, P.C.
Enveres Drilling Info
Hyde Regulatory Consulting LLC
Horizon Environmental Services, Inc.

### Shareholders

Permico Energia LLC
Conquista Energy Services, LLC

### Landlords

Merlyn Holdings, Inc.

### Directors and Officers

Jeffrey Beicker
Craig James
Ronald Chamness
Jordan Fickessen

### Litigation Counterparties

Edgen Murray Corporation

## Insurance Providers

Ironshore
Chubb
Axis Capital
Texas Mutual Insurance

## Taxing Authorities

Harris County
Nueces County Tax Assessor

## U.S. Trustee

Diane Livingstone
Stephen Statham
Barbara Griffin

## Bankruptcy Judge

U.S. Bankruptcy Judge Marvin Isgur

# Exhibit B

## PARTIES IN INTEREST WITH CONNECTIONS TO NORTON ROSE FULBRIGHT US LLP

| CREDITOR, PARTY IN INTEREST, OR AFFILIATE | RELATIONSHIP TO THE DEBTORS | NATURE OF CONNECTION |
|---|---|---|
| Universal Pegasus International | Creditor | NRF has represented, and continues to represent Universal Pegasus International in matters unrelated to the Debtors' bankruptcy cases. |
| Percheron | Creditor | Percheron is an affiliate of a current client of NRF, who NRF represents in matters unrelated to the Debtors' bankruptcy cases. |