IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| PERMICO MIDSTREAM PARTNERS HOLDINGS, LLC, *et al.*, | § § § | Case No. 20-32437 (MI) |
| | § | (Jointly Administered) |
| Debtors.[1] | § | |

**EMERGENCY MOTION OF WILLIAM R. GREENDYKE, CHAPTER 11 TRUSTEE, FOR ENTRY OF AN ORDER AUTHORIZING THE TRUSTEE TO FILE UNDER SEAL EXHIBITS FOR HEARING ON SEPTEMBER 21, 2020**

**EMERGENCY RELIEF HAS BEEN REQUESTED. A HEARING WILL BE CONDUCTED ON THIS MATTER ON SEPTEMBER 21, 2020 AT 9:00 A.M. (CENTRAL TIME) IN COURTROOM 404, 4TH FLOOR, 515 RUSK STREET, HOUSTON, TEXAS 77002. IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST EITHER APPEAR AT THE HEARING OR FILE A WRITTEN RESPONSE PRIOR TO THE HEARING. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

**RELIEF IS REQUESTED NOT LATER THAN SEPTEMBER 21, 2020.**

**PLEASE NOTE THAT ON MARCH 24, 2020, THROUGH THE ENTRY OF GENERAL ORDER 2020-10, THE COURT INVOKED THE PROTOCOL FOR EMERGENCY PUBLIC HEALTH OR SAFETY CONDITIONS.**

**IT IS ANTICIPATED THAT ALL PERSONS WILL APPEAR TELEPHONICALLY AND ALSO MAY APPEAR VIA VIDEO AT THIS HEARING.**

**AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT (832) 917-1510. YOU WILL BE RESPONSIBLE FOR YOUR OWN LONG-DISTANCE CHARGES. ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE ISGUR'S CONFERENCE ROOM NUMBER IS 954554.**

**YOU MAY VIEW VIDEO VIA GOTOMEETING. TO USE GOTOMEETING, THE COURT RECOMMENDS THAT YOU DOWNLOAD THE FREE GOTOMEETING APPLICATION. TO CONNECT, YOU SHOULD ENTER THE MEETING CODE "JUDGEISGUR" IN THE GOTOMEETING APP OR CLICK THE LINK ON JUDGE ISGUR'S HOME PAGE ON THE SOUTHERN DISTRICT OF TEXAS WEBSITE. ONCE CONNECTED, CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.**

---

[1] The Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers are as follows: Permico Midstream Partners Holdings, LLC (6374) and Permico Midstream Partners LLC (7902). The location of the Debtors' corporate headquarters and service address is 9301 Southwest Freeway, Suite 308, Houston, TX 77074.

**HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF THE HEARING. TO MAKE YOUR ELECTRONIC APPEARANCE, GO TO THE SOUTHERN DISTRICT OF TEXAS WEBSITE AND SELECT "BANKRUPTCY COURT" FROM THE TOP MENU. SELECT "JUDGES' PROCEDURES & SCHEDULES," THEN "VIEW HOME PAGE" FOR JUDGE ISGUR. UNDER "ELECTRONIC APPEARANCE" SELECT "CLICK HERE TO SUBMIT ELECTRONIC APPEARANCE". SELECT "PERMICO MIDSTREAM PARTNERS HOLDINGS, LLC", COMPLETE THE REQUIRED FIELDS AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

William R. Greendyke, the Court-appointed chapter 11 trustee (the "Trustee") for Permico Midstream Partners Holdings, LLC and Permico Midstream Partners (collectively, the "Debtors"), files this *Emergency Motion of William R. Greendyke, Chapter 11 Trustee, for Entry of an Order Authorizing the Trustee to File Under Seal Exhibits for Hearing on September 21, 2020* (the "Motion"). In support of this Motion, the Trustee respectfully states as follows:

### Relief Requested

1. By this Motion, the Trustee seeks an order, substantially in the form attached hereto (the "Order"), authorizing the Trustee to file under seal exhibits for the hearing scheduled for September 21, 2020 on the Trustee's *Emergency Motion for Entry of an Order Authorizing, But Not Directing, the Trustee to Enter Into Certain Letters of Intent* [Dkt. No. 95] (the "LOI Motion"), filed on September 11, 2020.

### Jurisdiction, Venue, and Authority

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334 and the *Order of Reference to Bankruptcy Judges*, General Order 2012-6 (S.D. Tex. May 24, 2012) (Hinojosa, C.J.).

3. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. This Court has constitutional authority to enter final orders with respect to the relief requested herein. The Trustee further confirms his consent to this Court's entry of final orders or judgments on this Motion if it is later determined that, in the absence of the consent of the parties, this Court does not have constitutional authority to enter final orders or judgments.

5. The statutory bases for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 9018, and Rules 9037-1 and 9013-1 of the Local Bankruptcy Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

**Background**

6. On May 4, 2020 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas.

7. The Debtors are Texas limited liability companies that are engaged in certain midstream oil and gas operations. Prior to the Petition Date, the Debtors were in the process of developing a project to build (i) pipelines from the Permian Basin and Eagle Ford shale regions to Corpus Christi, Texas; (ii) two fractionator trains; (iii) an NGL salt cavern storage facility; and (iv) one or more export terminals with spurs to the gas liquids storage and trading hub in Mont Belvieu, Texas (collectively, the "Pipeline Project").

