## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| PERMICO MIDSTREAM PARTNERS | § | Case No. 20-32437 (MI) |
| HOLDINGS, LLC, *et al.*, | § | |
| | § | (Jointly Administered) |
| Debtors.[1] | § | |

**EMERGENCY MOTION OF WILLIAM R. GREENDYKE, CHAPTER 11 TRUSTEE, FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING TRUSTEE TO OBTAIN POSTPETITION FINANCING AND GRANTING RELATED RELIEF**

---

**EMERGENCY RELIEF HAS BEEN REQUESTED. A HEARING WILL BE CONDUCTED ON THIS MATTER ON DECEMBER 23, 2020, AT 3:00 P.M. (CENTRAL TIME) IN COURTROOM 404, 4TH FLOOR, 515 RUSK, HOUSTON, TX 77002. YOU MAY PARTICIPATE IN THE HEARING EITHER IN PERSON OR BY AUDIO/VIDEO CONNECTION.**

**AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT (832) 917-1510. YOU WILL BE RESPONSIBLE FOR YOUR OWN LONG-DISTANCE CHARGES. ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE ISGUR'S CONFERENCE ROOM NUMBER IS 954554.**

**YOU MAY VIEW VIDEO VIA GOTOMEETING. TO USE GOTOMEETING, THE COURT RECOMMENDS THAT YOU DOWNLOAD THE FREE GOTOMEETING APPLICATION. TO CONNECT, YOU SHOULD ENTER THE MEETING CODE "JUDGEISGUR" IN THE GOTOMEETING APP OR CLICK THE LINK ON JUDGE ISGUR'S HOME PAGE ON THE SOUTHERN DISTRICT OF TEXAS WEBSITE. ONCE CONNECTED, CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.**

**HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF THE HEARING. TO MAKE YOUR ELECTRONIC APPEARANCE, GO TO THE SOUTHERN DISTRICT OF TEXAS WEBSITE AND SELECT "BANKRUPTCY COURT" FROM THE TOP MENU. SELECT "JUDGES' PROCEDURES & SCHEDULES," THEN "VIEW HOME PAGE" FOR JUDGE ISGUR. UNDER "ELECTRONIC APPEARANCE" SELECT "CLICK HERE TO SUBMIT ELECTRONIC APPEARANCE'. SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.**

**IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST EITHER APPEAR AT THE HEARING OR FILE A WRITTEN RESPONSE PRIOR TO THE HEARING. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

---

[1] The Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers are as follows: Permico Midstream Partners Holdings, LLC (6374) and Permico Midstream Partners LLC (7902). The location of the Debtors' corporate headquarters and service address is 9301 Southwest Freeway, Suite 308, Houston, TX 77074.

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

William R. Greendyke, the Court-appointed chapter 11 trustee (the "Trustee") for Permico Midstream Partners Holdings, LLC and Permico Midstream Partners, LLC (collectively, the "Debtors") respectfully file this emergency motion (the "Motion") for entry of interim and final orders: (i) authorizing the Trustee to obtain post-petition secured financing on an interim basis in the amount of $375,000.00 pursuant to section 364 of the Bankruptcy Code; (ii) authorizing the Trustee to obtain post-petition secured financing on a final basis in the amount of $750,000.00 pursuant to section 364 of the Bankruptcy Code and (iii) granting related relief, including the grant of a deed of trust on certain of the Debtors' unencumbered and undeveloped real property and rights of way. The proposed financing will enable the Trustee to pay general corporate expenses and administrative expenses that are necessary to maintain the Debtors' value and reorganize the Debtors. In support of the Motion, the Trustee submits the *Declaration of William R. Greendyke in Support of Trustee's Emergency Motion for Entry of Interim and Final Orders Authorizing Trustee to Obtain Postpetition Financing and Granting Related Relief* (the "Declaration"), attached hereto as **Exhibit A**.

## I.    JURISDICTION, VENUE, AND AUTHORITY

1.    The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter under 28 U.S.C. § 1334. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). This Court has constitutional authority to enter a final order on the Motion. The Trustee further confirms his consent to this Court's entry of final orders or judgments on this Motion if it is later determined that, in the absence of the consent of the parties, this Court does not have constitutional authority to enter final orders or judgments.

