## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| PERMICO MIDSTREAM PARTNERS | § | Case No. 20-32437 (MI) |
| HOLDINGS, LLC, *et al.*, | § | |
| | § | (Jointly Administered) |
| Debtors.[1] | § | |

**MOTION OF WILLIAM R. GREENDYKE, CHAPTER 11 TRUSTEE,
FOR ENTRY OF AN ORDER FURTHER EXTENDING THE DEADLINE
TO ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL
REAL PROPERTY PURSUANT TO 11 U.S.C. § 365(d)(4)**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

William R. Greendyke, the Court-appointed chapter 11 trustee (the "Trustee") for Permico

Midstream Partners Holdings, LLC and Permico Midstream Partners (collectively, the "Debtors"),

---

[1] The Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers are as follows: Permico Midstream Partners Holdings, LLC (6374) and Permico Midstream Partners LLC (7902). The location of the Debtors' corporate headquarters and service address is 9301 Southwest Freeway, Suite 308, Houston, TX 77074.

hereby files this *Motion for Entry of an Order Extending the Deadline to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to 11 U.S.C. § 365(d)(4)* (the "Motion").  In support of this Motion, the Trustee respectfully states as follows:

### Jurisdiction, Venue, and Authority

1.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334.

2.      This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      This Court has constitutional authority to enter final orders with respect to the relief requested herein.  The Trustee further confirms his consent to this Court's entry of final orders or judgments on this Motion if it is later determined that, in the absence of the consent of the parties, this Court does not have constitutional authority to enter final orders or judgments.

4.      The statutory bases for the relief requested herein are § 365(d)(4) of the Bankruptcy Code and Rules 1075-1 and 9013-1 of the Local Bankruptcy Rules for the Southern District of Texas (the "Local Rules").

### Background

5.      On May 4, 2020 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas.  The Debtors are Texas limited liability companies that are engaged in certain midstream oil and gas operations.  Prior to the Petition Date, the Debtors were in the process of developing a project to build (i) pipelines from the Permian Basin and Eagle Ford shale regions to Corpus Christi, Texas; (ii) two fractionator trains; (iii) an NGL salt cavern storage facility; and (iv) one or more export terminals with spurs

to the gas liquids storage and trading hub in Mont Belvieu, Texas (collectively, the "Pipeline Project").  The Debtors currently lease their office space located at 9301 Southwest Fwy, Suite 308, Houston, TX 77074, from Merlyn Holdings, Inc., through a month-to-month lease (the "Office Lease").

6.      On May 18, 2020, the Office of the United States Trustee (the "U.S. Trustee") filed a *Notice of Appointment of Chapter 11 Trustee* and corresponding *Application for Order Approving Appointment of Chapter 11 Trustee*, seeking approval of Mr. Greendyke to serve as the Trustee in these cases.  *See* Dkt. Nos. 36 & 37.

7.      On May 22, 2020, the Court entered its *Order Approving Appointment of Chapter 11 Trustee in the Jointly Administered Permico Midstream Partners Holdings, LLC Cases* (the "Trustee Order"), approving appointment of Mr. Greendyke as Trustee.  *See* Dkt. No. 44.

8.      On August 31, 2020, the Trustee filed a *Motion to Extend Time to Assume or Reject Unexpired Leases of Nonresidential Property Pursuant to 11 U.S.C. § 365(d)(4)* (the "First Extension Motion") [Dkt. No. 88].  On September 25, 2020, the Court granted the First Extension Motion [Dkt. No. 112], extending the deadline through and including November 30, 2020.

9.      On November 30, 2020, the Trustee filed a *Motion to Extend Time to Assume or Reject Unexpired Leases of Nonresidential Property Pursuant to 11 U.S.C. § 365(d)(4)* (the "Second Extension Motion") [Dkt. No. 140]. On December 30, 2020, the Court granted the Second Extension Motion [Dkt. No. 166], extending the deadline through and including March 1, 2021.

## Relief Requested

10.     By this Motion, and pursuant to section 365(d)(4) of the Bankruptcy Code, the Trustee requests entry of an order, substantially in the form attached hereto (the "Proposed Order"

and if entered, the "Order"), granting a further extension of the deadline to assume or reject unexpired leases of nonresidential real property, including the Office Lease (collectively, the "Unexpired Leases"), by 60-days through and including April 30, 2021.

