IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| PERMICO MIDSTREAM PARTNERS HOLDINGS, LLC, *et al.*, | § § § | Case No. 20-32437 (MI) |
| | § | (Jointly Administered) |
| Debtors.[1] | § | |

**UNOPPOSED MOTION OF WILLIAM R. GREENDYKE, CHAPTER 11 TRUSTEE, FOR ENTRY OF AN ORDER FURTHER EXTENDING PERIOD WITHIN WHICH PARTIES MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND RULE 9027 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

William R. Greendyke, the Court-appointed chapter 11 trustee (the "Trustee") for Permico Midstream Partners Holdings, LLC and Permico Midstream Partners (collectively, the "Debtors"),

---

[1] The Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers are as follows: Permico Midstream Partners Holdings, LLC (6374) and Permico Midstream Partners LLC (7902). The location of the Debtors' corporate headquarters and service address is 9301 Southwest Freeway, Suite 308, Houston, TX 77074.

hereby files this *Unopposed Motion of William R. Greendyke, Chapter 11 Trustee, for Entry of an Order Further Extending Period Within Which Parties May Remove Actions Pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure* (the "Motion"). In support of this Motion, the Trustee respectfully states as follows:

### Relief Requested

1. By this Motion, the Trustee seeks entry of an order, substantially in the form attached hereto (the "Proposed Order"), further extending the deadline to remove actions (each, individually, an "Action" and collectively, the "Actions") pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027 for an additional period of 60 days, through and including April 30, 2021 (the "Removal Deadline").

2. The Trustee requests that the order approving the Motion be without prejudice to the right of the Trustee to seek further extensions of the Removal Deadline.

### Jurisdiction and Venue

3. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. This Court has constitutional authority to enter final orders with respect to the relief requested herein. The Trustee further confirms his consent to this Court's entry of final orders or judgments on this Motion if it is later determined that, in the absence of the consent of the parties, this Court does not have constitutional authority to enter final orders or judgments.

5. The bases for relief requested herein are section 1452 of the Bankruptcy Code, and Bankruptcy Rules 9006 and 9027, and Rule 9027-1 of the Bankruptcy Local Rule for the Southern District of Texas (the "Bankruptcy Local Rules").

## Background

6. The Debtors are Houston-based limited liability companies that are engaged in certain midstream oil and gas operations. On May 4, 2020 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas.

7. Prior to the Petition Date, the Debtors were in the process of developing a pipeline project to build (i) pipelines from Permian Basin and Eagle Ford shale regions to Corpus Christi; (ii) two fractionator trains; (iii) an NGL salt cavern storage facility; and (iv) one or more export terminals with spurs to the gas liquids storage and trading hub in Mont Belvieu, Texas (the "Pipeline Project").

8. On May 18, 2020, the Office of the United States Trustee (the "U.S. Trustee") filed a *Notice of Appointment of Chapter 11 Trustee* and corresponding *Application for Order Approving Appointment of Chapter 11 Trustee*, seeking approval of Mr. Greendyke to serve as the Trustee in these cases [Dkt. Nos. 36 & 37].

9. On May 22, 2020, the Court entered its *Order Approving Appointment of Chapter 11 Trustee in the Jointly Administered Permico Midstream Partners Holdings, LLC Cases* (the "Trustee Order"), approving appointment of Mr. Greendyke as Trustee [Dkt. No. 44].

10. On July 29, 2020, the Trustee filed an *Unopposed Emergency Motion of William R. Greendyke, Chapter 11 Trustee, to Extend Time to Remove Proceedings* (the "First Removal Extension Motion") [Dkt. No. 80]. The Court granted that First Removal Extension Motion on

July 30, 2020 (the "First Removal Extension Order") [Dkt. No. 81], extending the time period within which the Trustee could remove actions up to and including October 2, 2020.

