**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| PERMICO MIDSTREAM PARTNERS HOLDINGS, LLC, *et al.*, | § § | Case No. 20-32437 (MI) |
| | § | |
| | § | (Jointly Administered) |
| Debtors. | § | |

**PERMICO MEDIATION SETTLEMENT PLAN TERM SHEET**

| **General Plan Structure** | <ul><li>The proposed Plan[1] is structured to provide all parties with the opportunity to be paid in full upon consummation of a Project Transaction, while preserving each party's respective interests until the Project Transaction closes, and further including firm Milestone Dates and an expedited alternative sale path so that each party's rights and interests are not impaired in the event that the Project Transaction is delayed or does not close.</li><li>The proposed Plan includes proposed settlements with respect to the Pipe subject to the pending Corpac and Edgen Adversary Proceedings that would: (i) release 100% of the Pipe from the disputed Estate interests in the Pipe (subject, as set forth below, to the Retained HGC Lien); and (ii) release 100% of the disputed HGC liens on the Pipe under Toggle 1 or, alternatively, the continuation of the Retained HGC Lien under Toggle 2 subject to the escrow and distributions provisions set forth below.[2]</li><li>The proposed Plan is a toggle plan, proposing classes and treatments under two scenarios: (i) a Project Transaction with Permico Founders; and (ii) in the event of a Milestone Default prior to the Plan Effective Date: a Sale of all Estate assets other than Estate causes of action and the Pipe. Under both scenarios, Edgen and Corpac would have the immediate right to begin liquidating 100% of their respective Pipe subject to the escrow</li></ul> |
|---|---|

---

[1] All capitalized terms will be defined terms under the Plan.  A definition section is further attached hereto as **Exhibit A** [forthcoming].

[2] Nothing within this Term Sheet is intended to be, or shall be construed as, an admission as to any party's respective rights, claims, or interests in the Adversary Proceedings.

- 1 -

|  | |
|---|---|
|  | requirements, distributions and Retained HGC Lien set forth herein. |
|  | • In the event of a Milestone Default (defined herein as the failure to satisfy a Milestone Date) prior to the Plan Effective Date, the Trustee shall sell all assets other than Estate causes of action and the Pipe to Buyer in the amount of no less than $ 3.5 million, or any higher or better offer submitted to the Trustee within 14 days of the filing of the Sale Notice (the "Bid Deadline"). |
|  | • In connection with the foregoing, the Trustee shall file a notice of the proposed sale and asset purchase agreement within 7 days of the Milestone Default (the "Sale Notice"). To the extent the Trustee receives one or more higher or better offers prior to the Bid Deadline, the Trustee will hold an auction within 7 days following the Bid Deadline and select the highest and best bid. |
|  | • The Trustee will file an emergency motion, on or before **May 26, 2021**, seeking conditional authority to permit Corpac and Edgen to commence sale of the Pipe by **May 28, 2021** subject to the terms set forth below (the "Pipe Sale Motion"). The Pipe Sale Motion would request authority for Corpac and Edgen to commence Pipe sales, subject to the estate settlements, escrow requirements, distributions and Retained HGC Lien as set forth herein. |
|  | • Except as otherwise provided herein, no party's rights, claims, interests, or defenses related to the Adversary Proceedings would be compromised without the agreement of the respective parties to the Adversary Proceedings to settle their claims pursuant to the framework set forth under the Plan (or as otherwise agreed by the parties). To the extent the Adversary Proceedings are not settled under the Plan, all parties' rights, claims, interest, and defenses would be preserved. |
|  | • This Term Sheet is subject to definitive documentation, which all parties shall use good faith and best efforts to complete, consistent with this Term Sheet, including the Pipe Sale Motion, Order thereon, Plan, Confirmation Order and Exhibit A (definition), Exhibit B (Corpac Plan Treatment and Modification Agreement) and Exhibit C (Edgen Plan Treatment), in form and content acceptable to the parties in their reasonable discretion. |
| **Milestone Dates** | • **June 18, 2021**— Filing of a chapter 11 plan and disclosure statement consistent with the terms set forth herein (the "Plan" and "Disclosure Statement"), including providing for exit |