8. On May 18, 2020, the Office of the United States Trustee (the "U.S. Trustee") filed a *Notice of Appointment of Chapter 11 Trustee* and corresponding *Application for Order Approving Appointment of Chapter 11 Trustee*, seeking approval of Mr. Greendyke to serve as the Trustee in these cases. *See* Dkt. Nos. 36 &37.

3

9. On May 22, 2020, the Court entered its Order *Approving Appointment of Chapter 11 Trustee in the Jointly Administered Permico Midstream Partners Holdings, LLC Cases* (the "Trustee Order"), approving appointment of Mr. Greendyke as Trustee. *See* Dkt. No. 44.

10. On September 11, 2020, the Trustee filed his LOI Motion, which attached two letters of intent (the "LOIs") from counterparties expressing their mutual intent to enter into a transaction under which the Debtors would provide to such counterparty NGL transportation and fractionation services, terminaling services, and transportation services pursuant to mutually agreed upon definitive agreements.

11. As described in the Trustee's *Emergency Motion for Entry of an Order Authorizing the Trustee to File Under Seal an Unredacted Copy of Trustees' Emergency Motion for Entry of an Order Authorizing, but Not Directing, the Trustee to Enter Into Certain Letters of Intent* [Dkt. No. 94] (the "Sealing Motion"), the LOIs contain commercially sensitive and confidential information that should be protected from the public disclosure. Specifically, the LOIs include information about the Debtors' business operations, pricing structure, the identity of the Debtors' shippers, and the underlying products being retained by the Debtors and their proposed shippers. Disclosure of this commercially sensitive information would put the Debtors at a substantial competitive disadvantage if such information is disclosed to competitors in this very highly competitive market and environment, thereby impeding and putting at substantial risk the Debtors' reorganization efforts.

12. Contemporaneously herewith, the Trustee has filed a redacted version of the LOIs on the docket.

**Basis for Relief**

13. Section 105(a) of the Bankruptcy Code codifies the inherent equitable powers of the bankruptcy court and empowers the bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Section 107(b)(1) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. *See In re Gen. Homes Corp.*, 181 B.R. 898, 903 (Bankr. S.D. Tex. 1995). This section states that at the "request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to trade secret or confidential research, development, or commercial information."

14. Further, Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code. Specifically, it provides that "the court may make any order which justice requires … to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Additionally, Bankruptcy Local Rule 9037-1 provides, in relevant part, that "[a] motion, reply or other document may initially be filed under if the filing party simultaneously files a motion requesting that the document be maintained under seal."

15. Commercial information is information which would result in "an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *In re Alterra Healthcare Cop.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (citing *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Cop.)*, 21 F.3d 24, 27 (2d 1994)). Commercial information need not to rise to the level of a "trade secret" to be protected under section 107(b) of the Bankruptcy Code. *Orion Pictures*, 21 F.3d at 28. In fact, "a bankruptcy court is required to seal documentary information filed in court that does not rise to the level of a trade secret but that

5

is so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit that entity's competitors." *In re Faucett*, 438 B.R. 564, 567 (Bankr. W.D. Tex, 2010) (citing *In re Northstar Energy, Inc.*, 315 B.R. 425, 429 (Bankr. E.D. Tex. 2004)). Rather, section 107(b)'s protections extend to commercial information that, if disclosed to the public, could be used by various parties for unfair advantage. *Id.* at 27-28.

16. The disclosure of the confidential information contained in the LOIs would cause substantial harm to the Debtors and their ongoing reorganization efforts.

17. Thus, the Trustee submits that good cause exists to authorize the Trustee to file the unredacted LOIs under seal.

### Emergency Consideration

19. Pursuant to Local Rule 9013-1(i), the Trustee respectfully requests emergency consideration of this Motion in light of the corresponding emergency relief being sought in connection with the underlying LOI Motion.

Based on the above, the Trustee respectfully requests that the Court enter the Order, substantially in the form attached hereto, granting the relief requested herein and granting such other and further relief as is just and proper.

Dated: September 17, 2020
Houston, Texas

Respectfully submitted,

**NORTON ROSE FULBRIGHT US LLP**

*/s/ Jason L. Boland*
Jason L. Boland (SBT 24040542)
Bob B. Bruner (SBT 24062637)
Julie Goodrich Harrison (SBT 24092434)
1301 McKinney Street, Suite 5100
Houston, Texas 77010
Telephone: (713) 651-5151
Facsimile: (713) 651-5246
Email: jason.boland@nortonrosefulbright.com
Email: bob.bruner@nortonrosefulbright.com
Email: julie.harrison@nortonrosefulbright.com

*Counsel to William R. Greendyke,*
*Chapter 11 Trustee*

### Certificate of Accuracy

I certify that the facts and circumstances described in the above pleading giving rise to the emergency request for relief are true and correct to the best of my knowledge, information, and belief.

*/s/ Jason L. Boland*

### Certificate of Service

I hereby certify that on September 17, 2020, a true and correct copy of the foregoing Motion was served by CM/ECF system for the United State Bankruptcy Court for the Southern District of Texas.

*/s/ Julie Harrison*
Julie Harrison

7