2.      The statutory bases for the relief requested herein are §§ 105, 363, 364 of the Bankruptcy Code, Bankruptcy Rules 2002 and 4001, and Rules 2002-1, 4002-1 and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas.

## II.      BACKGROUND

3.      On May 4, 2020, (the "Petition Date") the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas.

4.      On May 18, 2020, the Office of the United States Trustee filed a *Notice of Appointment of Chapter 11 Trustee* and *Application for Order Approving Appointment of Chapter 11 Trustee*, seeking approval of Mr. Greendyke to serve as the Trustee in these cases. Dkt. Nos. 36 & 37.

5.      On May 22, 2020, the Court entered its *Order Approving Appointment of Chapter 11 Trustee in the Jointly Administered Permico Midstream Partners Holdings, LLC Cases* (the "Trustee Order"), approving the appointment of Mr. Greendyke as Trustee. Dkt. No. 44.

6.      The Debtors are Texas limited liability companies engaged in developing a project to build (i) pipelines from the Permian Basin and Eagle Ford shale regions to Corpus Christi, Texas, (ii) two fractionator trains, (iii) an NGL salt cavern storage facility, and (iv) one or more export terminals with spurs to the gas liquids storage and trading hub in Mont Belvieu, Texas (collectively, the "Project").

7.      The Trustee, along with the Trustee's professionals and the Debtors' employees, have focused on maintaining and building momentum for completion of the Project post-petition.

8.      Specifically, the Trustee, the Trustee's professionals, and the Debtors' employees have been working expeditiously to pursue financing and/or investment proposals that could bring

a prompt and consensual resolution of the above-captioned bankruptcy cases and related adversary proceedings. To that end, the Trustee and the Debtors' employees have focused on obtaining commitments from counterparties to purchase committed barrels per day of NGLs at the Debtors' planned processing plants that are critical to obtaining the necessary financing and/or investment commitments to exit these cases and fund the Project through completion.

9.      The Trustee engaged GulfStar Group II, Ltd ("GulfStar") to assist the Trustee with these efforts, and has further been working closely with significant stakeholders, keeping them appraised of the Trustee's efforts and negotiations with potential counterparties, lenders, and investors and soliciting each of their input.

10.     The Trustee has obtained letters of intent ("LOIs") from counterparties expressing their intent to enter into a transaction under which the Debtors would provide the counterparties NGL transportation and fractionating services, terminaling services, and transportation services pursuant to mutually agreed upon definitive agreements.

11.     The Trustee believes that the LOIs are genuine expressions of interest and are a significant step forward that will accelerate the parties' efforts to obtain additional financial commitments that could permit a consensual resolution of the Debtors' cases.

12.     However, the Debtors have insufficient liquidity to satisfy ongoing operational expenses that are necessary to maintain the Debtors' value while the Trustee, GulfStar, and the Debtors' employees and stakeholders continue to work toward obtaining these commitments.

13.     As set forth in the budget attached to the proposed final Order attached hereto (the "Budget"), the Debtors have incurred substantial operational expenses and wages through

November 30, 2020 and, even fully funded, the Loan is insufficient to fund administrative expense claims in full.[2]

14.    The Debtors' current cash balance is less than $2,000 and the Debtors are not expected to generate any revenue before the end of the year.

15.    Accordingly, the Debtors need immediate access to financing to fund necessary operations, maintain and pay critical employees, and preserve value for all stakeholders.

16.    To meet these financing needs, the Trustee, in consultation with the Trustee's professionals and Debtors' employees, has negotiated a $750,000.00 post-petition loan from Integra Midstream Partners, LLC or its assigns (the "Lender") to be secured by a first priority deed of trust lien on all of the Debtors' real property in Nueces County, Texas, near Corpus Christi Texas, and a second priority lien on the pipeline right of way.

17.    The proposed Promissory Note, Deed of Trust, and Loan Agreement are attached hereto as **Exhibit B** (collectively, the "Credit Documents").