11.     The Trustee further requests that the proposed extension be without prejudice to the rights of the Trustee to seek additional extensions of the time to assume or reject the Unexpired Leases as contemplated by section 365(d)(4)(B)(ii) of the Bankruptcy Code.

## Basis for Relief

12.     Upon the commencement of a chapter 11 case, a debtor is provided an initial period to stabilize its operations and reach business decisions regarding such operations and the extent of its nonresidential real property leases.  Specifically, section 365(d)(4) of the Bankruptcy Code provides that:

> [A]n unexpired lease of nonresidential real property under which the debtor is a lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of—
>
> (i) the date that is 120 days after the date of the order for relief; or
>
> (ii) the date of the entry of the order confirming a plan.

11 U.S.C. § 365(d)(4)(A).

13.     Thus, the Unexpired Leases that are not assumed within the initial 120 days of the filing of these cases are not subject of a motion to extend the statutory period filed prior to 120th day, will be deemed rejected.  In the event the initial period of 120 days proves insufficient, the Bankruptcy Code provides for a ninety (90) day extension thereof subject to a showing of "cause" and the approval of the court.  11 U.S.C. § 365(d)(4)(B); *see also Condal Distribs., Inc. v. 2300 Xtra Wholesalers*, *Inc. (In re 2300 Xtra Wholesalers, Inc.)*, 445 B.R. 113, 122 (S.D.N.Y. 2011) (noting that section 365(d)(4)(B)(i) permits the Bankruptcy Court, upon motion, to grant a 90- day

extension "for cause").  This Court, as well as other bankruptcy courts, routinely extend the initial period to assume or reject unexpired leases when such period has proven to be inadequate.

14.     When determining whether cause exists to extend the time to assume or reject unexpired leases of nonresidential real property, courts consider the following factors:

    i.   whether the lease is the debtor's primary asset;

    ii.   whether the debtor has had sufficient time to intelligently appraise its financial situation and potential value of its assets in terms of the formulation of a plan of reorganization;

    iii.   whether the lessor continues to receive rent for the use of property;

    iv.   whether the debtor's continued occupation could damage the lessor beyond the compensation available under the Bankruptcy Code;

    v.   whether the case is exceptionally complex and involves a large number of leases;

    vi.   whether the debtor has failed or is unable to formulate a plan when it has had sufficient time to do so; and

    vii.   any other factors bearing on whether the debtor has had a reasonable amount of time in which to decide whether to assume or reject the lease.

*See, e.g., In re Panaco, Inc.*, No. 02-37811-H3-11, 2002 WL 31990368, at *5 (Bankr. S.D. Tex. Dec. 10, 2002) (listing similar factors to consider when determining whether to extend deadline); *South St. Seaport Ltd. P'ship v. Burger Boys, Inc. (In re Burger Boys, Inc.)*, 94 F.3d 755, 761 (2d Cir. 1996) (same); *In re Adelphia Commc'ns Corp.*, 291 B.R. 283, 293 (Bankr. S.D.N.Y. 2003) (same); *see also In re Am. Healthcare Mgmt., Inc.*, 900 F.2d 827, 830 (5th Cir. 1990) (recognizing that a court may extend the deadline under section 365(d)(4) if "there is 'cause' for granting the extension").

### Cause Exists to Extend the Period to Assume or Reject Unexpired Leases

15.     As illustrated below, there is more than sufficient "cause" to grant the Trustee's requested extension of the time within which he may assume or reject the Unexpired Leases.

16.     Since the Trustee's appointment, the Trustee has worked with his advisors, the Debtors' commercial team, and key stakeholders towards a prompt resolution of these cases through an agreed upon plan or other alternative process.  The Trustee engaged Gulfstar Group II, Ltd ("Gulfstar") to assist the Trustee with these efforts.  Because of the Debtors' limited liquidity, the Trustee has focused on obtaining financing and has spent a considerable amount of time negotiating with the existing stakeholders and potential investors.

17.     Additionally, the Trustee worked on obtaining commitments from counterparties to purchase certain committed barrels per day of NGLs at the Debtors to-be-constructed processing plants.  On September 21, 2020, the Court entered an *Order Authorizing, but not Directing the Trustee to Enter into Certain Letters of Intent* [Dkt. No. 103].  Also, the Trustee obtained much needed post-petition financing. On December 28, 2020, this Court entered a *Final Order Authorizing the Trustee to Obtain Post-Petition Financing and Granting Related Relief* [Dkt. No. 180].