11. On October 1, 2020, the Trustee filed an *Unopposed Motion of William R. Greendyke, Chapter 11 Trustee, for Entry of an Order Extending Period Within Which the Trustee May Remove Actions Pursuant to 28 U.S.C. 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure* [Dkt. No. 116 ] (the "Second Removal Extension Motion"), seeking entry of an order further extending the removal deadline.[2] On November 4, 2020, the Court granted the Second Removal Extension Motion [Dkt. No. 137], extending the deadline through and including December 1, 2020.

12. On November 30, 2020, the Trustee filed an *Unopposed Motion of William R. Greendyke, Chapter 11 Trustee, for Entry of an Order Extending Period Within Which the Trustee May Remove Actions Pursuant to 28 U.S.C. 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure* [Dkt. No. 141] (the "Third Removal Extension Motion"), seeking entry of an order further extending the removal deadline. On December 30, 2020, the Court granted the Third Removal Extension Motion [Dkt. No. 167], extending the deadline through and including January 15, 2021.

13. On January 15, 2021, the Trustee filed an *Unopposed Motion of William R. Greendyke, Chapter 11 Trustee, for Entry of an Order Extending Period Within Which the Trustee May Remove Actions Pursuant to 28 U.S.C. 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure* [Dkt. No. 174] (the "Fourth Removal Extension Motion"), seeking entry

---

[2] On October 2, 2020, the Trustee filed *an Amended Motion of William R. Greendyke, Chapter 11 Trustee, for Entry of an Order Extending Period Within Which the Trustee May Remove Actions Pursuant to 28 U.S.C. 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure* at Docket No. 119.  In the amended motion, the Trustee modified the relief requested in the proposed form of order to provide that the Removal Deadline was being extended for any party and not solely the Trustee, which was consistent with the Court's prior Order at Docket No. 81.

of an order further extending the removal deadline. On February 8, 2021, the Court granted the *Fourth Removal Extension Motion*, extending the deadline through and including March 1, 2021 (the "Current Removal Deadline"), without prejudice to the Trustee's right to seek further extensions of the Current Removal Deadline.

14. By this Motion, the Trustee seeks an additional sixty (60) day extension.

## Basis for Relief

15. Section 1452 of title 28 of the United States Code provides for removal of pending claims in civil actions related to bankruptcy cases. Specifically, 28 U.S.C. § 1452(a) provides

> (a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

16. Bankruptcy Rule 9027(a)(2) sets forth the time period for filing notice to remove claims or causes of actions and provides, in pertinent part:

> If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under §362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

FED. R. BANKR. P. 9027(a).

17. Bankruptcy Rule 9006(b)(1) further provides that the Court may extend the unexpired periods, such as the Trustee's Removal Deadline, without notice:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after

5

>   the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

FED. R. BANKR. 9006(b)(1).

18.     Courts in this district and other districts have regularly granted relief similar to that requested herein. *See, e.g., In re Neiman Marcus Group LTD LLC*, *et al.*, No. 20-32519 (DRJ) (Bankr. S.D. Tex. Sept. 25, 2020) (granting an additional 90-day extension); *In re Chesapeake Energy Corporation, et al*., No. 20-33233 (DRJ) (Bankr. S.D. Tex. Sept. 25, 2020) (granting an additional 120-day extension); *In re Valaris plc et al.*, No. 2034114(MI) (Bankr. S.D. Tex. Dec. 20, 2020) (granting an additional 120-day extension); *In re Alta Mesa Resources, Inc*., No. 19-35133 (MI) (Bankr. S. D. Tex. May 6, 2020) (granting an additional 60-day extension without prejudice to the debtors' ability to seek additional extensions); *In re Sanchez Energy Corp*., No. 19-34508 (MI) (Bankr. S.D. Tex. March 4, 2020) (granting an additional 120-day extension without prejudice to the debtor's ability to seek additional extensions).

19.     The Trustee submits that extending the Current Removal Deadline is in the best interests of the Debtors, their estates, and creditors. More specifically, absent the relief requested herein, the removal period will expire on March 1, 2021.