|  |  |
|---|---|
|  | funding of no less than $25 million (the "<u>Initial Contribution</u>") and the proposed Sale toggle in the event of a Milestone Default prior to the Plan Effective Date.<br><br>• **July 20, 2021**— Entry of an order approving the Disclosure Statement<br><br>• **July 31, 2021** — Final Transportation Agreements and Initial Contribution Agreements shall be approved by counterparties subject only to entry of an order approving the Plan (the "<u>Plan Confirmation Order</u>").<br><br>• **August 20, 2021**— Entry of the Plan Confirmation Order.<br><br>• **September 22, 2021** — Plan Effective Date<br><br>• **March 15, 2022** — Financial Close Date<br><br>• In the event of a default prior to the Plan Effective Date, the Trustee shall file a *Notice of Milestone Default* with the Court within three (3) days of the occurrence of the alleged default. Notwithstanding the foregoing, any party is permitted to cure the alleged default or file an emergency motion seeking additional relief from the Court within five (5) business days of the filing of the *Notice of Milestone Default*. Milestones may also be extended with the consent of all parties to this term sheet, in writing (the "<u>Parties</u>"). |
| **Abatement of the Adversary Proceedings** | • The Trustee will file an agreed motion to abate the Adversary Proceedings by **May 26, 2021**, with abatement to continue through the earlier of the Plan Effective Date or seven days after the filing of a *Notice of Milestone Default*. Seven days after the filing of a *Notice of Milestone Default*, the abatement shall lift automatically without further order of the Court; provided, however, the parties to the adversary proceeding may stipulate in writing to any further abatements by filing a notice with the Court.<br><br>• The Corpac Adversary Proceeding shall be automatically dismissed with prejudice in its entirety on the Plan Effective Date, provided that the Initial Contribution has been fully funded in accordance with Toggle 1, without the need for any party to file any further pleadings.<br><br>• The Edgen Adversary Proceeding shall be automatically dismissed with prejudice in its entirety on the Plan Effective Date, provided that the Initial Contribution has been fully |

- 3 -

| | |
|---|---|
| | funded in accordance with Toggle 1, without the need for any party to file any further pleadings. |
| **Plan Toggle 1 – Project Transaction (Structure)** | <ul><li>100% of the Equity in Permico Midstream Partners, LLC and Permico Midstream Partners Holdings, LLC (the "Reorganized Debtor") shall be acquired by Permico Founders, LLC for the Initial Contribution (of no less than $25 million) plus the assumption of all obligations of the Debtors, other than obligations settled or compromised under the Plan. The $25 million Initial Contribution shall constitute equity and shall not constitute debt on the Reorganized Debtor's balance sheet.</li><li>Proceeds of the Initial Contribution shall be disbursed as set forth below, less amounts for retained working capital. HGC shall receive $15 million from the Initial Contribution, less the HGC Trustee Payment (defined below). Corpac shall receive $3.0 million, less the Corpac Trustee Payment (defined below). Edgen shall receive $3.0 million, less the Edgen Trustee Payment (defined below). $3.5 million shall be retained for working capital. $0.5 million shall be distributed to a critical vendor class of unsecured creditors under the Plan.</li><li>The Corpac Purchase Orders and the Corpac Assumed Obligations shall be assumed under terms agreed upon by Corpac and the Reorganized Debtor, provided, however, that the Pipe shall be assumed "as is;" further provided, however, warranties, if any, shall continue to apply in accordance with the terms of the Corpac Purchase Orders, as may be amended.</li><li>The Edgen Purchase Orders and the Edgen Assumed Obligations shall be assumed under the terms agreed upon by Edgen and the Reorganized Debtor, provided, however, that the Pipe shall be assumed "as is;" further provided, however, warranties, if any, shall continue to apply in accordance with the terms of the Edgen Purchase Orders, as may be amended.</li><li>The Reorganized Debtor shall assume and be bound by the obligations to HGC under the Plan, including payment obligations on the Effective Date and at FID/Financial Close. The Initial Contribution shall be made on the Effective Date.</li><li>The Debtors and the Debtors' estates shall release any and all claims and causes of action against HGC, whether known or unknown, contingent or unliquidated, asserted or unasserted, that existed from the beginning of time through the Effective Date of the Plan, including (but not limited to) all surcharge rights, derivative claims, alter ego claims or otherwise, against</li></ul> |

HGC in exchange for payment in the amount of $2.5 million (the "HGC Trustee Payment"). The HGC Trustee Payment shall be paid from a portion of the distribution from the Initial Contribution provided for HGC on the Plan Effective Date and shall be used to fund the Administrative Claim Escrow.

- The Plan shall provide for the mutual settlement and release of all claims of the Debtors' bankruptcy estates related to the Corpac and Edgen Adversary Proceedings, including any claims, rights, or interests of the estate in the Pipe (including, for the avoidance of doubt, any surcharge rights against the Pipe) in consideration for the Corpac and Edgen Trustee Payments. The Corpac Trustee Payment shall be in the amount of $500,000 (the "Corpac Trustee Payment"), and the Edgen Trustee Settlement Payment shall be in the amount of $500,000 (the "Edgen Trustee Payment"). The Corpac and Edgen Trustee Payments shall be paid from a portion of the distribution from the Initial Contribution provided for Corpac and Edgen on the Plan Effective Date.

- The Plan shall provide, so long as the Initial Contribution is funded on the Effective Date, for the mutual settlement and release of any and all claims by and between HGC and Corpac, including (but not limited to) their respective claims related to the Corpac Adversary Proceeding and any claims, rights, or interests of HGC in the Pipe, in exchange for payment by Corpac to HGC on the Plan Effective Date of $3.0 million (the "Corpac HGC Payment") and HGC's assignment of $1.75 million of the HGC Claim Balance to Corpac.

- The Plan shall provide, so long as the Initial Contribution is funded on the Effective Date, for the mutual settlement and release of any and all claims by and between HGC and Edgen, including (but not limited to) their respective claims related to the Edgen Adversary Proceeding, and any claims, rights, or interests of HGC in the Pipe, in exchange for payment by Edgen to HGC on the Plan Effective Date of $3.0 million (the "Edgen HGC Payment") and HGC's assignment of $1.75 million of the HGC Claim Balance to Edgen.