### III.    RELIEF REQUESTED

18.    The Trustee respectfully requests entry of interim and final orders under Bankruptcy Code section 364(c) and Bankruptcy Rules 4001(d) and 9014:

    a.    Authorizing the Trustee to obtain, on an interim basis, $375,000.00 in post-petition financing pursuant to the terms set forth in the Credit Documents and the *Proposed Interim Order Authorizing the Trustee to Obtain Post-Petition Financing and Granting Related Relief* attached hereto (the "Interim Order");

    b.    Authorizing the Trustee to obtain, on a final basis, $750,000.00 in post-petition financing pursuant to the terms set forth in the Credit Documents and the *Proposed*

---

[2] The Trustee has paid quarterly U.S. Trustee fees and some nominal rent and utility charges post-petition from cash on hand and nominal funds generated from an agricultural lease. Although the Trustee does not admit that any such funds were encumbered by a lien, the Trustee nevertheless requested and obtained consent for these expenses from HGC Midstream Inv., LLC. Certain other expenses have been paid by Permico Energia, LLC, and/or personally by the Debtors' CEO, Jeffrey Beicker.

*Final Order Authorizing the Trustee to Obtain Post-Petition Financing and Granting Related Relief* attached hereto (the "Final Order");

c.      Granting to the Lender a first priority, validly perfected deed of trust lien on all the Debtors' real property in Nueces County, Texas, near Corpus Christi, Texas, as described in the Credit Documents (the "Property");

d.      Granting to the Lender a second priority, validly perfected lien on the pipeline right of way (the "Right Of Way", and together with the Property, the "Collateral"), subordinate to the lien of Corpac Steel Products Corp.;

e.      Granting to the Lender a super priority administrative expense over any and all administrative expenses of the kind specified in sections 503(b) and 507(b) of the Bankruptcy Code;

f.      Authorizing the Trustee and the Lender (the "Loan Parties") to enter into and execute the Credit Documents;

g.      Authorizing the Trustee to disburse the Loan proceeds consistent with the Budget;

h.      Finding that the Trustee and Lender, the Loan, and extension of credit are all in good faith and entitled to the protection of Section 363(e) of the Bankruptcy Code; and

i.      Waiving any applicable stay and providing for the immediate effectiveness of the Order.

19.      As set forth in the Budget and the Declaration, the Debtors have and continue to incur necessary expenses for which the Debtors do not have sufficient funds, including Texas Railroad Commission fees, U.S. Trustee fees, rent, general business expenses, and salaries for the Debtors' key employees that are critical to maintaining the Project's value and advancing the Project to a financial close. The employees have continued to remain dedicated to the Debtors and the Project throughout these cases, but the Trustee and the estates cannot expect these individuals to continue their employment and dedication without payment indefinitely. Accordingly, the Loan is critical to fund necessary employee wages and operational expenses, without which the Project cannot survive.

## IV.    SUMMARY OF RELIEF REQUESTED

20.    The Loan will be provided in accordance with the terms and conditions set forth in the Credit Documents and the Interim and Final Orders.

21.    In compliance with Bankruptcy Rule 4001(c) and (d), the Trustee makes the following concise statement about the relief requested herein:

a.   **Borrowers:** Debtors Permico Midstream Partners, LLC and Permico Midstream Partners Holdings, LLC (together, the "Borrowers").

b.   **Lender:** Integra Midstream Partners, LLC or its assigns.

c.   **Loan:** A first lien term loan (the "Loan") in an amount up to $750,000.00.  The Loan would be funded to the Borrowers in two (2) equal installments of $375,000.00 each funded approximately twenty (20) days apart (depending upon the day of entry of the Interim Order and the Final Order) and available to the Trustee on behalf of the Borrowers.

d.   **Purpose:** The Loan proceeds would be available to the Trustee on behalf of the Borrowers for general corporate purposes, including the payment of professional fees and expenses and the costs of administering the Borrowers' bankruptcy cases, in accordance with, and subject to, the amounts set forth on the Budget.