18.     The Trustee, with the assistance of his investment bankers, Gulfstar, has been marketing the Debtors' assets in tandem with ongoing efforts to negotiate a restructuring transaction with the Debtors' key constituencies.  To this end, the Trustee entered into non-disclosure and confidentiality agreements with various third parties regarding potential financing and/or a restructuring transaction.

19.     At this time, the Trustee has not yet made any final determinations as to whether to move forward with a sale, a balance sheet restructuring, or a combination thereof.  Addressing all of these matters and working to preserve valuable estate assets already has required significant time and resources.  Accordingly, the Trustee needs additional time to adequately assess whether to assume or reject the Unexpired  Leases.

20.     Importantly, the Trustee believes that the lessors under the Unexpired Leases will not be prejudiced by the relief requested in this Motion.  First, the Trustee has performed and intends to continue to perform all obligations due under the Unexpired Leases to the extent required by section 365(d)(3) of the Bankruptcy Code.  Second, the lessors will be not damaged by the continued occupation of the leased premises during the proposed extended period, given the Trustee's anticipated continued performance pending a decision on assumption or rejection.  Thus, the relief requested herein will not harm the lessors but will merely preserve the *status quo* while the Trustee evaluates whether to assume or reject the Unexpired Leases.  *See, e.g., In re Am. Healthcare Mgt., Inc*., 900 F.2d 827, 833 (5th Cir. 1990) ("[A]n order extending the time for a debtor to assume or reject a lease merely preserves the status quo.").

21.     Thus, the Trustee believes that the proposed extension of the section 365(d)(4) deadline through and including April 30, 2021, by an additional 60 days provided by section 365(d)(4) of the Bankruptcy Code is necessary, appropriate, and in the best interest of the Debtors' estates and should be granted.

<u>**Reservation of Rights**</u>

22.     Nothing contained in this Motion, or any actions taken by the Trustee pursuant to relief granted in the Proposed Order, shall be deemed to constitute or is intended or should be construed as (a) an assumption or rejection of any of the Unexpired Leases under section 365 of the Bankruptcy Code or (b) an admission by the Trustee that a particular instrument is governed by any provision of section 365 of the Bankruptcy Code.  If the Court grants the relief sought herein, any and all of the Trustee's rights, claims, and defenses with respect to the characterization of the Unexpired Leases, pursuant to sections 365(d)(3) and 365(d)(4) of the Bankruptcy Code or otherwise, are expressly reserved.

## Automatic Extension under Complex Chapter 11 Case Procedures

23.     Pursuant to Paragraph 14 of the Procedures for Complex Chapter 11 Cases in the Southern District of Texas (the "Complex Case Procedures"), the time by which the Trustee may assume or reject the Unexpired Leases shall automatically be extended until the Court rules on this Motion, without the necessity for entry of a bridge order.

## Conclusion

**WHEREFORE**, the Trustee respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto, granting the relief requested herein and granting such other and further relief as is just and proper.

Dated:   March 1, 2021                           Respectfully submitted,
        Houston, Texas

                                          **NORTON ROSE FULBRIGHT US LLP**

                                          */s/ Jason L. Boland*
                                          Jason L. Boland (SBT 24040542)
                                          Bob B. Bruner (SBT 24062637)
                                          Julie Goodrich Harrison (SBT 24092434)
                                          Maria Mokrzycka (SBT 24119994)
                                          1301 McKinney Street, Suite 5100
                                          Houston, Texas 77010
                                          Telephone: (713) 651-5151
                                          Facsimile: (713) 651-5246
                                          Email: jason.boland@nortonrosefulbright.com
                                          Email: bob.bruner@nortonrosefulbright.com
                                          Email: julie.harrison@nortonrosefulbright.com
                                          Email: maria.mokrzycka@nortonrosefulbright.com

                                          *Counsel to William R. Greendyke,*
                                          *Chapter 11 Trustee*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 1, 2021, a true and correct copy of the foregoing Motion was served by the CM/ECF system for the United States Bankruptcy Court for the Southern District of Texas to all parties registered to receive such service, as well as via U.S. first-class mail on the following lessor(s):

**<u>Landlords:</u>**

Merlyn Holdings
9301 Southwest Fwy Ste 410
Houston, TX 77074

*/s/ Maria Mokrzycka*
Maria Mokrzycka