20.     As set in the prior extension motions, in the first several months of these Chapter 11 Cases, the Trustee, along with his professional advisors, devoted a significant amount of effort towards critical and time-sensitive business, operational, and financial matters affecting the Debtors' restructuring. Specifically, the Trustee engaged GulfStar Group II, LTD ("GulfStar") to assist the Trustee in obtaining commitments from counterparties to purchase committed barrels per day of NGLs at the Debtors' planned processing plants. The Trustee successfully obtained letters of intent ("LOIs") from certain counterparties under which the Debtors would provide the counterparties NGL transportation and fractioning services, terminaling services, and

transportation services pursuant to mutually agreed upon definitive agreements. The Trustee is continuing to work with these counterparties towards definitive documentation. On September 21, 2020, the Court entered an *Order Authorizing, but Not Directing the Trustee to Enter into Certain Letters of Intent* [Dkt. No. 103]. Further, the Trustee obtained much needed post-petition financing. On December 28, 2020, this Court entered a *Final Order Authorizing the Trustee to Obtain Post-Petition Financing and Granting Related Relief* [Dkt. No. 180].

21. Since filing the Fourth Removal Extension Motion, the Trustee, among other things, has been focusing on a restructuring transaction. The Trustee entered into non-disclosure and confidentiality agreements with various third parties regarding potential financing and/or a restructuring transaction. Furthermore, the Trustee and the Debtors' key constituencies have been working on a restructuring support agreement and made substantial progress towards a consensual resolution of these Chapter 11 Cases.

22. As a result of the foregoing efforts and others, the Trustee has not had sufficient time to review the actions to determine if any should be removed pursuant to Bankruptcy Rule 9027(a). The extension sought will afford the Trustee an opportunity to make a more fully informed decision concerning the removal of actions and will ensure that the Trustee's rights under 28 U.S.C. § 1452 are exercised appropriately. Moreover, granting the requested extension will not unduly prejudice the rights of the parties to the actions. Indeed, the parties to the only pending state court action that the Trustee is aware of (i.e., HGC Midstream Inv LLC and Edgen Murray Corporation) do not oppose the relief sought herein.

23. Accordingly, the Trustee submits that extending the Current Removal Deadline for an additional period of 60 days, through and including April 30, 2021, is necessary, prudent, and in the best interest of the Debtors' estates, creditors, and all parties in interest.

**WHEREFORE**, the Trustee requests that the Court enter the Proposed Order, granting the relief requested herein and such other and further as is just and proper.

Dated:   March 1, 2021   Respectfully submitted,
        Houston, Texas

**NORTON ROSE FULBRIGHT US LLP**

*/s/ Jason L. Boland*
Jason L. Boland (SBT 24040542)
Bob B. Bruner (SBT 24062637)
Julie Goodrich Harrison (SBT 24092434)
Maria Mokrzycka (SBT 24119994)
1301 McKinney Street, Suite 5100
Houston, Texas 77010
Telephone: (713) 651-5151
Facsimile: (713) 651-5246
Email: jason.boland@nortonrosefulbright.com
Email: bob.bruner@nortonrosefulbright.com
Email: julie.harrison@nortonrosefulbright.com
Email: maria.mokrzycka@nortonrosefulbright.com

*Counsel to William R. Greendyke,*
*Chapter 11 Trustee*

## CERTIFICATE OF CONFERENCE

I hereby certify that on March 1, 2021, I conferred with Joshua Wolfshohl, counsel for HGC Midstream Inv LLC, and Graig Alvarez, counsel for Edgen Murray Corporation, regarding the relief requested herein, and Messrs. Wolfshohl and Alvarez indicated that their respective clients did not oppose the relief sought herein.

*/s/ Jason L. Boland*
Jason L. Boland

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2021, a true and correct copy of the foregoing Motion was served by CM/ECF system for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Maria Mokrzycka*
Maria Mokrzycka