- The HGC Claim Balance shall be $14 million, which includes the $1.75 million assigned to Corpac, the $1.75 million assigned to Edgen, and the remaining interest and fees accrued after the Plan Effective Date. The HGC Claim Balance shall be an assumed obligation of the Reorganized Debtor and paid by the Reorganized Debtor at Financial Close as follows: $10.5

million to HGC, $1.75 million to Corpac, and $1.75 million to Edgen.

- Provided that the Initial Contribution is funded on the Effective Date, 100% of the Corpac Pipe and the Corpac Escrow shall vest in Corpac free and clear of all rights, claims, and interests of the estates and all parties on the Plan Effective Date and pursuant to the releases granted in consideration for the Corpac Trustee Payment and the Corpac HGC Payments.

- Provided that the Initial Contribution is funded on the Effective Date, 100% of the Edgen Pipe and the Edgen Escrow shall vest in Edgen free and clear of all rights, claims, and interests of the estates and all parties on the Plan Effective Date and pursuant to the releases granted in consideration for the Edgen Trustee Payment and the Edgen HGC Payments.

- The Pipe Sale Motion shall request immediate authority for Corpac to sell up to $8 million of Corpac Pipe and Edgen to sell up to $8 million of Edgen Pipe, each calculated based on the prices set forth in the prepetition Purchase Orders with respect to the Pipe being sold (the "Initial $8 million PO Sale"), and keep all proceeds of such sales free and clear of any liens, claims, and encumbrances of any party, provided that all other Corpac Pipe and Edgen Pipe remain subject to the rights, claims, and interests of the respective parties in the Adversary Proceedings both before and after the Effective Date. Corpac and Edgen shall provide copies of all purchase orders, invoices, statements, and payment receipts related to any sales provided for herein to counsel for the Trustee and HGC within 3 business days of receipt or delivery, and further provide any accounting necessary for the parties to identify such Pipe and the value allocated to the same on the prepetition Purchase Orders. The Trustee and HGC shall execute any necessary and reasonable confidentiality agreement in connection with the receipt of the aforementioned documents, to the extent requested by Corpac and/or Edgen. For the avoidance of doubt, if Corpac and/or Edgen are able to sell their respective Pipe pursuant to the Initial $8 million PO Sale under the Pipe Sale Motion for a price that is greater than $8 million in the aggregate, respectively, they shall retain any excess proceeds over and above the face amount of such Purchase Orders free and clear of the claims and interests of HGC and the bankruptcy estates.

- The Court order approving the Pipe Sale Motion shall provide that all proceeds from any sale of Corpac Pipe and Edgen Pipe, other than from the Initial $8 million PO Sale, shall be

distributed 80% to escrow account one for the Corpac matter and one for the Edgen matter maintained by a third party escrow agent (the "Escrow(s)" or, as to Corpac, the "Corpac Escrow" and, as to Edgen, the "Edgen Escrow") and 20% to the seller of the Pipe (i.e., Corpac or Edgen), until the Escrow amount equals $35 million. For the avoidance of doubt, Edgen and Corpac shall each fund separate $35 million Escrow accounts funded solely from proceeds from the sale of their respective Pipe. For purposes of the foregoing distributions with respect to Edgen pipe only, all actual proceeds received from the sale of Pipe shall be used for purposes of calculating the Edgen Escrow. For purposes of the foregoing distributions with respect to Corpac pipe only, the value to be used in determining the proceeds from any such sale shall be calculated based on the prices set forth in the prepetition Purchase Orders with respect to the Pipe being sold and not the actual sales proceeds. To the extent any such Pipe is sold for below the value attributed to such Pipe under the prepetition Purchase Orders, Corpac shall contribute additional funds into the Escrows to make up for any shortfall below 80% of such prepetition Purchase Order value. As an example, if Corpac sells $10 million worth of prepetition Purchase Order value pipe for only $7 million, it will be responsible for contributing all $7 million in proceeds into Escrow and also contributing an additional $1 million to fulfill the shortfall on the 80% escrow contribution obligation. The Retained HGC Lien will continue to encumber the Corpac and Edgen Pipe to the same extent, validity and priority as existed on the petition date (the "Retained HGC Lien") until sold and, thereafter, will attach to the funds held in the Escrows. The Retained HGC Lien shall not attach to that portion of the sales proceeds (i.e., 20% of sales proceeds) paid to Corpac or Edgen as set forth in this section. Corpac's lender that asserts a lien on the Corpac Pipe being sold shall, subject to any existing liens, have a lien on the proceeds in the Corpac Escrow to the same extent and priority as such lender's liens existed on the Corpac Pipe as of the petition date.