e.   **Maturity:** The earlier of the following: (i) six (6) months from the date of funding of the Loan in full, (ii) conversion of these chapter 11 cases (the "Cases") to Chapter 7 or dismissal of the Cases; (iii) confirmation of a plan of reorganization or liquidation in the Cases; (iv) approval by the Bankruptcy Court of a sale of substantially all of the assets of the Borrowers under Section 363 of the Bankruptcy Code, or (v) default under the Loan Agreement.

f.   **Interest Rate:** 12.5 % per annum until maturity (calculated on the basis of a year of 365/366 days for actual days elapsed); after maturity, unpaid principal to bear interest at the highest lawful rate permitted by Texas law.

g.   **Lender Fee:** A fee of 3% of the principal amount of the Loan from the loan proceeds, to be paid directly to Lender out of the first funding of the Loan.

h.   **Collateral**: The Loan and all obligations in the deed of trust and Credit Documents will be secured, pursuant to Bankruptcy Code sections 364(c)(2) and 364(d) by a first priority deed of trust lien on the Property and rights related thereto. Additionally, the Loan shall be secured by a second priority lien on the Right Of Way, subordinate to the first priority lien of Corpac Steel Products Corp. Additionally, the Loan will be granted a super priority administrative expense over any and all administrative expenses of any kind specified in sections 503(b) and

7

507(b) of the Bankruptcy Code.  For the avoidance of doubt, no liens or security interests shall be granted on avoidance actions or avoidance action proceeds.

i.   **Event of Default**: If (a) default is made in the payment of any principal or interest of the Note, or (b) there is a default in any of the other terms, covenants, conditions, agreements, or provisions set forth in the Loan or any instruments securing payment thereof or in any of the obligations set forth in the Loan Agreement and, in the case of this clause (b), such default continues for thirty (30) days following Borrower's receipt of written notice thereof, ((a) or (b), a "<u>Default</u>"), then in any such event the holder of the Loan may declare the balance of the Loan due and payable, whereupon the entire unpaid principal balance of the Loan and all interest accrued thereon shall thereupon at once mature and become due and payable.  Lender shall provide notice of any Default in writing via email to the Trustee and counsel for the Trustee, and such notice shall also be delivered to Borrowers by next business day overnight courier service (e.g., FedEx, UPS) and sent by electronic mail to the addresses of the Borrowers.

j.   **Protection of Lender's Rights:**  The automatic stay is requested to be modified to the extent necessary to permit the Lender to take any of the following actions, at the same or different time, immediately upon the occurrence of a Default: (i) deliver a notice of a Default to the Trustee (the "<u>Default Notice</u>"); and (ii) declare all applicable Obligations to be immediately due and payable.  Following delivery of such Default Notice, the Lender would be permitted to file a motion (the "<u>Stay Motion</u>") seeking emergency relief from the automatic stay on at least five (5) business days' notice to request a further order of the Court permitting the Lender to proceed to protect, enforce, or exercise any rights and remedies provided for in the Credit Documents and under applicable law.  The Trustee shall not object to the Stay Motion being heard on shortened notice; however, neither the Trustee nor any other party in interest is barred from disputing that a Default has occurred or the appropriateness of any relief sought under the facts and circumstances of the case.  Until such time as the Stay Motion has been adjudicated by the Court, the Trustee may use the Loan proceeds consistent with the Interim or Final Order, as applicable.  For the avoidance of doubt, any remedy provisions set forth in the Credit Documents are subject to this paragraph and the terms of the Interim or Final Order, as applicable.

## V.   BASIS FOR RELIEF REQUESTED

22.   As set forth above, the Trustee's ability to maintain the Project and preserve the Debtors' assets for an eventual reorganization or sale requires post-petition financing.

23.   Section 364 of the Bankruptcy Code provides:

(b) The court, after notice and a hearing, may authorize the trustee to obtain unsecured credit or to incur unsecured debt other than under subsection (a) of this

section, allowable under section 503(b)(1) of this title as an administrative expense.

(c) If the trustee is unable to obtain unsecured credit allowable under section 503(b)(1) of this tile as an administrative expense, the court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt –
> (1) with priority over any or all administrative expenses of the kind specified in section 503(b) or 507(b) of this title;
> (2) secured by a lien on property of the estate that is not otherwise subject to a lien; or
> (3) secured by a junior lien on property of the estates that is subject to a lien.