- The Plan shall provide customary exculpation and mutual releases for all claims and causes of action arising prior to the confirmation date between the Debtor, the Debtors' estates, the Chapter 11 Trustee, Corpac, Edgen. HGC, and Energia (the "Released Parties"). Released claims and causes of action are not Liquidating Trust Assets. Notwithstanding the foregoing, HGC and Energia shall not release each other for any claims or causes of action arising prior to the confirmation date that are not claims belonging to the Debtors' Estates (which shall be

| | |
|---|---|
| | released by the Trustee). Released claims and causes of action are not Liquidating Trust Assets.<br><br>• The Administrative Expense Escrow (the "<u>Liquidating Trust Assets</u>") shall be transferred to a Liquidating Trust on the Plan Effective Date, for the benefit of holders of allowed Administrative Expense Claims and General Unsecured Claims, pending Financial Close. Upon payment in full of all claims on the Financial Close date, any remaining Liquidating Trust Assets shall be assigned to the Reorganized Debtor.<br><br>• On the Effective Date, the balance owing on the post-petition loan from Integra Midstream Partners, LLC shall be paid in full from the Administrative Expense Claim Escrow. |
| **Plan Toggle 1 – Project Transaction (Classes and Treatment)** | • **Administrative Claims** (Estimated to be $3.5 Million)<br><br>An Administrative Expense Claims Escrow in the amount of $3.5 million shall be funded on the Effective Date, for the benefit of holders of allowed Administrative Expense claims.<br><br>The Administrative Expense Claims Escrow shall be funded from the HGC Trustee Payment, the Corpac Trustee Payment, and the Edgen Trustee Payment. The Reorganized Debtor shall assume any administrative expense claims to the extent of any shortfall, with any such allowed claims to be paid in full at Financial Close.<br><br>Estimated Administrative Claims include: (i) DIP Loan Amount; (ii) Professional Fees; (iii) Trustee fees; (iv) any Allowed substantial contribution claims; and (v) and non-professional post-petition administrative expenses. All Administrative Expense claims shall be allowed only upon entry of an order of the Court approving such expenses.<br><br>• **<u>Corpac and Edgen Claims</u>**<br><br><u>Corpac</u><br><br>Provided that the Initial Contribution is fully funded, Corpac shall be vested with title to the Corpac Pipe upon the Plan Effective Date, free and clear of all claims, rights, or interests of the Debtors and the Debtors' estates. Upon the funding of the Initial Contribution and payments made to HGC hereunder, including the Corpac HGC Payment, the Corpac Pipe shall also |

- 8 -

|  |  | vest free and clear of any claims, rights, or interests of HGC, including the Retained HGC Lien.<br><br>The Reorganized Debtor and/or any of its assignees shall assume the Corpac Purchase Orders[3] and Assumed Corpac Obligations.[4] Assumed Corpac Obligations shall be paid in full on the Financial Close Date consistent with <u>Exhibit B</u> attached hereto.[5]<br><br>Corpac shall be paid $3.0 million from proceeds of the Initial Contribution on the Effective Date (the "<u>Corpac Initial Contribution Payment</u>"). The Corpac Initial Contribution Amount shall be used to fund the Corpac HGC Payment and the Corpac Trustee Payment, with the remaining $500,000 to be funded by Corpac. In exchange for the Corpac Initial Contribution Amount, the Reorganized Debtor shall receive a credit against the Corpac Assumed Obligations.<br><br>The Reorganized Debtor shall also provide Corpac with adequate assurance of future performance by making monthly post-Effective Date payments in the amount of the Corpac Adequate Assurance Payments,[6] subject to the Corpac Adequate Assurance Monthly Cap,[7] and shall be paid in arrears on the first of the month commencing on the first day of the second month after the Plan Effective Date. To the extent actual costs incurred exceed the Corpac Adequate Assurance Monthly |

---

[3] Corpac Purchase Orders shall be a defined term under the Plan and include all purchase orders, amendments, modifications, or any related contracts and/or agreements, as may be agreed upon by Permico Founders and Corpac.

[4] Assumed Corpac Obligations shall be a defined term under the Plan and include any claims for interest, fees, costs, or other amounts as may be agreed upon by Permico Founders and Corpac. To the extent the Permico Founders and Corpac cannot agree as to the amount of the Assumed Corpac Obligations, the Court shall decide the amount of such obligations.

[5] Except as may be modified by this Term Sheet, the terms of the proposed assumption of the Corpac Purchase Orders and Corpac Assumed obligations have been negotiated between Permico Founders and Corpac, and is attached hereto as **<u>Exhibit B</u>** [forthcoming].

[6] Corpac Adequate Assurance Payments shall be a defined term under the Plan and include any amounts as may be agreed upon by Permico Founders and Corpac. Subject to the Corpac Adequate Assurance Monthly Cap, and to the extent the Permico Founders and Corpac cannot agree as to the amount of the Corpac Adequate Assurance Payments, the Court shall decide the amount of such payments.

[7] The Corpac Adequate Assurance Monthly Cap shall be a defined term under the Plan and constitutes an amount as may be agreed upon by Permico Founders and Corpac. To the extent the Permico Founders and Corpac cannot agree as to the amount of the Corpac Adequate Assurance Monthly Cap, the Court shall decide the amount of such cap.

Cap, any deficiency shall remain an Assumed Corpac Obligation and be paid at Financial Close.