*See* 11 U.S.C. § 364(b)-(c).

24.     Bankruptcy courts consider the following factors to determine whether post-petition financing under section 364(c) is appropriate: (i) whether the debtor is unable to obtain unsecured credit under section 364(b); (ii) whether the financing is necessary to preserve the assets of the debtor's estate; and (iii) whether the terms of the financing are fair, reasonable, and adequate under circumstances. *See In re L.A. Dodgers LLC*, 457 B.R. 312-13 (Bankr. D. Del. 2011) (identifying these three factors in considering post-petition financing); *In re Farmland Indus., Inc.*, 294 B.R. 855, 879 (Bankr. W.D. Mo. 2003) (courts look to various factors including whether "the proposed financing is an exercise of sound and reasonable business judgment").

25.     As set forth below, the Trustee submits that the proposed financing satisfies the requirements of the Bankruptcy Code.

>    i.     *The Trustee's Business Judgment*

26.     Post-petition financing under the terms set forth in the Credit Documents and the proposed Interim and Final Orders is consistent with the Trustee's reasonable business judgment. Courts grant considerable deference to a debtor-in-possession's business judgment, so long as the agreement to obtain such credit does not run afoul of the provisions of, and policies underlying,

the Bankruptcy Code. *In re L.A. Dodgers LLC*, 457 B.R. 308 at 313 ("[C]ourts will almost always defer to the business judgment of a debtor in the selection of the lender.").

27.     Only the Lender has expressed interest in providing post-petition financing. Further, under the circumstances of this case, including the absence of material revenue, the title and lien dispute over pipe purchased for the Project, and the lack of unencumbered property other than the Collateral, the Trustee, in consultation with GulfStar and the Debtors' employees, does not believe that financing on better terms is available. Under the circumstances of this case, the Trustee, in consultation with GulfStar and the Debtors' employees, believe that the terms of the proposed Loan are reasonable, fair, and in the best interest of the Debtors' and the Debtors' estates. The Debtors negotiated the terms of the Loan with the Lender in good faith and at arm's length, and the Trustee believes that the Loan is the best financing available.

     ii.     *The Trustee Has Been Unable to Obtain an Offer for Unsecured Financing*

28.     The Trustee has been unable to obtain unsecured credit or to incur debt allowable under section 503(b)(1) as an administrative expense pursuant to section 364(b). A trustee need only demonstrate "by a good faith effort that credit was not available without" the protections of § 364(c). *Bray v. Shenandoah Fed. Sav. & Loan Ass's (In re Snowshoe Co.)*, 789 F.2d 1085, 1088 4th Cir. 1986). Moreover, in circumstances where only a few if any lenders are willing to extend credit to a debtor, "it would be unrealistic and unnecessary to require [the trustee] to conduct such an exhaustive search for financing." *In re Sky Valley, Inc,.* 100 B.R. 107, 113 (Bankr. N.D. 1989).

29.     The Lender is not willing to provide financing on an unsecured basis and it is not reasonable to expect unsecured financing under the circumstances of this case.

*iii.*        *The Post-Petition Financing is Necessary to Preserve Value*

30.     As set forth above, the Debtors do not have funds to satisfy ongoing and past-due expenses and maintain critical employees without the Loan. The Debtors incur monthly operational expenses yet receive no appreciable revenue. Access to immediate financing is necessary to maintain and continue to advance the Project to a reorganizational transaction or sale. Accordingly, the Debtors have an immediate need to obtain financing to preserve and maximize the value of the Debtors' estates.

*iv.*        *The Terms of the Post-Petition Financing Are Fair and Reasonable, and Adequate Under the Circumstances*

31.     When considering whether the terms of post-petition financing are fair and reasonable, courts must consider the circumstances affecting both the debtor and the lender. *In re Farmland Indus., Inc.*, 294 B.R. 855 (Bankr. W.D. Mo. 2003).

32.     The Loan terms are fair and reasonable and constitute the best and only financing available. The interest rate is consistent with the market for loans under similar circumstances, the Debtors are not able to obtain financing on better terms, and the Debtors are not proposing to prime any liens because the lien proposed to secure the Loan would attach to unencumbered property.