If Financial Close does not occur by the Financial Close Date, Corpac shall be released and discharged from any obligation to perform under the Corpac Purchase Orders, and if not sold by the Financial Close Date, may sell the Corpac Pipe to third-parties. For avoidance of doubt, Corpac may immediately begin to sell Corpac Pipe under the terms of a Court order approving the Pipe Sale Motion.

Prior to Financial Close, Corpac shall retain all rights and/or liens with respect to property of the Debtors' estates vested in the Reorganized Debtor after the Effective Date, if any, in accordance with applicable state law and as may be agreed upon by Permico Founders and Corpac and set forth in <u>Exhibit B</u> attached hereto. Any such rights and/or liens shall be released upon Financial Close and payment of the amounts set forth herein. To the extent Financial Close does not occur, Corpac may exercise any such rights against the Reorganized Debtor and the Reorganized Debtor's property, as applicable.

Such treatment shall be in full satisfaction of any and all claims of Corpac against the Debtors and the Debtors' estates.

<u>Edgen</u>

Provided the Initial Contribution is funded, Edgen shall be vested with title to the Edgen Pipe upon the Plan Effective Date, free and clear of all claims, rights, or interests of the Debtors and the Debtors' estates. Upon the funding of the Initial Contribution and payments made to HGC hereunder, including the Edgen HGC Payment, the Edgen Pipe shall further vest free and clear of any claims, rights, or interests of HGC.

The Reorganized Debtor and/or any of its assignees shall assume the Edgen Purchase Orders[8] and Assumed Edgen Obligations.[9] Assumed Edgen Obligations shall be paid in full

---

[8] Edgen Purchase Orders shall be a defined term under the Plan and include all purchase orders, amendments, modifications, or any related contracts and/or agreements, as may be agreed upon by Permico Founders and Edgen.

[9] Assumed Edgen Obligations shall be a defined term under the Plan and include any claims for interest, fees, costs, or other amounts as may be agreed upon by Permico Founders and Edgen. To the extent the Permico Founders and Corpac cannot agree as to the amount of the Assumed Edgen Obligations, the Court shall decide the amount of such obligations.

|  | on the Financial Close Date consistent with <u>Exhibit C</u> attached hereto.[10]<br><br>Edgen shall be paid $3.0 million from proceeds of the Initial Contribution on the Effective Date (the "<u>Edgen Initial Contribution Payment</u>").  The Edgen Initial Contribution Amount shall be used to fund the Edgen HGC Payment and the Edgen Trustee Payment, with the remaining $500,000 to be funded by Edgen.  In exchange for the Edgen Initial Contribution Amount, the Reorganized Debtor shall receive a credit against the Edgen Assumed Obligations.<br><br>The Reorganized Debtor shall also provide Edgen with adequate assurance of future performance by making monthly post-Effective Date payments in the amount of the Edgen Adequate Assurance Payments,[11] subject to the Edgen Adequate Assurance Monthly Cap,[12] and shall be paid in arrears on the first of the month commencing on the first day of the second month after the Effective Date.  To the extent actual costs incurred exceed the Edgen Adequate Assurance Monthly Cap, any deficiency shall remain an Assumed Edgen Obligation and be paid at Financial Close.<br><br>If Financial Close does not occur by the Financial Close Date, Edgen shall be released and discharged from any obligation to perform under the Edgen Purchase Orders, and if not sold by the Financial Close Date, may sell the Edgen Pipe to third-parties. For avoidance of doubt, Edgen may immediately begin to sell Edgen Pipe under the terms of a Court order approving the Pipe Sale Motion.<br><br>Prior to Financial Close, Edgen shall retain all rights and/or liens with respect to property of the Debtors' estates vested in the Reorganized Debtor after the Effective Date, if any, in |
|---|---|

---

[10] Except as may be modified by this Term Sheet, the terms of the proposed assumption of the Edgen Purchase Orders and Edgen Assumed obligations have been negotiated between Permico Founders and Edgen, and is attached hereto as **<u>Exhibit C</u>** [forthcoming].

[11] Edgen Adequate Assurance Payments shall be a defined term under the Plan and include any amounts as may be agreed upon by Permico Founders and Edgen.  Subject to the Edgen Adequate Assurance Monthly Cap, and to the extent the Permico Founders and Edgen cannot agree as to the amount of the Edgen Adequate Assurance Payments, the Court shall decide the amount of such payments.

[12] The Edgen Adequate Assurance Monthly Cap shall be a defined term under the Plan and constitutes an amount as may be agreed upon by Permico Founders and Edgen.  To the extent the Permico Founders and Edgen cannot agree as to the amount of the Edgen Adequate Assurance Monthly Cap, the Court shall decide the amount of such cap.

accordance with applicable state law and as may be agreed upon by Permico Founders and Edgen as set forth in Exhibit C attached hereto. Any such rights and/or liens shall be released upon Financial Close and payment of the amounts set forth herein. To the extent Financial Close does not occur, Edgen may exercise any such rights against the Reorganized Debtor and the Reorganized Debtor's property, as applicable.