*v.*        *The Lender Should be Deemed a Good Faith Lender Under Section 364(e)*

33.     As set forth herein and the accompanying Declaration, the Trustee, the Trustee's professionals, the Debtors' employees, and Lender negotiated the Loan at arm's length and in good faith. Further, proceeds of the Loan will be used only for purposes permitted by the Bankruptcy Code. Accordingly, the Trustee respectfully submits that the Lender is a "good faith" lender entitled to section 364(e)'s protections.

## VI.    REQUEST FOR EXPEDITED RELIEF

34.     Expedited relief is necessary in light of the Debtors' need to pay administrative expenses, including rent and past-due Railroad Commission assessments that continue to accrue interest and fees, and wages for employees that are necessary to advance the Project.

## VII.    REQUEST FOR WAIVER OF BANKRUPTCY RULE 6004

35.     To implement the Loan successfully, the Trustee seeks a waiver of the notice requirements under Bankruptcy Rule 6004(a) and any stay of an order granting the relief requested herein pursuant to Bankruptcy Rule 6004(h), 7062, 9014, or otherwise for all of the reasons described above.

## VIII.    NOTICE

36.     In accordance with Rule 4001(c), notice of this Motion and the relief requested in this Motion has been given to (a) the Office of the U.S. Trustee; (b) the Debtors' 20 largest unsecured creditors; (c) counsel to the Lender; (d) the Office of the United States Attorney General for the State of Texas; (e) the Internal Revenue Service; and (f) all parties requesting notice under Rule 2002. In light of the nature of the relief requested in this Motion, the Trustee respectfully submits that no further notice is necessary.

## IX.    CONCLUSION

**WHEREFORE**, the Trustee respectfully requests that this Court enter the Interim and Final Orders substantially in the form of the attached proposed Orders, authorizing the Trustee to borrow funds pursuant to the terms of the Credit Documents and proposed Interim and Final Orders, and granting the Trustee such other and further relief as this Court may deem just and proper.

Dated: December 18, 2020

Respectfully submitted,

**NORTON ROSE FULBRIGHT US LLP**

*/s/ Jason L. Boland*

Jason L. Boland
State Bar No. 24040542
jason.boland@nortonrosefulbright.com
Bob B. Bruner
State Bar No. 24062637
bob.bruner@nortonrosefulbright.com
Julie Goodrich Harrison
State Bar No. 24092434
julie.harrison@nortonrosefulbright.com
Maria Mokrzycka
State Bar No. 24119994
maria.mokrzycka@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, TX 77010-3095
Telephone:       (713) 651-5151
Facsimile:       (713) 651-5246

*Counsel for William R. Greendyke, Chapter 11
Trustee*

## CERTIFICATE OF ACCURACY

I hereby certify that the facts and circumstances described in the above pleading giving rise to the emergency request for relief are true and correct to the best of my knowledge, information, and belief.

*/s/ Jason L. Boland*

Jason L. Boland

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 18th day of December, 2020, the foregoing Motion, along with attached exhibits and proposed order, was filed with the Court and served via the Court's CM/ECF system to all parties registered to receive such notice.  The undersigned further hereby certifies that the foregoing Motion, along with attached exhibits and proposed order, were served via first class mail to all known creditors, as identified on the below service list.

*/s/ Julie Harrison*
Julie Harrison

<u>Service List</u>

Label Matrix for local noticing
0541-4
Case 20-32437
Southern District of Texas
Houston
Thu Dec  3 10:24:28 CST 2020

Capital Development Partners, Inc.
c/o McDowell Hetherington LLP
Attention: Jarrod B. Martin
1001 Fannin, Suite 2700
Houston, TX 77002-6774

Corpac Steel Products Corp
c/o Rosenthal Law Firm, P. L. L.C.
675 Bering, Suite 150
Houston, TX 77057-2188

Edgen Murray Corporation
c/o Lowenstein Sandler LLP
Attn: Jeffrey Prol, Esq.
Attn: Bruce S. Nathan, Esq.
One Lowenstein Drive
Roseland, NJ 07068-1740