Such treatment shall be in full satisfaction of any and all claims of Edgen against the Debtors and the Debtors' estates.

**HGC Claim**

Upon the Effective Date, HGC shall be paid $15 million from proceeds of the Initial Contribution (the "HGC Initial Payment"). The difference between HGC's $35 million claim, which includes any interest, fees, or costs due and owing under the applicable agreements and applicable law on such claim (the "HGC Claim"), less an agreed $6 million settlement under Toggle 1 only, and the HGC Initial Payment shall be the "HGC Claim Balance," shall be assumed by the Reorganized Debtor. For the avoidance of doubt, the HGC Claim Balance shall equal $14 million under Toggle 1 only.

HGC shall further receive $3.0 million (the "Corpac HGC Payment") from Corpac in full satisfaction and release of all rights, claims, and interests in the Corpac Pipe and the related Corpac Adversary Proceeding. Corpac shall be assigned $1.75 million of the HGC Claim Balance upon payment of the Corpac HGC Payment.

HGC shall further receive $3.0 million (the "Edgen HGC Payment") from Edgen in full satisfaction and release of all rights, claims, and interests in the Edgen Pipe and the related Edgen Adversary Proceeding. Edgen shall be assigned $1.75 million of the HGC Claim Balance upon payment of the Edgen HGC Payment.

For the avoidance of doubt, any lien, claim, or interest asserted by HGC against the Corpac or Edgen Pipe shall be released on the Plan Effective Date, provided and so long as that HGC has been paid the HGC Initial Payment, the Corpac HGC Payment and the Edgen HGC Payment.

**Allowed General Unsecured Claims** (estimated to be $10 million)

| | |
|---|---|
| | All Allowed General Unsecured Claims will be assumed by the Reorganized Debtor.<br><br>Holders of Allowed General Unsecured Claims shall be paid by the Reorganized Debtors on Financial Close, or such other period as may be agreed to between the Reorganized Debtor and the holder of an Allowed General Unsecured Claim. No interest shall be due on such claims.<br><br>Prior to Financial Close, holders of Allowed General Unsecured Claims shall retain all rights with respect to property of the Debtors' estates vested in the Reorganized Debtor after the Plan Effective Date, if any, in accordance with applicable state law and federal bankruptcy law. Any such rights and/or liens shall be released upon Financial Close.<br><br>**Management Team**<br><br>The Plan shall provide that the current Management Team shall, at the discretion of Permico Founders, enter into employment agreements on terms and conditions satisfactory to Permico Founders. |
| **Plan Toggle 2 – Liquidation and Pipe Sale Transaction (Structure)** | • If a Milestone Default occurs prior to the Plan Effective Date, substantially all of Debtor's assets, other than Estate causes of action, Edgen Pipe and Corpac Pipe, shall be sold for $3.5 million to Integra Midstream Partner's LLC or its designee (the "Buyer"), free and clear of all rights, titles, and interests, with any such rights, title, and interest attaching to the proceeds subject to the same, extent, validity, and priority as existed on the Debtors' bankruptcy petition date (the "Sale"), subject to higher and better bids received by the Trustee within 14 days of the filing of the Sale Notice (the "Bid Deadline"). The Trustee shall file a notice of the proposed sale and asset purchase agreement within 7 days of the Milestone Default (the "Sale Notice"). To the extent the Trustee receives one or more higher or better offers prior to the Bid Deadline, the Trustee will hold an auction within seven days following the Bid Deadline and select the highest and best bid. If Integra is not accepted as the highest and best bid, Integra shall receive a break-up fee and expense reimbursement of up to $175,000 (the "Break-Up Fee") paid out of the proceeds from the Sale at the closing and Corpac shall be entitled to credit the Break-Up Fee against the Corpac Trustee Payment..<br><br>• Upon Court approval of the Buyer as the proposed purchaser, the Buyer shall deposit $2.5 million with the Trustee to be held |

in escrow, and applied against the $3.5 million purchase price. Buyer shall pay the Trustee the remaining $1 million at closing of the Sale. In connection with the Sale to the Buyer, Corpac shall receive a release from the Trustee of all claims and interest in the Pipe, including any surcharge rights against the Pipe or Corpac (the "Release"), and the Trustee shall be dismissed from the Corpac Adversary Proceeding. The Trustee shall use best-efforts to include the Release in any Court order approving a bid from a third-party buyer that exceeds the Buyer's $3.5 million bid. For the avoidance of doubt, the Retained HGC Lien shall continue in the Pipe until the final resolution of the Corpac Adversary Proceeding.

- Any unencumbered proceeds from the Sale shall be distributed to the Administrative Expense Escrow (and the balance owing on the loan from Integra shall be paid in full from such Escrow), provided that, to the extent any assets subject to the Sale are encumbered by a valid, perfected, first priority lien, any such lien shall attach to proceeds to the same extent as existed prior to the Petition Date or as was provided under the DIP Order and such proceeds shall be distributed to the holder of such secured claims.