Harris County
Linebarger Goggan Blair & Sampson LLP
c/o Tara L. Grundemeier
P.O. Box 3064
Houston, TX 77253-3064

Oso Development Partners, LLC
10300 Town Park Drive, Suite 1000
Houston, Tx 77072-5236

Permico Midstream Partners Holdings, LLC
9301 Southwest Freeway, Suite 308
Houston, TX 77074-1431

Permico Midstream Partners LLC
9301 Southwest Freeway, Suite 308
Houston, TX 77074-1431

Whitenton Group
Jennifer F. Wertz
Jackson Walker LLP
100 Congress Avenue
Suite 1100
Austin, TX 78701-4042

4
United States Bankruptcy Court
PO Box 61010
Houston, TX 77208-1010

Charles Craig Janies
718 Wilken Street
Houston, TX 77008-4461

Contract Land Staff, LLC
Dept 400
PO Box 4458
Houston, TX 77210-4458

Dickinson & Wheelock
7660 Woodway Drive, Suite 460
Houston, TX 77063-1537

Enveres Drilling Info
PO Box 678128
Dallas TX 75267-8128

Executive Risk Indemnity Inc. c/o CHUBB
202A Hall's Mill Road - 2E
Whitehouse Station, NJ 08889

HillCo
823 Congress, Suite 900
Austin TX 78701-2458

Horizon Environmental Services, Inc.
1507 S Interstate 35
Austin, TX 78741-2502

Hyde Regulatory Consulting LLC
1561 Ruby Ranch Rd
Buda, TX 78610-3188

Jeffrey Beicker
105 Big Trail Circle
Missouri City, TX 77459-6187

Jeffrey Sykes
C/O Jirohachi LLC
1629 K ST NW, STE 300
Washington, DC 20006-1631

Jirohachi LLC
Attn: Legal Counsel
1629 K ST NW, STE 300
Washington, DC 20006-1631

Jordan Fickessen
5418 Pecan Field Dr,
Missouri City, TX 77459-1495

Joseph Lavin
1629 K St Nw, Suite 300
Washington, DC 20006-1631

King & Spalding
1180 Peachtree Street, NE;
17th Floor
Atlanta GA 30309-7525

Lavin Puig PLLC
Suite 1629 K St NW 300
Washington, DC 20006-1602

Lonquist & Co. LLC
12912 Hill Country Blvd., Suite F-200
Austin, TX 78738-6717

Lummus Consultants International LLC
2103 RESEARCH FOREST DRIVE
THE WOODLANDS, TX 77380-4162

Macquarie Capital (USA), Inc.
500 Dallas, Suite 3300
Houston, TX 77002-4719

Magin Puig-Monsen
C/O Jirohachi LLC
1629 K ST NW, STE 300
Washington, DC 20006-1631

Martin O'Connor Ranch, LTD
101 S. Main St #300
Victoria, TX 77901-8142

Merlyn Holdings, LLC
9301 Southwest Freeway
Houston, TX 77074-1510

Michael Sambasile
5815 Serrano Terrace Lane
Houston, TX 77041-6042

Micheal Sambasile
5815 Serrano Terrace Lane
Houston, TX 77041-6042

Millenium Business Services
8515 Jackrabbit Rd T
Houston, TX 77095-3191

Moak, Casey  & Associates
901 S Mopac Bldg III Ste 310
Austin, Texas 78746

NEC Co-Op Energy
PO Box 103000
Victoria, TX 77903-3000

Nueces County
c/o Diane W. Sanders
Linebarger Goggan Blair & Sampson, LLP
P.O. Box 17428
Austin, TX 78760-7428

Nueces County Tax Assessor
901 Leopard St.
Corpus Christi, TX 78401-3606

Nueces Electric
14353 Cooperative Ave
Robstown, TX 78380-4600

OSO Development Partners, LLC
185 Cherry Oak Lane
Montgomery, TX 77316-6423

Optimized Process Designs LLC
25610 Clay Road
Katy, TX 77493-7898

Pathfinder / LL&D
PO Box 441587
Houston, TX 77244-1587

Percheron
1904 West Grand Parkway North
Suite 200
Katy, TX 77449-1898

Priestly Farms
3558 County Road 57
Robstown, TX 78380-5624

Prime Energy Services, LLC
654 N. Sam Houston Pkwy E
Suite 300
Houston, TX 77060-5913