- The Plan shall provide for the mutual settlement and release of all claims of the Debtors' estates and Edgen related to the Edgen Adversary Proceedings, including any claims, rights, or interests of the Estate in the Edgen Pipe, including any surcharge rights against the Edgen Pipe, for the Edgen Trustee Payment. The Edgen Trustee Payment under Toggle 2 shall be in the amount of $1.25 million, and such funds shall be distributed to the Administrative Expense and Escrow as set forth below.

- To the extent the Buyer is affiliated with Corpac or Corpac's owners, the Trustee shall release all claims related to the Corpac Adversary Proceedings, including any claims, rights, or interests of the Estate in the Corpac Pipe, including any surcharge rights against the Corpac Pipe, in partial consideration for the sale price.

- Solely to the extent that the Sale to a Buyer affiliated with Corpac does not close, the Plan shall provide for the mutual settlement and release of all claims of the Debtors' estates and Corpac related to the Corpac Adversary Proceedings, including any claims, rights, or interests of the Estate in the Pipe, including any surcharge rights against the Pipe, for the Corpac

Trustee Payment. The Corpac Trustee Payment under Toggle 2 shall be in the amount of $1.25 million, and such funds shall be distributed to the Administrative Expense Escrow as set forth below.

- The Plan shall provide for a mutual release between Corpac, the Trustee, the Debtors, and the Debtors' estate with respect to any and all claims and causes of action, provided, however, Corpac may assert a proof of claim as set forth below. The Plan shall provide for a mutual release between Edgen, the Trustee, the Debtors, and the Debtors' estate with respect to any and all claims and causes of action, provided, however, Edgen may assert a proof of claim as set forth below.

- The Debtors and the Debtors' estates shall release any and all claims and causes of action against HGC, including any surcharge rights, whether known or unknown, contingent or unliquidated, asserted or unasserted, that existed from the beginning of time through the Effective Date of the Plan, including (but not limited to) derivative claims, alter ego claims or otherwise, against HGC, in exchange for $1.25 million (the "HGC Toggle 2 Trustee Payment"), and such funds shall be distributed to the Administrative Expense Escrow. Further, HGC shall subordinate any lien on proceeds of the Sale (if any) to allowed Administrative Claims (up to $3.5 million) and solely to the extent Corpac, Edgen, and HGC settlement payments provide to the Trustee under Toggle 2 are insufficient to satisfy allowed Administrative Claims (up to $3.5 million). The HGC Toggle 2 Trustee Payment shall be added to the balance of the HGC Claim in the bankruptcy case under Toggle 2.

- Subject to the Retained HGC Liens, 100% of the Corpac Pipe shall vest free and clear of all rights, claims, and interests of the Debtors and the Debtors' estates on the Plan Effective Date and pursuant to the releases granted by the Trustee.

- Subject to the Retained HGC Liens, 100% of the Edgen Pipe shall vest free and clear of all rights, claims, and interests of the Debtors and the Debtors' estates on the Plan Effective Date and pursuant to the releases granted by the Trustee.

- As set forth above, the Trustee shall file the Pipe Sale Motion for authority to sell Pipe.

- Pursuant to the Pipe Sale Motion, any Pipe sales shall be subject to the following terms:

    i. Edgen shall be authorized and responsible for selling only Edgen Pipe, with notice to the HGC, the Trustee and/or Liquidating Trustee.

    ii. Corpac shall be authorized and responsible for selling only Corpac Pipe, with notice to HGC, the Trustee and/or Liquidating Trustee.

    iii. Corpac and Edgen may each immediately begin selling Pipe in accordance with the Pipe Sale Motion set forth above.

    iv. Corpac and Edgen may each immediately begin selling Pipe beyond the $8 million PO Sale subject to the escrow and lien provisions set forth in the Pipe Sale Motion.

    v. Other than the $8 million PO Sale, the proceeds from any sale of Pipe prior to the Plan Effective Date shall be distributed 80% to the Escrows and 20% to Edgen or Corpac, as applicable, until the Escrow amount equals $35 million for each of Edgen and Corpac. For the avoidance of doubt, Edgen and Corpac shall each fund separate $35 million Escrow accounts funded solely from proceeds from the sale of their respective Pipe. The Retained HGC Lien will continue to encumber the Corpac and Edgen Pipe to the same extent, validity and priority as existed on the petition date until sold and, thereafter, will attach to the funds held in the Escrows, pending the Plan Effective Date. Corpac's lender that asserts a lien on the Pipe being sold shall, subject to any existing liens, have a lien on the proceeds in the Corpac Escrow to the same extent and priority as such lender's liens existed on the Corpac Pipe as of the petition date.

- Edgen shall be allowed a Class B General Unsecured Claim in the amount of the Edgen Trustee Payment.

- Corpac shall be allowed a Class B General Unsecured Claim in the amount of the Corpac Trustee Payment, if applicable.