ProShred Security
2425 W Loop S #200
Houston, TX 77027-4208

RBN Energy LLC
2323 South Shepherd Drive
Suite 1010
Houston, TX 77019-7024

RPS Group Inc.
20405 Tomball Parkway, Suite 200
Houston, Texas 77070-2284

Railroad Commission of Texas
1701 North Congress Ave
PO Box 12967
Austin, TX 78711-2967

Randy Emshoff
3233 Harper's Ferry
Corpus Christi, TX 78410-2409

ReedSmith LLP
811 Main Street
Suite 1700
Houston, TX 77002-6110

Robstown ISD
801 North First Street
Robstown, TX 78380-2608

Ronald E. Chamness
1617 Sul Ross
Houston, TX 77006-4719

San Jacinto Title Services
520 Lawrence Street
Corpus Christi, TX 78401-2524

Sumitomo Mitsui Banking Corporation
277 Park Avenue
New York, NY 10172-0077

Swan Pipeline Services, LLC
PO Box 854
Cyril, OK 73029-0854

TARSCO CONSTRUCTION CORP
25000 PITKIN ROAD
SPRING TEXAS 77386-1990

Tarsco Construction Company
1400 Woodloch Forest Drive
Suite 500
The Woodlands, TX 77380-1117

Texas Mutual Insurance
P.O. Box 841843
Dallas, TX 75284-1843

Texas Railroad Commission
1701 North Congress Avenue
Post Office Box 12967
Austin, TX 78711-2967

Texas Tator Tots, LTD
105 Big Trail Circle
Missouri City, TX 77459-6187

The Shaw Group / Lummus Consultants Internat
2103 Research Forest Drive
The Woodlands, TX 77380-4162

Tolunay-Wong Engineers., Inc.
10710 S Sam Houston Pkwy W, Suite 100
Houston, TX 77031-3060

Topographic
1400 Everman Parkway, Suite 146
Fort Worth, TX 76140-5034

Trinity Consultants
12700 Park Central Dr; Suite 2100
Dallas, TX 75251-1546

Trinity Consultants, Inc.
P O Box 972047
Dallas, TX 75397-2047

US Trustee
Office of the US Trustee
515 Rusk Ave
Ste 3516
Houston, TX 77002-2604

United Corpus Christi Chambers of Commerce
602 N. Staples Street, Ste. 150
Corpus Chrisi, TX 78401-4400

Universal Ensco Inc
c/o Fermeen Fazal
4848 Loop Central Dr, Ste 137
Houston, Texas 77081-2355

Universal Ensco., Inc
Texas 4848 Loop Central Drive
Suite 137
Houston, TX 77081

Whitenton Group
TX 3413 Hunter Road
San Marcos, TX 78666-5864

Wood Mackenzie
NY PO Box 9482
New York, NY 10087-9482

Zabel Freeman
1135 Heights Blvd
Houston, TX 77008-6915

Ashley L. Harper
Hunton Andrews Kurth LLP
600 Travis Street
Suite 4200
Houston, TX 77002-2929

Catherine Diktaban
Hunton Andrews et al
600 Travis St
Suite 4200
Houston, TX 77002-2929

Joseph Peak Rovira
Hunton Andrews Kurth LLP
600 Travis
Suite 4200
Houston, TX 77002-2929

Julie Goodrich Harrison
Norton Rose Fulbright US LLP
1301 McKinney St
Ste 5100
Houston, TX 77010-3095

Timothy Alvin Davidson II
Hunton Andrews Kurth LLP
600 Travis
Ste 4200
Houston, TX 77002-2929

William R Greendyke
Norton Rose Fulbright US LLP
1301 McKinney Street
Suite 5100
Houston, TX 77010-3095

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)HGC Midstream Inv LLC

(u)Nueces County

(u)Permico Energia, LLC

(u)Prime Energy Services, LLC

End of Label Matrix
Mailable recipients    78
Bypassed recipients     4
Total                  82