- Corpac and Edgen may file a proof of claim within ninety (90) days of the Plan Effective Date. Any such claims, to the extent allowed, shall be allowed as Class B General Unsecured Claims.

| | |
|---|---|
| | - The Sale Proceeds, the Edgen Trustee Payment, and the Corpac Trustee Payment, if applicable, and any Estate causes of action, and any other retained property of the estates not subject to the Sale (the "<u>Liquidating Trust Assets</u>"), shall be retained and transferred to the Liquidating Trust.<br><br>- The Trustee and/or Liquidating Trustee (following the Effective Date) will file periodic notices of the Pipe sales with the Court, disclosing relevant information to parties in interest. |
| **Plan Toggle 2 – Pipe Sale Transaction (Classes and Treatment)** | - **Administrative Expense Claims** (estimated to be $3.5 Million)<br><br>An Administrative Expense Claims Escrow in the amount of $3.5 million shall be paid in full on the Effective Date, for the benefit of holders of allowed administrative expense claims, from proceeds of the Sale, the Edgen Trustee Payment, and the Corpac Trustee Payment (if applicable).<br><br>Estimated Administrative Claims include: (i) DIP Loan Amount; (ii) professional fees; (iii) Trustee fees; (iv) any allowed substantial contribution claims; and (v) and non-professional post-petition administrative expenses.  All Administrative Expense claims shall be allowed only upon entry of an order of the Court approving such expenses.<br><br>Upon allowance of any Administrative Expense Claims, including, with respect to professional fees or any substantial contribution claims, entry of a final order approving any necessary applications, such Administrative Expense Claims shall be paid in full from the Administrative Claims Escrow.  To the extent of any deficiency in the Administrative Claims Escrow, the balance of any such claims shall be paid from the Liquidating Trust Assets. Notwithstanding the foregoing, the balance of the post-petition loan from Integra Midstream Partners, LLC shall be paid in full from the Administrative Expense Claim Escrow.<br><br>- **HGC Claim** $35 million<br><br>The rights, claims, and interests of HGC with respect to the Edgen and Corpac Adversary Proceedings shall be preserved and resolved in the Adversary Proceedings, except to the extent of any settlement provided for under the Plan or as may be later agreed upon by the applicable parties.<br><br>To the extent HGC prevails in the Edgen Adversary Proceeding, HGC shall be entitled to exercise all applicable rights to the |

|  | Edgen Escrow. To the extent Edgen prevails in the Edgen Adversary Proceeding, Edgen shall be entitled to exercise all applicable rights to the Edgen Escrow.<br><br>To the extent HGC prevails in the Corpac Adversary Proceeding, HGC shall be entitled to exercise all applicable rights to the Corpac Escrow. To the extent Corpac prevails in the Corpac Adversary Proceeding, Corpac shall be entitled to exercise all applicable rights to the escrow.<br><br>HGC shall retain its full claim in the bankruptcy cases in the amount of $35 million, plus any additional interest and fees accrued after the Plan Effective Date, subject to credits for any amounts received from the Pipe proceeds/Adversary Proceedings. To the extent Corpac and Edgen both prevail in the Adversary Proceedings, and/or HGC's claim is not otherwise satisfied in full based on its liens against the Debtors' non-Pipe assets existing as of the Petition Date, HGC's remaining deficiency claim shall be allowed as an allowed secured claim up to the value of its collateral and, to the extent of any deficiency, an allowed General Unsecured Claim. If Corpac or Edgen prevail in their respective Adversary Proceeding, any applicable reserved liens or escrows shall be immediately released to Corpac and/or Edgen, as applicable; provided, however, HGC's valid, perfected, first priority lien on any property of the Estate other than the Pipe, shall attach to the Sale proceeds to the same extent, validity, and priority as existed prior to the Petition Date. Provided, however, HGC shall subordinate any lien on proceeds of the Sale (if any) to allowed Administrative Claims (up to $3.5 million) and solely to the extent Corpac, Edgen, and HGC settlement payments provide to the Trustee under Toggle 2 are insufficient to satisfy allowed Administrative Claims (up to $3.5 million).<br><br>For avoidance of doubt, under Toggle 2 if there is a third party sale to an entity other than Integra or its designees, Corpac shall retain its liens on the Sale proceeds (if any), but Corpac will subordinate any such liens on proceeds of the Sale to allowed administrative claims (up to $3.5 million) and solely to the extent settlement payments to the Trustee under Toggle 2 are insufficient to satisfy such allowed admins (up to $3.5 million). Moreover, any allocation of the amount to be subordinated between HGC and Corpac based on their respective liens (if any) shall be determined by the Court or the agreement of HGC and Corpac. |

|  | **Allowed General Unsecured Claims**<br><br>Allowed General Unsecured Claims shall receive pro rata distributions until such claims are paid in full.<br><br>Class B Claims shall receive pro rata distributions from the Liquidating Trust Assets after all other Allowed General Unsecured Claims are paid in full. |
|---|---|

Dated: May 25, 2021

**William R. Greendyke, Chapter 11 Trustee for Permico Midstream Partners Holdings, LLC and Permico Midstream Partners, LLC**


By:_____
     William R. Greendyke
     Chapter 11 Trustee


**HGC Midstream Inv, LLC**


By:_____


**Permico Energia, LLC**


By: _____


**Corpac Steel Products Corp.**


By:_____

- 20 -

**Edgen Murray Corporation**


By:_____


**Permico Founders, LLC**


By:_____